Mark J. Austin (SBN 208880)
E-mail: maustin@bwslaw.com
Michelle H. Le (SBN 304264)
E-mail: mle@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CITY OF TORRANCE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>    Defendant. | Case No. 2:24-cv-07692<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |

I, Bernadette C. Antle, certify and declare as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032, which is located in the city, county and state where the mailing described below took place.

3. On September 10, 2024, I deposited in the United States Mail at Irvine, California, the Notice to Adverse Parties of Removal to Federal Court dated September 10, 2024, a copy of which is attached to this Certificate; copies of the Notice of Removal, Declaration of Mark J. Austin in Support of Notice of Removal, Civil Cover Sheet, and Notice of Interested Parties, ECF Document Nos. 1-4, upon

counsel for Plaintiff Maria Salazar, Christian Cardona of Cardona Law Firm APC, 600 W. Santa Ana Blvd., Ste. 790, Santa Ana, CA 92701, and Dale K. Galipo of Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Ste. 310, Woodland Hills, CA 91367.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th  day of September, 2024, at Irvine, California.

_____
BERNADETTE C. ANTLE

1  Mark J. Austin (SBN 208880)
   E-mail: maustin@bwslaw.com
2  Michelle H. Le (SBN 304264)
   E-mail: mle@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, California 90071-2953
   Tel: 213.236.0600    Fax: 213.236.2700
5
   Attorneys for Defendant
6  CITY OF TORRANCE

*FILING FEE EXEMPT PURSUANT TO
GOVERNMENT CODE § 6103*

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2024 11:36 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11 MARIA SALAZAR,                          Case No. 24LBCV01306

12            Plaintiff,                    *[Assigned to Hon. Mark C. Kim, Dept. S27]*

13       v.                                 **NOTICE TO ADVERSE PARTIES OF
                                            REMOVAL TO FEDERAL COURT**
14 CITY OF TORRANCE, RYAN CADIZ, AND
   JOHN ESCARENO JR.,
15
              Defendants.                   Action Filed:     June 21, 2024
16                                          Trial:            None set

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1      **TO THE CLERK OF THE SUPERIOR COURT AND TO ALL ADVERSE**

2    **PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the United

4    States District Court for the Central District of California, on September 9, 2024, under Federal

5    Case Number **2:24-cv-07692**.  The Notice of Removal is identified as U.S. District Court Docket

6    No. 1 under the same Federal Case Number.

7      A copy of said Notice of Removal with supporting papers is attached to this Notice, and is

8    served and filed herewith.  This Notice is given pursuant to 28 U.S.C. § 1446(d).

9

10   Dated:  September 10, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

11

12                                               By: _____

13                                                    Mark J. Austin
                                                     Michelle H. Le
14

15                                                   Attorneys for Defendant
                                                     CITY OF TORRANCE
16

17

18

19

20

21

22

23

24

25

26

27

28

1   Mark J. Austin (SBN 208880)
    E-mail: maustin@bwslaw.com
2   Michelle H. Le (SBN 304264)
    E-mail: mle@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, California 90071-2953
    Tel: 213.236.0600  Fax: 213.236.2700
5
6   Attorneys for Defendant
    CITY OF TORRANCE
7
8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10

| 11 | MARIA SALAZAR, | Case No. |
| 12 | Plaintiff, | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446** |
| 13 | v. | |
| 14 | CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR., | **(Federal Question and Supplemental Jurisdiction)** |
| 15 | Defendants. | *[Filed concurrently with Declaration of Mark J. Austin; Civil Cover Sheet; Notice of Interested Parties]* |
| 16 | | |
| 17 | | |

18
19
20
21
22
23
24
25
26
27
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant City of Torrance ("Torrance") hereby serves notice of its removal of the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  This Notice of Removal is supported by the concurrently-filed Declaration of Mark J. Austin ("Austin Decl.").  The grounds for removal are as follows:

## I.

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On June 21, 2024, an action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled *Maria Salazar v. City of Torrance, et al.*, Case No. 24LBCV01306 ("Action"). (Austin Decl., ¶ 4.)

2.      On June 26, 2024, copies of the Summons and Complaint in the Action were served on Torrance.  True and correct copies of the Summons and Complaint are attached to the Austin Declaration as Exhibit A. (Austin Decl., ¶ 4.)

3.      Based upon the Declaration of Christian Cardona (Plaintiff's counsel), filed on September 9, 2024 in the Action, and representation from Co-Defendant Ryan Cadiz, Cadiz has not been served with the Summons and Complaint to date. A true and correct copy of the Declaration of Christian Cardona, filed on September 9, 2024 in the Action, is attached to the Austin Declaration as Exhibit B. (Austin Decl., ¶¶ 5, 11.)

4.      Also based upon the Declaration of Christian Cardona, filed on September 9, 2024 in the Action, Co-Defendant John Escareno, Jr. has not been served with the Summons and Complaint to date either. (Austin Decl., ¶ 6.)

5.      On August 8, 2024, Plaintiff Maria Salazar filed a First Amended Complaint ("FAC").  A true and correct copy of the FAC is attached to the Austin

Declaration as Exhibit C. (Austin Decl., ¶ 7.)

6.      Plaintiff added four new claims to the FAC.  Two of the new claims are
federal claims: Fourth Amendment - Excessive Force (42 U.S.C. § 1983) and
Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983). (Austin
Decl., ¶ 7.)

7.      On August 8, 2024, Torrance's counsel received a copy of the FAC via
email.  Pursuant to a prior agreement between Torrance's counsel and Plaintiff's
counsel, Torrance's counsel agreed to accept electronic service of the FAC on
Torrance as of that date. (Austin Decl., ¶ 8.)

8.      Based upon the Declaration of Christian Cardona, filed on September
9, 2024 in the Action, and representation from Cadiz, Cadiz has not been served
with the FAC to date. (Austin Decl., ¶¶ 9, 11.)

9.      The Los Angeles County Superior Court's Case Access website for the
Action does not reflect that Plaintiff filed a proof of service for the Summons,
Complaint, or FAC as to Cadiz to date. (Austin Decl., ¶ 10.)

10.     Also based upon the Declaration of Christian Cardona, filed on
September 9, 2024 in the Action, Escareno has not been served with the FAC to date
either. (Austin Decl., ¶ 13.)

11.     The Los Angeles County Superior Court's Case Access website for the
Action also does not reflect that Plaintiff filed a proof of service for the Summons,
Complaint, or FAC as to Escareno to date. (Austin Decl., ¶ 13.)

12.     Pursuant to 28 U.S.C. § 1446(a), the documents comprising Exhibits A,
B, C, and E constitute all process, pleadings, and orders served upon or by Torrance
in the Action. (Austin Decl.  ¶¶ 4-5, 7. 14-15.)

///

///

///

///

## II.

## TIMELINESS OF REMOVAL

13.     Torrance was served with the Summons and initial Complaint on June 26, 2024. (Austin Decl., ¶ 4.)

14.     As set forth above, Torrance received the FAC on August 8, 2023 via email and agreed to accept electronic service of the FAC on that date. (Austin Decl., ¶ 8.)

15.     Also set forth above, the FAC included two new federal claims for the very first time, making the Action removable pursuant to 28 U.S.C. § 1441(c)(1)(A). (Austin Decl., ¶ 7.)

16.     This Notice of Removal is timely filed within thirty (30) days of receipt of the FAC pursuant to 28 U.S.C. § 1446(b)(1).

## III.

## JURISDICTION AND GROUNDS FOR REMOVAL (FEDERAL QUESTION)

17.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1441(a) and (c)(1)(A) in that it arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. "[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). The Action arises from Plaintiff's allegations that she suffered violations of 42 U.S.C. § 1983 in that she was subjected to excessive force as a "violation of her rights under the Fourth Amendment," and "deprived [] of her liberty without due process of law in violation of the Fourteenth Amendment." (FAC at ¶¶ 76, 83.)

///

///

**IV.**

**REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1367(a)**

**(SUPPLEMENTAL JURISDICTION)**

18.    This Court has supplemental jurisdiction over all claims in that they are so related to the federal claims discussed above that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).  Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative facts," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

19.    In addition to the federal claims, the FAC states causes of action for: (1) Motor Vehicle Negligence; (2) General Negligence; (3) Strict Liability for Ultrahazardous Activities; (4) Intentional Infliction of Emotional Distress; (5) Negligent Infliction of Emotional Distress; and (6) Battery.  Plaintiff's state law claims are based on the same "common nucleus of operative facts," namely, they arise from the same collision wherein Plaintiff alleges she suffered violations of 42 U.S.C. § 1983 in that she was subjected to excessive force as a "violation of her rights under the Fourth Amendment," and "deprived [] of her liberty without due process of law in violation of the Fourteenth Amendment." (FAC at ¶¶ 76, 83.) Accordingly, the entire Action is removable under this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

**V.**

**VENUE**

20.    Venue is proper in the United States District Court for the Central District of California in that it is the district court of the United States for the district embracing the Los Angeles County Superior Court, which is the place where the Action was originally filed and is currently pending. 28 U.S.C. § 1441(a).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

## VI.

## <u>ABSENCE OF CO-DEFENDANTS EXPLAINED</u>

21.    The remaining co-defendants—Cadiz and Escareno—do not need to consent to this removal, nor do they need to file a Joinder to this Notice of Removal because they have not been served and have not made appearances in the Action. Those named as defendants, but not yet served in the state court action, need not join the notice of removal. *See Destfino v. Reiswig*, 630 F3d 952, 955 (9th Cir. 2011); *see also Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F2d 270, 272 (7th Cir. 1982); *Gossmeyer v. McDonald*, 128 F3d 481, 489 (7th Cir. 1997). (Austin Decl. ¶¶ 5-6, 9-13.)

## VII.

## <u>NOTICE TO STATE COURT AND ALL ADVERSE PARTIES</u>

22.    Promptly after filing this Notice of Removal with the Court, Torrance will give notice to all adverse parties, including Plaintiff, and file a copy with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).

## VIII.

## <u>CONCLUSION</u>

23.    Defendant City of Torrance requests that the above-entitled Action now pending in the Superior Court of the State of California for the County of Los Angeles, Case No. 24LBCV01306, be removed from that court to this United States District Court.

///
///
///
///

Dated: September 9, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By: _____/s/ Mark J. Austin_____

Mark J. Austin
Michelle H. Le

Attorneys for Defendant
CITY OF TORRANCE

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 24LBCV01306
MARIA SALAZAR VS CITY OF TORRANCE, ET AL.

**Filing Courthouse:** Governor George Deukmejian Courthouse

**Filing Date:** 06/21/2024
**Case Type:** Motor Vehicle - Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/16/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Order to Show Cause Re: Failure to File Proof of Service

**11/21/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CADIZ RYAN **-** Defendant

CARDONA CHRISTIAN **-** Attorney for Plaintiff

CITY OF TORRANCE **-** Defendant

ESCARENO JOHN JR **-** Defendant

GALIPO DALE KRISTOPHER **-** Attorney for Plaintiff

SALAZAR MARIA **-** Plaintiff

SIMON MARILYN **-** Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)
**09/09/2024** Minute Order ( (Order to Show Cause Re: Failure to File Proof of Service))
Filed by Clerk

**09/09/2024** Declaration (of Christian Cardona)
Filed by Maria Salazar (Plaintiff)

**08/08/2024** Amended Complaint ( ( 1st))
Filed by Maria Salazar (Plaintiff)

**08/06/2024** Association of Attorney
Filed by Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service
Filed by Maria Salazar (Plaintiff)

**06/24/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**06/24/2024** Notice of Case Management Conference
Filed by Clerk

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**06/21/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**06/21/2024** Civil Case Cover Sheet
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Summons (on Complaint)
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Complaint
Filed by Maria Salazar (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/09/2024** Declaration of Christian Cardona; Filed by: Maria Salazar (Plaintiff)

**09/09/2024** Minute Order (Order to Show Cause Re: Failure to File Proof of Service)

**09/09/2024** On the Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27 Held - Continued was rescheduled to 10/16/2024 08:30 AM

**08/08/2024** Amended Complaint (1st); Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant)

**08/06/2024** Association of Attorney; Filed by: Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Service Cost Waived: No; Service Cost: 110.00; Proof of Mailing Date: 06/27/2024

**06/24/2024** Notice of Case Management Conference; Filed by: Clerk

**06/24/2024** Case assigned to Hon. Mark C. Kim in Department S27 Governor George Deukmejian Courthouse

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 10/16/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**06/24/2024** Case Management Conference scheduled for 11/21/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**06/21/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**06/21/2024** Civil Case Cover Sheet; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Summons on Complaint; Issued and Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Complaint; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
South District, Governor George Deukmejian Courthouse, Department S27

**24LBCV01306**                                             September 9, 2024
**MARIA SALAZAR vs CITY OF TORRANCE, et al.**                        8:30 AM

Judge: Honorable Mark C. Kim                  CSR: None
Judicial Assistant: B. Viola                 ERM: None
Courtroom Assistant: B. Jones                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Shannon Leap and Christian Cardona (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Failure to File Proof of Service

Matter is called for hearing.

Order to Show Cause is held and the Court notes that no proof of service has been filed.

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 is continued to 10/16/24 at 08:30 AM in Department S27 at Governor George Deukmejian Courthouse.

There will be no further continuances for proof of service.

Plaintiff is to give notice.

Christian Cardona, Esq. (SBN 345715)
**CARDONA LAW FIRM APC**
600 W. Santa Ana Blvd Ste 790
Santa Ana, CA 92701
Phone: (714)953-3107
Fax: (714)953-3119
Email: Christian@cardonafirm.com

**SUPERIOR COURT OF THE STATE OF CLAIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MARIA SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR., MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>    Defendants. | Case No.: 24LBCV01306<br><br>**PLAINTIFF'S DEMAND FOR INITIAL DISCLOSURES PURSUANT TO CCP § 2016.090 TO DEFENDANT CITY OF TORRANCE**<br><br>*Complaint Filed: 6/21/24*<br>*Hon: Mark C. Kim*<br>*Dept: S27* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands, pursuant to Code of Civil Procedure Section 2016.090, that Defendant CITY OF TORRANCE provide, <u>within 60 days of this demand</u>, to all parties in the case, Defendants' initial disclosures, including all of the following information:

(A) The names, addresses, telephone numbers, and email addresses of all persons likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, or that is relevant to the subject matter of the action or the order on any motion made in that action, unless the use would be solely for impeachment. The disclosure required by this subparagraph is not required to include persons who are expert trial witnesses or are retained as consultants who may later be designated as expert trial witnesses, as that term is described in Chapter 18 (commencing with Section 2034.010) of Title 4 of Part 4.

(B) A copy, or a description by category and location, of all documents, electronically

1   stored information, and tangible things that the disclosing party has in its possession, custody, or

2   control and may use to support its claims or defenses, or that is relevant to the subject matter of

3   the action or the order on any motion made in that action, unless the use would be solely for

4   impeachment.

5          (C) Any contractual agreement and any insurance policy under which an insurance

6   company may be liable to satisfy, in whole or in part, a judgment entered in the action or to

7   indemnify or reimburse for payments made to satisfy the judgment.

8          (D) Any and all contractual agreements and any and all insurance policies under which a

9   person, as defined in Section 175 of the Evidence Code, may be liable to satisfy, in whole or in

10  part, a judgment entered in the action or to indemnify or reimburse for payments made to satisfy

11  the judgment. Only those provisions of an agreement that are material to the terms of the

12  insurance,

13  indemnification, or reimbursement are required to be included in the initial disclosure. Material

14  provisions include, but are not limited to, the identities of parties to the agreement, the nature and

15  limits of the coverage, and any and all documents regarding whether any insurance carrier is

16  disputing the agreement's or policy's coverage of the claim involved in the action.

17         **PLEASE TAKE NOTICE** that as to the manner of disclosures, pursuant to Code of Civil

18  Procedure Sections 2016.090(a)(2) and (a)(5), the law sets forth two requirements for the party

19  making the disclosures:

20         (2) A party shall make its initial disclosures based on the information then reasonably

21  available to it. A party is not excused from making its initial disclosures because it has not fully

22  investigated the case, because it challenges the sufficiency of another party's disclosures, or

23  because another party has not made its disclosures.

24         (5) A party's disclosures under this section shall be verified either in a written declaration

25  by the party or the party's authorized representative, or signed by the party's counsel.

26  ///

27  ///

28  ///

DATED:  July 11, 2024

**Cardona Law Firm APC**

Christian Cardona, Esq.
Attorney for Maria Salazar

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Orange. I am over the age of eighteen and am not a party to the action; my business address is 600 W. Santa Ana Blvd Ste 790, Santa Ana, CA 92701

On July 11, 2024, I served the foregoing documents described as set forth below on the interested parties in this action by transmitting [ ] the original [✓] a true copy thereof as follows:

**DOCUMENT(S) SERVED:** **PLAINTIFF'S DEMAND FOR INITIALDISCLOSURES PURSUANT TO CCP §2016.090**

**PARTY(S) SERVED:** **City of Torrance**
**Jeanne-Marie K. Litvin**
**Deputy City Attorney**
**3031 Torrance Blvd, Torrance, CA 90503**
**JLitvin@torranceCA.gov**

[X] BY MAIL (ENCLOSED IN A SEALED ENVELOPE): I deposited the envelope(s) for mailing in the ordinary course of business at Santa Ana, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Ana, California.

[] BY ELECTRONIC MAIL: I sent such document via email to the address(es) noted above [per agreement by all counsel of service by email].

[] BY FAX: I Caused such document via fax to the following number(s):

[] FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2024, at Santa Ana, California.

/s/ Christian Cardona
Christian Cardona

**RECEIVED**

JUL 1 6 2024

**CITY ATTORNEY**

MC-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Christian Cardona (SBN345715)<br>Cardona Law Firm APC<br>600 W. Santa Ana Blvd Ste 790<br>Santa Ana, CA 92701 | FOR COURT USE ONLY |
| TELEPHONE NO.: 714-953-3107   FAX NO. *(Optional)*: 714-953-3119<br>E-MAIL ADDRESS *(Optional)*: Christian@cardonafirm.com<br>ATTORNEY FOR *(Name)*: Maria Salazar | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**9/09/2024 12:00 AM**<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Ballesteros, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 275 Magnolia Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Long Beach, CA 90802<br>BRANCH NAME: Governor George Deukmejian Courthouse | |
| PLAINTIFF/PETITIONER: Maria Salazar | |
| DEFENDANT/RESPONDENT: City of Torrance, et al. | |

| | |
|---|---|
| **DECLARATION** | CASE NUMBER:<br>24LBCV01306 |

I, Christian Cardona, Declare as follows:

1) I am the attorney of record for Maria Salazar,

2) I'm licensed to practice law in the state of California.

3) On August 8, 2024, Plaintiff filed her first amended complaint. Plaintiff removed defendant Marilyn Simon from the first amended complaint.

4) Plaintiff filed a proof of service by substitute service as to defendant City of Torrance on June 28, 2024.

5) The location of Defendant John Escareno Jr. is currently unknown to Plaintiff. Plaintiff is making a diligent effort to find his location.

6) On September 6, 2024, Plaintiff attempted to serve defendant Ryan Cadiz, at Torrance Police Department. Plaintiff is making additional attempts. See attached Exhibit "A" .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/8/2024

Christian Cardona
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☑ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify)*:

**DECLARATION**

# EXHIBIT A



☰ ONE LEGAL | An InfoTrack Company (/Dashboard)



ONE LEGAL

# Order #23651962: Process Serve

Submitted: 9/3/2024 2:28 PM PT

 **In Progress**

**Service Level: Standard**
Last day to serve: 9/06/2024

**MESSAGE FROM ONE LEGAL:** The process server has completed service attempt #1 and details are available in the Service Attempts section below. The server will make another attempt within the time frame of the service level you selected. This status will update and you will receive an email after the next attempt.

## Documents

### Returned (0)

Your confirmation report will be available here once the serve is complete.

### Your Files (4)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Complaint | Complaint | 12 | Uploaded |
| Summons | Summons | 1 | Uploaded |
| Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location | Civil Case Cover Sheet | 7 | Uploaded |
| Alternative Dispute Resolution Information Package | Attachment | 2 | Uploaded |

## Service Attempts

Attempt #1 | Fri, 9/6/2024 1:26 PM PT | 3300 Civic Center Dr (Business) | Attempt Photo(s)

**Unsuccessful Attempt** - Police officer called the summons officer waited waited for ten minutes summon officer did not show up

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

***Attorneys for Plaintiff,***
***Maria Salazar***

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SALAZAR,<br><br>                   Plaintiff,<br><br>   v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>                   Defendants. | **Case No.: 24LBCV01306**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **MOTOR VEHICLE NEGLIGENCE;**<br>2. **GENERAL NEGLIGENCE;**<br>3. **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES;**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **BATTERY**<br>7. **FOURTH AMENDMENT— EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>8. **FOURTEENTH AMENDMENT— SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR DAMAGES
1

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1.      Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2.      Plaintiff, informed and believes and based thereon alleges that Defendant, CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3.      Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4.      Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5.      Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6.      Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

**<u>JURISDICTION AND VENUE</u>**

7.      The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

8.      The Court has jurisdiction over this action because Defendants CADIZ and ESCARENO reside in the State of California, County of Los Angeles.

9.      Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

Venue is proper in this Court because Defendants CADIZ and ESCARENO are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

10.      Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

11.      This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

12.      CADIZ was the driver of the Torrance Police Department patrol vehicle involved in the COLLISION and through employment by TORRANCE.

13.      ESCARENO was the driver of the allegedly carjacked vehicle involved in the COLLISION.

14.      Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

15.      The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ and ESCARENO.

16.      Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver)

not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

17.    Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

18.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

19. Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

20. As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## **FIRST CAUSE OF ACTION**

### **Motor Vehicle Negligence**

### **Against all Defendants**

21. Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

22. Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

23. Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 2180l, 21950. Such conduct constitutes negligence per se.

24. Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

25. Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

26. Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

27.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

57.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SECOND CAUSE OF ACTION

### General Negligence

### Against all Defendants

28.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

29.     Defendants owed Plaintiff a duty to act with reasonable and due care.

30.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

31.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

32.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

33.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of this Court.

34.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

35.     Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

36.     Defendants' conduct was negligent.

37.     Plaintiff suffered serious emotional distress.

38.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

39.     Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

40.     Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

41.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## THIRD CAUSE OF ACTION

### Strict Liability for Ultrahazardous Activities

### Against Defendants TORRANCE and CADIZ

42.     Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

43.     Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is

ultrahazardous is a question of law to be determined by the court." Luthringer v. Moore (1948) 31 Cal.2d 489, 496.

44.    Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

45.    Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

46.    Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

58.    Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against Defendants TORRANCE and CADIZ

47.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

48.    Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

49.    Defendants' conduct was outrageous towards Plaintiff.

50.    Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

51.    Plaintiff suffered severe emotional distress as a direct and proximate result.

52.    Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## **FIFTH CAUSE OF ACTION**

### **Negligent Infliction of Emotional Distress**

### **Against Defendants TORRANCE and CADIZ**

59.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

60.     Defendants owed Plaintiff a duty of care to avoid negligently causing her emotional distress.

61.     Defendants breached that duty by engaging in negligent conduct, including but not limited to the improper use of Pursuit Intervention Techniques (PIT maneuver) and Vehicle Intervention not in accordance with TPD Policy Manual, as well as the negligent operation of motor vehicles.

62.     Plaintiff was present at the scene of the dangerous conduct when it occurred and was aware that it was causing injury to her.

63.     As a result of Defendants' negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of Defendants' conduct.

64.     Plaintiff's emotional distress has resulted in physical symptoms including, but not limited to, anxiety, depression, sleeplessness, and physical pain.

65.     Defendants' negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

66.     As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering, all to her general damage in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court.

67.     As a further proximate result of Defendants' negligence, Plaintiff has incurred and continues to incur medical expenses, therapy expenses, and other special damages in an amount according to proof at trial.

68.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a

public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Battery

### Against Defendants TORRANCE and CADIZ

69.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

70.     Defendant CADIZ, while acting within the course and scope of his employment with Defendant TORRANCE, intentionally performed an act that resulted in harmful contact with Plaintiff's person.

71.     Plaintiff did not consent to the contact.

72.     Plaintiff was harmed by Defendant CADIZ's conduct.

73.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

74.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### Against Defendant CADIZ

75.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

76.     Defendant CADIZ, acting under color of state law, used excessive and unreasonable force against Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

77.     The PIT maneuver executed by Defendant CADIZ was itself unreasonable under the circumstances. The suspect's vehicle was already decelerating and likely to stop without

intervention. A PIT maneuver is only justified when a dangerous pursuit is expected to continue otherwise. Moreover, any purported need for immediate termination of the pursuit did not outweigh the significant risk of injury or death to bystanders, including Plaintiff, that the PIT maneuver posed.

78.     Plaintiff was injured as a direct result of this unreasonable use of force. The collision caused by the PIT maneuver directly led to Plaintiff's injuries when she was struck as a pedestrian.

79.     Defendant CADIZ's actions were objectively unreasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

80.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

81.     The conduct of Defendant CADIZ was done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

### EIGHTH CAUSE OF ACTION

**Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)**

**Against Defendant CADIZ**

82.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

83.     Defendant CADIZ, acting under color of state law, deprived Plaintiff of her liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

84.     Upon information and belief, Defendant CADIZ had time to deliberate and this was not a split-second decision made in the heat of the moment.

85.     Defendant CADIZ was deliberately indifferent to the harm that would be caused to Plaintiff by the PIT maneuver. He knew or should have known that executing the maneuver would risk severe injury or death to bystanders like Plaintiff.

86.     Defendant CADIZ acted with a purpose to harm Plaintiff because he executed the PIT maneuver despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need, as the suspect was already slowing down and stopping his vehicle.

87.     Defendant CADIZ's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights.

88.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

B.     For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C.     For exemplary and punitive damages in an amount to be proven at trial;

D.     For reasonable attorneys' fees, including litigation expenses;

D.     For costs of suit; and

E.     For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED:  August 8, 2024

_____
Dale K. Galipo
**LAW OFFICES OF DALE K. GALIPO**
Christian Cardona, Esq.
**CARDONA LAW FIRM APC**

Attorneys for Plaintiff
Maria Salazar

FIRST AMENDED COMPLAINT FOR DAMAGES
12

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR., MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA SALAZAR

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

CITY CLERK
'24 JUN 26 PM 3:54

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

CASE NUMBER:
*(Número del Caso):*
24LBCV01306

Governor George Deukmejian Courthouse, 275 Magnolia Ave, Long Beach, CA 90802

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian Cardona, 600 W. Santa Ana Blvd Ste. 790, Santa Ana , CA 92701. (714)953-3107

| DATE: | Clerk, by David W. Slayton, Executive Officer/Clerk of Court, | Deputy |
|---|---|---|
| *(Fecha)* 06/21/2024 | *(Secretario)* A. Miranda | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* City of Torrance

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 416.50 (Public Entity)
4. ☐ by personal delivery on *(date):* 6/26/24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

Attorney for Plaintiff,
MARIA SALAZAR

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR., MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No.: 24LBCV01306<br><br>**COMPLAINT FOR:**<br>**1. MOTOR VEHICLE NEGLIGENCE;**<br>**2. GENERAL NEGLIGENCE;**<br>**3. STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES;**<br>**4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1.      Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2.      Plaintiff, informed and believes and based thereon alleges that Defendant,

CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3. Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4. Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5. Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6. Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

7. Plaintiff, informed and believes and based thereon alleges that Defendant, MARILYN SIMON ("SIMON") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

8. Defendant SIMON is an adult female. SIMON was the owner of the vehicle allegedly carjacked by ESCARENO which was involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 50 (hereinafter "Doe Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said DOE Defendants under such fictitious names under Section 474 of the Code of Civil Procedure. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and therefore alleges, that each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences hereinafter alleged

and that Plaintiff's damages as hereinafter set for the were legally caused by said DOE Defendants and DOE Defendants hereinafter collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

11.     The Court has jurisdiction over this action because Defendants CADIZ, ESCARENO JR., and SIMON reside in the State of California, County of Los Angeles.

12.     Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

13.     Venue is proper in this Court because Defendants CADIZ, ESCARENO JR., and SIMON are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

14.     Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

15.     This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

16.     CADIZ was the driver of the Torrance Police Department patrol involved in the COLLISION and through employment by TORRANCE.

CARDONA LAW FIRM APC

17. ESCARENO JR. was the driver of the allegedly carjacked vehicle involved in the COLLISION.

18. SIMON was the owner of the vehicle, a silver Toyota Prius, that was allegedly carjacked and involved in the COLLISION.

19. Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

20. The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ, ESCARENO JR., SIMON, and DOES 1-50.

21. Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver) not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO JR. which was owned by SIMON and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

22. Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

23. Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the

TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO JR. which was owned by SIMON. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

24.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

25.     As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### (Motor Vehicle Negligence)

### Against all Defendants and DOES 1-50

26.     Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

27.     Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

28.     Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 21801, 21950. Such conduct constitutes *negligence per se*.

COMPLAINT FOR DAMAGES

5

CARDONA LAW FIRM APC

29.     Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

30.     Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

31.     Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

32.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (General Negligence)

### Against all Defendants and DOES 1-50

33.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

34.     Defendants owed Plaintiff a duty to act with reasonable and due care.

35.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

36.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

37.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

38.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of

COMPLAINT FOR DAMAGES
6

this Court.

39.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

40.     Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

41.     Defendants' conduct was negligent.

42.     Plaintiff suffered serious emotional distress.

43.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

44.     Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

45.     Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

## THIRD CAUSE OF ACTION

### (Strict Liability for Ultrahazardous Activities)

### Against Defendants TORRANCE, CADIZ, ESCARENO JR, and DOES 1-50

46.     Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

47.     Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use

COMPLAINT FOR DAMAGES

7

of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is ultrahazardous is a question of law to be determined by the court." *Luthringer v. Moore* (1948) 31 Cal.2d 489, 496.

48. Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

49. Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

50. Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### Against Defendants TORRANCE, CADIZ, ESCARENO JR, and DOES 1-50

51. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

52. Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

53. Defendants' conduct was outrageous towards Plaintiff.

54. Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

55. Plaintiff suffered severe emotional distress as a direct and proximate result.

56. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

CARDONA LAW FIRM APC

B. For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C. For exemplary and punitive damages in an amount to be proven at trial;

D. For costs of suit herein incurred; and

E. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED: May 17, 2024

CARDONA LAW FIRM APC

Christian Cardona, Esq.
Attorney for Plaintiff
MARIA SALAZAR

CARDONA LAW FIRM APC

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Christian Cardona, Esq. (SBN 345715)<br>Cardona Law Firm APC, 600 W. Santa Ana Blvd Ste 790, Santa Ana, CA 92701<br><br>TELEPHONE NO.: 714-953-3107          FAX NO.: 714-953-3119<br>EMAIL ADDRESS: Christian@cardonafirm.com<br>ATTORNEY FOR *(Name):* MARIA SALAZAR | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/21/2024 4:42 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME:
MARIA SALAZAR v. CITY OF TORRANCE, ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited       [ ] Limited<br>(Amount             (Amount<br>demanded            demanded is<br>exceeds $35,000)    $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **24LBCV01306**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [X] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve              courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence              court
                                                              f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/29/2024
Christian Cardona, Esq.
_____                    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2014]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

| A.<br>Civil Case Cover Sheet Case Type | B.<br>Type of Action<br>(check only one) | C.<br>Applicable Reasons (see Step 3 above) |
|---|---|---|
| | ☐ 2307 Construction Accidents | 1, 4 |
| | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |

**Other Personal Injury/ Property Damage/ Wrongful Death**

| A. | B. | C. |
|---|---|---|
| Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | ☐ 2402 Product Liability -- Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| Medical Malpractice (45) | ☐ 4501 Medical Malpractice -- Physicians & Surgeons | 1, 4 |
| | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |

**Non-Personal Injury/Property Damage/Wrongful Death Tort**

| A. | B. | C. |
|---|---|---|
| Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |

**Employment**

| A. | B. | C. |
|---|---|---|
| Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ 1502 Labor Commissioner Appeals | 10 |

**Contract**

| A. | B. | C. |
|---|---|---|
| Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>**(Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>            Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE<br>MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | CASE NUMBER<br>24LBCV01306 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Vermont Ave & Sepulveda BlvdWest Carson, CA 90502 |
|---|---|

| CITY:<br>West Carson | STATE:<br>CA | ZIP CODE:<br>90502 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __06/28/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for Issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to Issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/21/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____A. Miranda_____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | **CASE NUMBER:**<br>24LBCV01306 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Mark C. Kim | S27 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      David W. Slayton, Executive Officer / Clerk of Court

on __06/24/2024__                                  By A. Miranda _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06                    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

*Attorneys for Plaintiff,*
*Maria Salazar*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SALAZAR,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>     Defendants. | Case No.: 24LBCV01306<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  **MOTOR VEHICLE NEGLIGENCE;**<br>2.  **GENERAL NEGLIGENCE;**<br>3.  **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES;**<br>4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5.  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6.  **BATTERY**<br>7.  **FOURTH AMENDMENT— EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>8.  **FOURTEENTH AMENDMENT— SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1.     Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2.     Plaintiff, informed and believes and based thereon alleges that Defendant, CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3.     Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4.     Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5.     Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6.     Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

**<u>JURISDICTION AND VENUE</u>**

7.     The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

8.     The Court has jurisdiction over this action because Defendants CADIZ and ESCARENO reside in the State of California, County of Los Angeles.

9.      Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

Venue is proper in this Court because Defendants CADIZ and ESCARENO are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

10.      Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

11.      This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

12.      CADIZ was the driver of the Torrance Police Department patrol vehicle involved in the COLLISION and through employment by TORRANCE.

13.      ESCARENO was the driver of the allegedly carjacked vehicle involved in the COLLISION.

14.      Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

15.      The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ and ESCARENO.

16.      Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver)

not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

17.    Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

18.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

19.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

20.     As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### Motor Vehicle Negligence

### Against all Defendants

21.     Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

22.     Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

23.     Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 2180l, 21950. Such conduct constitutes negligence per se.

24.     Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

25.     Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

26.     Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

27.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

57.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

### SECOND CAUSE OF ACTION

**General Negligence**

**Against all Defendants**

28.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

29.     Defendants owed Plaintiff a duty to act with reasonable and due care.

30.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

31.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

32.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

33.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of this Court.

34.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

35.     Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

36.     Defendants' conduct was negligent.

37.     Plaintiff suffered serious emotional distress.

38.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

39.     Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

40.     Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

41.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

**THIRD CAUSE OF ACTION**

**Strict Liability for Ultrahazardous Activities**

**Against Defendants TORRANCE and CADIZ**

42.     Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

43.     Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is

ultrahazardous is a question of law to be determined by the court." Luthringer v. Moore (1948) 31 Cal.2d 489, 496.

44.    Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

45.    Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

46.    Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

58.    Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## **FOURTH CAUSE OF ACTION**

### **Intentional Infliction of Emotional Distress**

### **Against Defendants TORRANCE and CADIZ**

47.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

48.    Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

49.    Defendants' conduct was outrageous towards Plaintiff.

50.    Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

51.    Plaintiff suffered severe emotional distress as a direct and proximate result.

52.    Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**Against Defendants TORRANCE and CADIZ**

59.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

60.     Defendants owed Plaintiff a duty of care to avoid negligently causing her emotional distress.

61.     Defendants breached that duty by engaging in negligent conduct, including but not limited to the improper use of Pursuit Intervention Techniques (PIT maneuver) and Vehicle Intervention not in accordance with TPD Policy Manual, as well as the negligent operation of motor vehicles.

62.     Plaintiff was present at the scene of the dangerous conduct when it occurred and was aware that it was causing injury to her.

63.     As a result of Defendants' negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of Defendants' conduct.

64.     Plaintiff's emotional distress has resulted in physical symptoms including, but not limited to, anxiety, depression, sleeplessness, and physical pain.

65.     Defendants' negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

66.     As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering, all to her general damage in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court.

67.     As a further proximate result of Defendants' negligence, Plaintiff has incurred and continues to incur medical expenses, therapy expenses, and other special damages in an amount according to proof at trial.

68.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a

public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Battery

### Against Defendants TORRANCE and CADIZ

69.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

70.     Defendant CADIZ, while acting within the course and scope of his employment with Defendant TORRANCE, intentionally performed an act that resulted in harmful contact with Plaintiff's person.

71.     Plaintiff did not consent to the contact.

72.     Plaintiff was harmed by Defendant CADIZ's conduct.

73.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

74.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### Against Defendant CADIZ

75.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

76.     Defendant CADIZ, acting under color of state law, used excessive and unreasonable force against Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

77.     The PIT maneuver executed by Defendant CADIZ was itself unreasonable under the circumstances. The suspect's vehicle was already decelerating and likely to stop without

intervention. A PIT maneuver is only justified when a dangerous pursuit is expected to continue otherwise. Moreover, any purported need for immediate termination of the pursuit did not outweigh the significant risk of injury or death to bystanders, including Plaintiff, that the PIT maneuver posed.

78. Plaintiff was injured as a direct result of this unreasonable use of force. The collision caused by the PIT maneuver directly led to Plaintiff's injuries when she was struck as a pedestrian.

79. Defendant CADIZ's actions were objectively unreasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

80. As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

81. The conduct of Defendant CADIZ was done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)

### Against Defendant CADIZ

82. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

83. Defendant CADIZ, acting under color of state law, deprived Plaintiff of her liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

84. Upon information and belief, Defendant CADIZ had time to deliberate and this was not a split-second decision made in the heat of the moment.

85. Defendant CADIZ was deliberately indifferent to the harm that would be caused to Plaintiff by the PIT maneuver. He knew or should have known that executing the maneuver would risk severe injury or death to bystanders like Plaintiff.

86.     Defendant CADIZ acted with a purpose to harm Plaintiff because he executed the PIT maneuver despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need, as the suspect was already slowing down and stopping his vehicle.

87.     Defendant CADIZ's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights.

88.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

B.      For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C.      For exemplary and punitive damages in an amount to be proven at trial;

D.      For reasonable attorneys' fees, including litigation expenses;

D.      For costs of suit; and

E.      For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED:  August 8, 2024

Dale K. Galipo
**LAW OFFICES OF DALE K. GALIPO**
Christian Cardona, Esq.
**CARDONA LAW FIRM APC**

Attorneys for Plaintiff
Maria Salazar

FIRST AMENDED COMPLAINT FOR DAMAGES

12

MC-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Christian Cardona (SBN345715)<br>Cardona Law Firm APC<br>600 W. Santa Ana Blvd Ste 790<br>Santa Ana, CA 92701 | FOR COURT USE ONLY |
| TELEPHONE NO.: 714-953-3107  FAX NO. *(Optional):* 714-953-3119<br>E-MAIL ADDRESS *(Optional):* Christian@cardonafirm.com<br>ATTORNEY FOR *(Name):* Maria Salazar | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>9/09/2024 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Ballesteros, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 275 Magnolia Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Long Beach, CA 90802<br>BRANCH NAME: Governor George Deukmejian Courthouse | |
| PLAINTIFF/PETITIONER: Maria Salazar | |
| DEFENDANT/RESPONDENT: City of Torrance, et al. | |

| | |
|---|---|
| **DECLARATION** | CASE NUMBER:<br>24LBCV01306 |

I, Christian Cardona, Declare as follows:

1) I am the attorney of record for Maria Salazar,

2) I'm licensed to practice law in the state of California.

3) On August 8, 2024, Plaintiff filed her first amended complaint. Plaintiff removed defendant Marilyn Simon from the first amended complaint.

4) Plaintiff filed a proof of service by substitute service as to defendant City of Torrance on June 28, 2024.

5) The location of Defendant John Escareno Jr. is currently unknown to Plaintiff. Plaintiff is making a diligent effort to find his location.

6) On September 6, 2024, Plaintiff attempted to serve defendant Ryan Cadiz, at Torrance Police Department. Plaintiff is making additional attempts. See attached Exhibit "A" .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/8/2024

Christian Cardona
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☑ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):*

Christian Cardona, Esq. (SBN 345715)
**CARDONA LAW FIRM APC**
600 W. Santa Ana Blvd Ste 790
Santa Ana, CA 92701
Phone: (714)953-3107
Fax: (714)953-3119
Email: Christian@cardonafirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUPERIOR COURT OF THE STATE OF CLAIRIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SALAZAR,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR., MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>      Defendants. | Case No.: 24LBCV01306<br><br>**PLAINTIFF'S DEMAND FOR INITIAL DISCLOSURES PURSUANT TO CCP § 2016.090 TO DEFENDANT CITY OF TORRANCE**<br><br>*Complaint Filed: 6/21/24*<br>*Hon: Mark C. Kim*<br>*Dept: S27* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands, pursuant to Code of Civil Procedure Section 2016.090, that Defendant CITY OF TORRANCE provide, <u>within 60 days of this demand</u>, to all parties in the case, Defendants' initial disclosures, including all of the following information:

(A) The names, addresses, telephone numbers, and email addresses of all persons likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, or that is relevant to the subject matter of the action or the order on any motion made in that action, unless the use would be solely for impeachment. The disclosure required by this subparagraph is not required to include persons who are expert trial witnesses or are retained as consultants who may later be designated as expert trial witnesses, as that term is described in Chapter 18 (commencing with Section 2034.010) of Title 4 of Part 4.

(B) A copy, or a description by category and location, of all documents, electronically

1   stored information, and tangible things that the disclosing party has in its possession, custody, or

2   control and may use to support its claims or defenses, or that is relevant to the subject matter of

3   the action or the order on any motion made in that action, unless the use would be solely for

4   impeachment.

5   (C) Any contractual agreement and any insurance policy under which an insurance

6   company may be liable to satisfy, in whole or in part, a judgment entered in the action or to

7   indemnify or reimburse for payments made to satisfy the judgment.

8   (D) Any and all contractual agreements and any and all insurance policies under which a

9   person, as defined in Section 175 of the Evidence Code, may be liable to satisfy, in whole or in

10  part, a judgment entered in the action or to indemnify or reimburse for payments made to satisfy

11  the judgment. Only those provisions of an agreement that are material to the terms of the

12  insurance,

13  indemnification, or reimbursement are required to be included in the initial disclosure. Material

14  provisions include, but are not limited to, the identities of parties to the agreement, the nature and

15  limits of the coverage, and any and all documents regarding whether any insurance carrier is

16  disputing the agreement's or policy's coverage of the claim involved in the action.

17  **PLEASE TAKE NOTICE** that as to the manner of disclosures, pursuant to Code of Civil

18  Procedure Sections 2016.090(a)(2) and (a)(5), the law sets forth two requirements for the party

19  making the disclosures:

20  (2) A party shall make its initial disclosures based on the information then reasonably

21  available to it. A party is not excused from making its initial disclosures because it has not fully

22  investigated the case, because it challenges the sufficiency of another party's disclosures, or

23  because another party has not made its disclosures.

24  (5) A party's disclosures under this section shall be verified either in a written declaration

25  by the party or the party's authorized representative, or signed by the party's counsel.

26  ///

27  ///

28  ///

1   DATED:  July 11, 2024                **Cardona Law Firm APC**

2

3

4                                               **Christian Cardona, Esq.**
                                              **Attorney for Maria Salazar**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Orange. I am over the age of eighteen and am not a party to the action; my business address is 600 W. Santa Ana Blvd Ste 790, Santa Ana, CA 92701

On July 11, 2024, I served the foregoing documents described as set forth below on the interested parties in this action by transmitting [ ] the original [✓] a true copy thereof as follows:

**DOCUMENT(S) SERVED:**     **PLAINTIFF'S DEMAND FOR INITIALDISCLOSURES PURSUANT TO CCP §2016.090**

**PARTY(S) SERVED:**     **City of Torrance**
**Jeanne-Marie K. Litvin**
**Deputy City Attorney**
**3031 Torrance Blvd, Torrance, CA 90503**
**JLitvin@torranceCA.gov**

[X]     BY MAIL (ENCLOSED IN A SEALED ENVELOPE): I deposited the envelope(s) for mailing in the ordinary course of business at Santa Ana, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Ana, California.

[]     BY ELECTRONIC MAIL: I sent such document via email to the address(es) noted above [per agreement by all counsel of service by email].

[]     BY FAX: I Caused such document via fax to the following number(s):

[]     FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2024, at Santa Ana, California.

/s/ Christian Cardona
Christian Cardona

**RECEIVED**

JUL 1 6 2024

**CITY ATTORNEY**

**EXHIBIT A**



 | An InfoTrack Company (/Dashboard)

 ONE LEGAL

# Order #23651962: Process Serve

Submitted: 9/3/2024 2:28 PM PT

## In Progress

**Service Level: Standard**
Last day to serve: 9/06/2024

**MESSAGE FROM ONE LEGAL:** The process server has completed service attempt #1 and details are available in the Service Attempts section below. The server will make another attempt within the time frame of the service level you selected. This status will update and you will receive an email after the next attempt.

## Documents

### Returned (0)

Your confirmation report will be available here once the serve is complete.

### Your Files (4)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Complaint | Complaint | 12 | Uploaded |
| Summons | Summons | 1 | Uploaded |
| Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location | Civil Case Cover Sheet | 7 | Uploaded |
| Alternative Dispute Resolution Information Package | Attachment | 2 | Uploaded |

## Service Attempts

Attempt #1 | Fri, 9/6/2024 1:26 PM PT | 3300 Civic Center Dr (Business) | Attempt Photo(s)

**Unsuccessful Attempt** - Police officer called the summons officer waited waited for ten minutes summon officer did not show up

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
South District, Governor George Deukmejian Courthouse, Department S27

**24LBCV01306**                                                                 September 9, 2024
**MARIA SALAZAR vs CITY OF TORRANCE, et al.**                                          8:30 AM

Judge: Honorable Mark C. Kim                    CSR: None
Judicial Assistant: B. Viola                    ERM: None
Courtroom Assistant: B. Jones                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Shannon Leap and Christian Cardona (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Failure to File Proof of Service

Matter is called for hearing.

Order to Show Cause is held and the Court notes that no proof of service has been filed.

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 is continued to 10/16/24 at 08:30 AM in Department S27 at Governor George Deukmejian Courthouse.

There will be no further continuances for proof of service.

Plaintiff is to give notice.

# CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 24LBCV01306
MARIA SALAZAR VS CITY OF TORRANCE, ET AL.

**Filing Courthouse:** Governor George Deukmejian Courthouse

**Filing Date:** 06/21/2024
**Case Type:** Motor Vehicle - Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/16/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Order to Show Cause Re: Failure to File Proof of Service

**11/21/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Case Management Conference

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CADIZ RYAN **-** Defendant

CARDONA CHRISTIAN **-** Attorney for Plaintiff

CITY OF TORRANCE **-** Defendant

ESCARENO JOHN JR **-** Defendant

GALIPO DALE KRISTOPHER **-** Attorney for Plaintiff

SALAZAR MARIA **-** Plaintiff

SIMON MARILYN **-** Defendant

# DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Documents Filed (Filing dates listed in descending order)
**09/09/2024** Minute Order ( (Order to Show Cause Re: Failure to File Proof of Service))
Filed by Clerk

**09/09/2024** Declaration (of Christian Cardona)
Filed by Maria Salazar (Plaintiff)

**08/08/2024** Amended Complaint ( ( 1st))
Filed by Maria Salazar (Plaintiff)

**08/06/2024** Association of Attorney
Filed by Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service
Filed by Maria Salazar (Plaintiff)

**06/24/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**06/24/2024** Notice of Case Management Conference
Filed by Clerk

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**06/21/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**06/21/2024** Civil Case Cover Sheet
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Summons (on Complaint)
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Complaint
Filed by Maria Salazar (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/09/2024** Declaration of Christian Cardona; Filed by: Maria Salazar (Plaintiff)

**09/09/2024** Minute Order (Order to Show Cause Re: Failure to File Proof of Service)

**09/09/2024** On the Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27 Held - Continued was rescheduled to 10/16/2024 08:30 AM

**08/08/2024** Amended Complaint (1st); Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant)

**08/06/2024** Association of Attorney; Filed by: Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Service Cost Waived: No; Service Cost: 110.00; Proof of Mailing Date: 06/27/2024

**06/24/2024** Notice of Case Management Conference; Filed by: Clerk

**06/24/2024** Case assigned to Hon. Mark C. Kim in Department S27 Governor George Deukmejian Courthouse

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 10/16/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**06/24/2024** Case Management Conference scheduled for 11/21/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**06/21/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**06/21/2024** Civil Case Cover Sheet; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Summons on Complaint; Issued and Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Complaint; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) MARIA SALAZAR | DEFENDANTS ( Check box if you are representing yourself ☐ ) CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR. |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Los Angeles *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Los Angeles *(IN U.S. PLAINTIFF CASES ONLY)* |
| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. Christian Cardona Cardona Law Firm 600 W. Santa Ana Blvd., Ste 790 Santa Ana, CA 92701 Tel. 714.953.3107; christian@cardonafirm.com | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. Mark J. Austin; Michelle H. Le Burke, Williams & Sorensen LLP 444 S. Flower Street, Suite 2400, Los Angeles, CA 90071 Tel. 213.236.0600; maustin@bwslaw.com; mle@bwslaw.com |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1983.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☒ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➔ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➔ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➔ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➔ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➔ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➔ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX (a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX (b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO  ☐ YES

If yes, list case number(s): _____

**If yes, you must file a Notice of Related Cases. See Local Rule 83-1.3.**

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF**: Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory or injunctive relief on a statewide or nationwide basis?  ☒ NO  ☐ YES

**If yes, see Local Rule 83-11 for additional requirements.**

---

**XI. SIGNATURE OF ATTORNEY**

**(OR SELF-REPRESENTED LITIGANT):** Mark J. Austin  DATE: 09/09/2024

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1  Mark J. Austin (SBN 208880)
   E-mail: maustin@bwslaw.com
2  Michelle H. Le (SBN 304264)
   E-mail: mle@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, California 90071-2953
   Tel: 213.236.0600 Fax: 213.236.2700
5
   Attorneys for Defendant
6  CITY OF TORRANCE

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 MARIA SALAZAR,                          Case No.

12           Plaintiff,                    **DECLARATION OF MARK J.
                                           AUSTIN IN SUPPORT OF NOTICE
13      v.                                 OF REMOVAL**

14 CITY OF TORRANCE, RYAN                  *[Filed concurrently with Notice of
   CADIZ, AND JOHN ESCARENO JR.,*          *Removal; Civil Cover Sheet; Notice of*
15                                         *Interested Parties]*
             Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    1
                  DECLARATION OF MARK J. AUSTIN

I, Mark J. Austin, declare as follows:

1.      I am an attorney at law duly authorized to practice before all of the courts of the State of California.  I am also authorized to practice in the United States District Court, Central District of California.  I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendant City of Torrance ("Torrance") in this matter.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Torrance's Notice of Removal.

2.      I am the lead attorney responsible for representing Torrance in the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles.  I am also the lead attorney responsible for representing Co-Defendant Ryan Cadiz in the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles.

3.      I will also be the lead attorney responsible for representing Defendants Torrance and Cadiz in this case, if the case is properly removed to this United States District Court.

4.      On June 21, 2024, an action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled *Maria Salazar v. City of Torrance, et al*., Case No. 24LBCV01306 ("Action").  On June 26, 2024, copies of the Summons and Complaint in the Action were served on Torrance.  True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

5.      I understand from the Declaration of Christian Cardona (Plaintiff's counsel), filed on September 9, 2024 in the Action, and also from my client, Ryan Cadiz, that he has not been served with the Summons and Complaint to date.  A true and correct copy of the Declaration of Christian Cardona, filed on September 9, 2024 in the Action, is attached hereto as **Exhibit B**.

6.      I also understand from the Declaration of Christian Cardona, filed on

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

September 9, 2024 in the Action, that Co-Defendant John Escareno, Jr. has not been served with the Summons and Complaint to date.

7.    On August 8, 2024, Plaintiff Maria Salazar filed a First Amended Complaint ("FAC").  Plaintiff added four new claims to the FAC.  Two of the new claims are federal claims: Fourth Amendment - Excessive Force (42 U.S.C. § 1983) and Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983).  A true and correct copy of the FAC is attached hereto as **Exhibit C** pursuant to 28 U.S.C. § 1446(a).

8.    On August 8, 2024, I received a copy of the FAC via email from Plaintiff's counsel, Cooper Allison-Mayne of The Law Offices of Dale K. Galipo. Pursuant to a prior agreement between the Office of the City Attorney for the City of Torrance and Plaintiff's counsel, I agreed to accept electronic service of the FAC on Torrance as of that date.

9.    I understand from the Declaration of Christian Cardona, dated September 9, 2024 and filed in the Action, and also from my client, Ryan Cadiz, that he has not been served with the FAC to date.

10.    The Los Angeles County Superior Court's Case Access website for the Action does not reflect that Plaintiff filed a proof of service for the Summons, Complaint, or FAC as to Cadiz to date.  A true and correct copy of the Los Angeles County Superior Court's Case Access website for the Action is attached hereto as **Exhibit D**.

11.    As counsel for Defendants Torrance and Cadiz, I am authorized to certify that Cadiz has not been served in the Action, nor has he made an appearance in the Action.  Had he been served, he would consent and join in the removal of the Action to federal court.

12.    My office does not represent the remaining defendant, Escareno.

13.    I understand from the Declaration of Christian Cardona, dated September 9, 2024 and filed in the Action, that Escareno has not been served with

the Summons, Complaint, or FAC to date either.  The Los Angeles County Superior Court's Case Access website for the Action also does not reflect that Plaintiff filed a proof of service for the Summons, Complaint, or FAC as to Escareno to date. *See* **Exhibit D**.

14.     The documents that constitute the remaining process, pleadings, and orders served upon or by Torrance are attached hereto as **Exhibit E**.

15.     Pursuant to 28 U.S.C. § 1446(a), the documents comprising Exhibits A, B, C, and E constitute all process, pleadings, and orders served upon or by Torrance in the Superior Court of the State of California for the County of Los Angeles in the Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of September, 2024, at Los Angeles, California.

_____

Mark J. Austin

*Exhibit A*

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR.,
MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA SALAZAR

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk**

CITY CLERK
'24 JUN 26 PM3:54

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Los Angeles County Superior Court

Governor George Deukmejian Courthouse, 275 Magnolia Ave, Long
Beach, CA 90802

CASE NUMBER:
*(Número del Caso):*
24LBCV01306

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian Cardona, 600 W. Santa Ana Blvd Ste. 790, Santa Ana , CA 92701. (714)953-3107

DATE:
*(Fecha)* 06/21/2024

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* _____ A. Miranda _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* City of Torrance

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 416.50 (Public Entity)

4. ☐ by personal delivery on *(date):*

6/26/24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

Attorney for Plaintiff,
MARIA SALAZAR

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2024 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

MARIA SALAZAR,

       Plaintiff,

    v.

CITY OF TORRANCE, RYAN CADIZ, JOHN
ESCARENO JR., MARILYN SIMON, AND
DOES 1 THROUGH 50, INCLUSIVE,

       Defendants.

Case No.: 24LBCV01306

**COMPLAINT FOR:**
1. **MOTOR VEHICLE NEGLIGENCE;**
2. **GENERAL NEGLIGENCE;**
3. **STRICT LIABILITY FOR
   ULTRAHAZARDOUS ACTIVITIES;**
4. **INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1. Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2. Plaintiff, informed and believes and based thereon alleges that Defendant,

CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3.    Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4.    Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5.    Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6.    Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

7.    Plaintiff, informed and believes and based thereon alleges that Defendant, MARILYN SIMON ("SIMON") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

8.    Defendant SIMON is an adult female. SIMON was the owner of the vehicle allegedly carjacked by ESCARENO which was involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 50 (hereinafter "Doe Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said DOE Defendants under such fictitious names under Section 474 of the Code of Civil Procedure. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and therefore alleges, that each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences hereinafter alleged

CARDONA LAW FIRM APC

and that Plaintiff's damages as hereinafter set for the were legally caused by said DOE Defendants and DOE Defendants hereinafter collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

11. The Court has jurisdiction over this action because Defendants CADIZ, ESCARENO JR., and SIMON reside in the State of California, County of Los Angeles.

12. Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

13. Venue is proper in this Court because Defendants CADIZ, ESCARENO JR., and SIMON are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

14. Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

15. This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

16. CADIZ was the driver of the Torrance Police Department patrol involved in the COLLISION and through employment by TORRANCE.

CARDONA LAW FIRM APC

CARDONA LAW FIRM APC

17. ESCARENO JR. was the driver of the allegedly carjacked vehicle involved in the COLLISION.

18. SIMON was the owner of the vehicle, a silver Toyota Prius, that was allegedly carjacked and involved in the COLLISION.

19. Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

20. The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ, ESCARENO JR., SIMON, and DOES 1-50.

21. Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver) not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO JR. which was owned by SIMON and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

22. Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

23. Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the

TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO JR. which was owned by SIMON. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

24.    Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

25.    As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### (Motor Vehicle Negligence)

### Against all Defendants and DOES 1-50

26.    Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

27.    Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

28.    Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 21801, 21950. Such conduct constitutes *negligence per se*.

COMPLAINT FOR DAMAGES
5

29.     Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

30.     Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

31.     Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

32.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (General Negligence)

### Against all Defendants and DOES 1-50

33.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

34.     Defendants owed Plaintiff a duty to act with reasonable and due care.

35.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

36.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

37.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

38.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of

CARDONA LAW FIRM APC

this Court.

39. Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

40. Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

41. Defendants' conduct was negligent.

42. Plaintiff suffered serious emotional distress.

43. Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

44. Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

45. Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

### THIRD CAUSE OF ACTION

#### (Strict Liability for Ultrahazardous Activities)

#### Against Defendants TORRANCE, CADIZ, ESCARENO JR, and DOES 1-50

46. Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

47. Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use

of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is ultrahazardous is a question of law to be determined by the court." *Luthringer v. Moore* (1948) 31 Cal.2d 489, 496.

48. Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

49. Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

50. Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### Against Defendants TORRANCE, CADIZ, ESCARENO JR, and DOES 1-50

51. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

52. Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

53. Defendants' conduct was outrageous towards Plaintiff.

54. Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

55. Plaintiff suffered severe emotional distress as a direct and proximate result.

56. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

CARDONA LAW FIRM APC

B.      For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C.      For exemplary and punitive damages in an amount to be proven at trial;

D.      For costs of suit herein incurred; and

E.      For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury.

DATED: May 17, 2024            **CARDONA LAW FIRM APC**

Christian Cardona, Esq.
Attorney for Plaintiff
MARIA SALAZAR

CM-010

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Christian Cardona, Esq. (SBN 346715)<br>Cardona Law Firm APC, 600 W. Santa Ana Blvd Ste 790, Santa Ana, CA 92701 | | **FOR COURT USE ONLY** |

TELEPHONE NO.: 714-953-3107    FAX NO.: 714-953-3119
EMAIL ADDRESS: Christian@cardonafirm.com
ATTORNEY FOR *(Name):* MARIA SALAZAR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**6/21/2024 4:42 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By A. Miranda, Deputy Clerk**

CASE NAME:
MARIA SALAZAR v. CITY OF TORRANCE, ET AL.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited        [ ] Limited<br>(Amount              (Amount<br>demanded            demanded is<br>exceeds $35,000)    $35,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **24LBCV01306**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [X] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve            courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence            court
                                                             f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/29/2024
Christian Cardona, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶ _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

SHORT TITLE
MARIA SALAZAR v. CITY OF TORRANCE, ET AL.

CASE NUMBER
24LBCV01306

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/<br>Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real<br>Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer<br>– Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Post Foreclosure<br>(34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer<br>– Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture<br>(05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re<br>Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial<br>Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIA SALAZAR v. CITY OF TORRANCE, ET AL. | 24LBCV01306 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Vermont Ave & Sepulveda BlvdWest Carson, CA 90502 |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| West Carson | CA | 90502 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/29/2024

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may _not_ be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**06/21/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Miranda _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

**CASE NUMBER:**
24LBCV01306

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Mark C. Kim | S27 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on 06/24/2024 _____          By A. Miranda _____, Deputy Clerk
　(Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Exhibit B*

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christian Cardona (SBN345715)<br>Cardona Law Firm APC<br>600 W. Santa Ana Blvd Ste 790<br>Santa Ana, CA 92701 | |
| TELEPHONE NO.: 714-953-3107　FAX NO. *(Optional):* 714-953-3119<br>E-MAIL ADDRESS *(Optional):* Christian@cardonafirm.com<br>ATTORNEY FOR *(Name):* Maria Salazar | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**9/09/2024 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By J. Ballesteros, Deputy Clerk** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 275 Magnolia Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Long Beach, CA 90802<br>BRANCH NAME: Governor George Deukmejian Courthouse | |
| PLAINTIFF/PETITIONER: Maria Salazar | |
| DEFENDANT/RESPONDENT: City of Torrance, et al. | |
| **DECLARATION** | CASE NUMBER:<br>24LBCV01306 |

I, Christian Cardona, Declare as follows:

1) I am the attorney of record for Maria Salazar,

2) I'm licensed to practice law in the state of California.

3) On August 8, 2024, Plaintiff filed her first amended complaint. Plaintiff removed defendant Marilyn Simon from the first amended complaint.

4) Plaintiff filed a proof of service by substitute service as to defendant City of Torrance on June 28, 2024.

5) The location of Defendant John Escareno Jr. is currently unknown to Plaintiff. Plaintiff is making a diligent effort to find his location.

6) On September 6, 2024, Plaintiff attempted to serve defendant Ryan Cadiz, at Torrance Police Department. Plaintiff is making additional attempts. See attached Exhibit "A" .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/8/2024

Christian Cardona
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☑ Attorney for　☑ Plaintiff　☐ Petitioner　☐ Defendant
☐ Respondent　☐ Other *(Specify):*

**EXHIBIT A**





ONE LEGAL

## Order #23651962: Process Serve

Submitted: 9/3/2024 2:28 PM PT

 **In Progress**

**Service Level:** Standard
Last day to serve: 9/06/2024

**MESSAGE FROM ONE LEGAL:** The process server has completed service attempt #1 and details are available in the Service Attempts section below. The server will make another attempt within the time frame of the service level you selected. This status will update and you will receive an email after the next attempt.

## Documents

### Returned (0)

Your confirmation report will be available here once the serve is complete.

### Your Files (4)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Complaint | Complaint | 12 | Uploaded |
| Summons | Summons | 1 | Uploaded |
| Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location | Civil Case Cover Sheet | 7 | Uploaded |
| Alternative Dispute Resolution Information Package | Attachment | 2 | Uploaded |

## Service Attempts

Attempt #1  |  Fri, 9/6/2024 1:26 PM PT  |  3300 Civic Center Dr (Business)  |  Attempt Photo(s)

**Unsuccessful Attempt** - Police officer called the summons officer waited waited for ten minutes summon officer did not show up

*Exhibit C*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

*Attorneys for Plaintiff,*
*Maria Salazar*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SALAZAR,<br><br>     Plaintiff,<br><br> v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>     Defendants. | **Case No.: 24LBCV01306**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  **MOTOR VEHICLE NEGLIGENCE;**<br>2.  **GENERAL NEGLIGENCE;**<br>3.  **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES;**<br>4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5.  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6.  **BATTERY**<br>7.  **FOURTH AMENDMENT— EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>8.  **FOURTEENTH AMENDMENT— SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1.      Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2.      Plaintiff, informed and believes and based thereon alleges that Defendant, CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3.      Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4.      Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5.      Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6.      Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

**<u>JURISDICTION AND VENUE</u>**

7.      The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

8.      The Court has jurisdiction over this action because Defendants CADIZ and ESCARENO reside in the State of California, County of Los Angeles.

FIRST AMENDED COMPLAINT FOR DAMAGES
2

9.      Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

Venue is proper in this Court because Defendants CADIZ and ESCARENO are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

10.      Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

11.      This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

12.      CADIZ was the driver of the Torrance Police Department patrol vehicle involved in the COLLISION and through employment by TORRANCE.

13.      ESCARENO was the driver of the allegedly carjacked vehicle involved in the COLLISION.

14.      Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

15.      The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ and ESCARENO.

16.      Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver)

not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

17.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

18.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

19.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

20.     As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### Motor Vehicle Negligence

### Against all Defendants

21.     Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

22.     Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

23.     Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 21801, 21950. Such conduct constitutes negligence per se.

24.     Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

25.     Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

26.     Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

27.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

57.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SECOND CAUSE OF ACTION

### General Negligence

### Against all Defendants

28.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

29.     Defendants owed Plaintiff a duty to act with reasonable and due care.

30.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

31.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

32.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

33.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of this Court.

34.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

35.     Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

36.     Defendants' conduct was negligent.

37.     Plaintiff suffered serious emotional distress.

38.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

39.     Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

40.     Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

41.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

### THIRD CAUSE OF ACTION

**Strict Liability for Ultrahazardous Activities**

**Against Defendants TORRANCE and CADIZ**

42.     Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

43.     Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is

ultrahazardous is a question of law to be determined by the court." Luthringer v. Moore (1948) 31 Cal.2d 489, 496.

44.    Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

45.    Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

46.    Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

58.    Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against Defendants TORRANCE and CADIZ

47.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

48.    Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

49.    Defendants' conduct was outrageous towards Plaintiff.

50.    Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

51.    Plaintiff suffered severe emotional distress as a direct and proximate result.

52.    Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## **FIFTH CAUSE OF ACTION**

### **Negligent Infliction of Emotional Distress**

### **Against Defendants TORRANCE and CADIZ**

59.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

60.     Defendants owed Plaintiff a duty of care to avoid negligently causing her emotional distress.

61.     Defendants breached that duty by engaging in negligent conduct, including but not limited to the improper use of Pursuit Intervention Techniques (PIT maneuver) and Vehicle Intervention not in accordance with TPD Policy Manual, as well as the negligent operation of motor vehicles.

62.     Plaintiff was present at the scene of the dangerous conduct when it occurred and was aware that it was causing injury to her.

63.     As a result of Defendants' negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of Defendants' conduct.

64.     Plaintiff's emotional distress has resulted in physical symptoms including, but not limited to, anxiety, depression, sleeplessness, and physical pain.

65.     Defendants' negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

66.     As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering, all to her general damage in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court.

67.     As a further proximate result of Defendants' negligence, Plaintiff has incurred and continues to incur medical expenses, therapy expenses, and other special damages in an amount according to proof at trial.

68.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a

public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Battery

### Against Defendants TORRANCE and CADIZ

69.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

70.    Defendant CADIZ, while acting within the course and scope of his employment with Defendant TORRANCE, intentionally performed an act that resulted in harmful contact with Plaintiff's person.

71.    Plaintiff did not consent to the contact.

72.    Plaintiff was harmed by Defendant CADIZ's conduct.

73.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

74.    Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### Against Defendant CADIZ

75.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

76.    Defendant CADIZ, acting under color of state law, used excessive and unreasonable force against Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

77.    The PIT maneuver executed by Defendant CADIZ was itself unreasonable under the circumstances. The suspect's vehicle was already decelerating and likely to stop without

intervention. A PIT maneuver is only justified when a dangerous pursuit is expected to continue otherwise. Moreover, any purported need for immediate termination of the pursuit did not outweigh the significant risk of injury or death to bystanders, including Plaintiff, that the PIT maneuver posed.

78.     Plaintiff was injured as a direct result of this unreasonable use of force. The collision caused by the PIT maneuver directly led to Plaintiff's injuries when she was struck as a pedestrian.

79.     Defendant CADIZ's actions were objectively unreasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

80.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

81.     The conduct of Defendant CADIZ was done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)

### Against Defendant CADIZ

82.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

83.     Defendant CADIZ, acting under color of state law, deprived Plaintiff of her liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

84.     Upon information and belief, Defendant CADIZ had time to deliberate and this was not a split-second decision made in the heat of the moment.

85.     Defendant CADIZ was deliberately indifferent to the harm that would be caused to Plaintiff by the PIT maneuver. He knew or should have known that executing the maneuver would risk severe injury or death to bystanders like Plaintiff.

86.     Defendant CADIZ acted with a purpose to harm Plaintiff because he executed the PIT maneuver despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need, as the suspect was already slowing down and stopping his vehicle.

87.     Defendant CADIZ's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights.

88.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

B.     For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C.     For exemplary and punitive damages in an amount to be proven at trial;

D.     For reasonable attorneys' fees, including litigation expenses;

D.     For costs of suit; and

E.     For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED:  August 8, 2024

_____
Dale K. Galipo
**LAW OFFICES OF DALE K. GALIPO**
Christian Cardona, Esq.
**CARDONA LAW FIRM APC**

Attorneys for Plaintiff
Maria Salazar

FIRST AMENDED COMPLAINT FOR DAMAGES

12

*Exhibit D*

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 24LBCV01306
MARIA SALAZAR VS CITY OF TORRANCE, ET AL**.**

**Filing Courthouse:** Governor George Deukmejian Courthouse

**Filing Date:** 06/21/2024
**Case Type:** Motor Vehicle - Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/16/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Order to Show Cause Re: Failure to File Proof of Service

**11/21/2024** at 08:30 AM in Department S27 at 275 Magnolia, Long Beach, CA 90802
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CADIZ RYAN **-** Defendant

CARDONA CHRISTIAN **-** Attorney for Plaintiff

CITY OF TORRANCE **-** Defendant

ESCARENO JOHN JR **-** Defendant

GALIPO DALE KRISTOPHER **-** Attorney for Plaintiff

SALAZAR MARIA **-** Plaintiff

SIMON MARILYN **-** Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**09/09/2024** Minute Order ( (Order to Show Cause Re: Failure to File Proof of Service))
Filed by Clerk

**09/09/2024** Declaration (of Christian Cardona)
Filed by Maria Salazar (Plaintiff)

**08/08/2024** Amended Complaint ( ( 1st))
Filed by Maria Salazar (Plaintiff)

**08/06/2024** Association of Attorney
Filed by Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service
Filed by Maria Salazar (Plaintiff)

**06/24/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**06/24/2024** Notice of Case Management Conference
Filed by Clerk

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**06/21/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**06/21/2024** Civil Case Cover Sheet
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Summons (on Complaint)
Filed by Maria Salazar (Plaintiff)

**06/21/2024** Complaint
Filed by Maria Salazar (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/09/2024** Declaration of Christian Cardona; Filed by: Maria Salazar (Plaintiff)

**09/09/2024** Minute Order (Order to Show Cause Re: Failure to File Proof of Service)

**09/09/2024** On the Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27 Held - Continued was rescheduled to 10/16/2024 08:30 AM

**08/08/2024** Amended Complaint (1st); Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant)

**08/06/2024** Association of Attorney; Filed by: Maria Salazar (Plaintiff)

**06/28/2024** Proof of Service by Substituted Service; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Service Cost Waived: No; Service Cost: 110.00; Proof of Mailing Date: 06/27/2024

**06/24/2024** Notice of Case Management Conference; Filed by: Clerk

**06/24/2024** Case assigned to Hon. Mark C. Kim in Department S27 Governor George Deukmejian Courthouse

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 10/16/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/24/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**06/24/2024** Case Management Conference scheduled for 11/21/2024 at 08:30 AM in Governor George Deukmejian Courthouse at Department S27

**06/21/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**06/21/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**06/21/2024** Civil Case Cover Sheet; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Summons on Complaint; Issued and Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

**06/21/2024** Complaint; Filed by: Maria Salazar (Plaintiff); As to: City of Torrance (Defendant); Ryan Cadiz (Defendant); John Escareno, Jr (Defendant) et al.

*Exhibit E*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S27

**24LBCV01306**                                               September 9, 2024
**MARIA SALAZAR vs CITY OF TORRANCE, et al.**                  8:30 AM

Judge: Honorable Mark C. Kim                CSR: None
Judicial Assistant: B. Viola                ERM: None
Courtroom Assistant: B. Jones               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Shannon Leap and Christian Cardona (Telephonic)

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Failure to File Proof of Service

Matter is called for hearing.

Order to Show Cause is held and the Court notes that no proof of service has been filed.

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/09/2024 is continued to 10/16/24 at 08:30 AM in Department S27 at Governor George Deukmejian Courthouse.

There will be no further continuances for proof of service.

Plaintiff is to give notice.

---

Minute Order                                                Page 1 of 1

Christian Cardona, Esq. (SBN 345715)
**CARDONA LAW FIRM APC**
600 W. Santa Ana Blvd Ste 790
Santa Ana, CA 92701
Phone: (714)953-3107
Fax: (714)953-3119
Email: Christian@cardonafirm.com

**SUPERIOR COURT OF THE STATE OF CLAIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MARIA SALAZAR,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, RYAN CADIZ, JOHN ESCARENO JR., MARILYN SIMON, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>     Defendants. | Case No.: 24LBCV01306<br><br>**PLAINTIFF'S DEMAND FOR INITIAL DISCLOSURES PURSUANT TO CCP § 2016.090 TO DEFENDANT CITY OF TORRANCE**<br><br>*Complaint Filed: 6/21/24*<br>*Hon: Mark C. Kim*<br>*Dept: S27* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands, pursuant to Code of Civil Procedure Section 2016.090, that Defendant CITY OF TORRANCE provide, <u>within 60 days of this demand</u>, to all parties in the case, Defendants' initial disclosures, including all of the following information:

(A) The names, addresses, telephone numbers, and email addresses of all persons likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, or that is relevant to the subject matter of the action or the order on any motion made in that action, unless the use would be solely for impeachment. The disclosure required by this subparagraph is not required to include persons who are expert trial witnesses or are retained as consultants who may later be designated as expert trial witnesses, as that term is described in Chapter 18 (commencing with Section 2034.010) of Title 4 of Part 4.

(B) A copy, or a description by category and location, of all documents, electronically

1    stored information, and tangible things that the disclosing party has in its possession, custody, or
2    control and may use to support its claims or defenses, or that is relevant to the subject matter of
3    the action or the order on any motion made in that action, unless the use would be solely for
4    impeachment.

5    (C) Any contractual agreement and any insurance policy under which an insurance
6    company may be liable to satisfy, in whole or in part, a judgment entered in the action or to
7    indemnify or reimburse for payments made to satisfy the judgment.

8    (D) Any and all contractual agreements and any and all insurance policies under which a
9    person, as defined in Section 175 of the Evidence Code, may be liable to satisfy, in whole or in
10   part, a judgment entered in the action or to indemnify or reimburse for payments made to satisfy
11   the judgment. Only those provisions of an agreement that are material to the terms of the
12   insurance,
13   indemnification, or reimbursement are required to be included in the initial disclosure. Material
14   provisions include, but are not limited to, the identities of parties to the agreement, the nature and
15   limits of the coverage, and any and all documents regarding whether any insurance carrier is
16   disputing the agreement's or policy's coverage of the claim involved in the action.

17   **PLEASE TAKE NOTICE** that as to the manner of disclosures, pursuant to Code of Civil
18   Procedure Sections 2016.090(a)(2) and (a)(5), the law sets forth two requirements for the party
19   making the disclosures:

20   (2) A party shall make its initial disclosures based on the information then reasonably
21   available to it. A party is not excused from making its initial disclosures because it has not fully
22   investigated the case, because it challenges the sufficiency of another party's disclosures, or
23   because another party has not made its disclosures.

24   (5) A party's disclosures under this section shall be verified either in a written declaration
25   by the party or the party's authorized representative, or signed by the party's counsel.

26   ///
27   ///
28   ///

DATED:  July 11, 2024

**Cardona Law Firm APC**

Christian Cardona, Esq.
Attorney for Marla Salazar

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Orange. I am over the age of eighteen and am not a party to the action; my business address is 600 W. Santa Ana Blvd Ste 790, Santa Ana, CA 92701

On July 11, 2024, I served the foregoing documents described as set forth below on the interested parties in this action by transmitting [ ] the original [✓] a true copy thereof as follows:

**DOCUMENT(S) SERVED:**    **PLAINTIFF'S DEMAND FOR INITIALDISCLOSURES PURSUANT TO CCP §2016.090**

**PARTY(S) SERVED:**    **City of Torrance**
**Jeanne-Marie K. Litvin**
**Deputy City Attorney**
**3031 Torrance Blvd, Torrance, CA 90503**
**JLitvin@torranceCA.gov**

[X]    BY MAIL (ENCLOSED IN A SEALED ENVELOPE): I deposited the envelope(s) for mailing in the ordinary course of business at Santa Ana, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Ana, California.

[]    BY ELECTRONIC MAIL: I sent such document via email to the address(es) noted above [per agreement by all counsel of service by email].

[]    BY FAX: I Caused such document via fax to the following number(s):

[]    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2024, at Santa Ana, California.

/s/ Christian Cardona
Christian Cardona

RECEIVED

JUL 1 6 2024

CITY ATTORNEY

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Mark J. Austin; Michelle H. Le (SBN 208880; 304264)
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue
Irvine, CA 92612
Tel. 949.863.3363
Fax 949.863.3350
maustin@bwslaw.com; mle@bwslaw.com

ATTORNEY(S) FOR: Defendant City of Torrance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Maria Salazar

Plaintiff(s),

v.

City of Torrance, Ryan Cadiz, and John Escareno, Jr.

Defendant(s)

CASE NUMBER:

**CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)**

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for   Defendant City of Torrance
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Plaintiff Maria Salazar | Plaintiff |
| Defendant City of Torrance | Defendant |
| Defendant Ryan Cadiz | Defendant |
| Defendant John Escareno, Jr. | Defendant |

September 9, 2024
Date

Signature
Mark J. Austin

Attorney of record for (or name of party appearing in pro per):

Defendant City of Torrance

1

## PROOF OF SERVICE

2

**Salazar v. City of Torrance, et al.**
**Case No. 24LBCV01306**

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

6

7

On September 10, 2024, I served true copies of the following document(s) described as **NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

8

9

LAW OFFICES OF DALE K. GALIPO            Attorneys for Plaintiff
Dale K. Galipo (SBN 144074)                      MARIA SALAZAR
dalekgalipo@yahoo.com

10

21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367

11

Phone: (818) 347-3333

12

13

CARDONA LAW FIRM APC
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790

14

Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119

15

Christian@Cardonafirm.com

16

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address bantle@bwslaw.com to the persons at the e-mail

17

addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

I declare under penalty of perjury under the laws of the State of California that the

19

foregoing is true and correct.

20

Executed on September 10, 2024, at Irvine, California.

21

22

_____

23

Bernadette C. Antle

24

25

26

27

28

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

3

## **PROOF OF SERVICE**

### **SALAZAR v. CITY OF TORRANCE**
### **2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On September 12, 2024, I served true copies of the following document(s) described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K.<br>GALIPO<br><br>Attorneys for Plaintiff<br>Maria Salazar | dalekgalipo@yahoo.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,sleap@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC | Christian@Cardonafirm.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2024, at Irvine, California.

_____
Bernadette C. Antle