Mark J. Austin (SBN 208880)
E-mail: maustin@bwslaw.com
Michelle H. Le (SBN 304264)
E-mail: mle@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363  Fax: 949.863.3350

Attorneys for Defendant
CITY OF TORRANCE

*FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>　　　　　Defendants. | Case No. 2:24-CV-07692-DMG-JC<br>Judge: Hon. Dolly M. Gee; 8C, 8th Floor<br><br>**DEFENDANT CITY OF TORRANCE'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

Defendant City of Torrance ("Defendant" or the "City") hereby answers Plaintiff Maria Salazar's First Amended Complaint ("FAC") as follows:

## RESPONSE TO "PRELIMINARY ALLEGATIONS"

1. Responding to Paragraph 1 of the FAC, Defendant lacks sufficient information to respond to the allegations of this paragraph and, therefore, denies any and all allegations both generally and specifically.

2. Responding to Paragraph 2 of the FAC, Defendant admits that it is a city in the State of California, and its City Hall is located at 3031 Torrance Boulevard, Torrance, California, 90503.

3. Responding to Paragraph 3 of the FAC, Defendant admits, upon information and belief, that Defendant Ryan Cadiz is an individual who resides in the State of California.

4. Responding to Paragraph 4 of the FAC, Defendant admits that Defendant Cadiz is an adult male, who was the driver of a Torrance Police Department vehicle involved in a January 11, 2024 police pursuit of a suspect in another vehicle. Defendant denies the remaining allegations both generally and specifically.

5. Responding to Paragraph 5 of the FAC, Defendant lacks sufficient information to respond to the allegations of this paragraph and, therefore, denies any and all allegations both generally and specifically.

6. Responding to Paragraph 6 of the FAC, Defendant admits, upon information and belief, that Defendant John Escareno, Jr. is an adult male, who was the suspect of the carjacking of the subject vehicle involved in the above-referenced police pursuit. Defendant denies the remaining allegations both generally and specifically.

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

2

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

## RESPONSE TO "JURISDICTION AND VENUE"

7. Responding to Paragraph 7 of the FAC, Defendant admits that this Court has jurisdiction over this action, and that Defendant is a city located in the State of California, County of Los Angeles.

8. Responding to Paragraph 8 of the FAC, Defendant admits that this Court has subject matter jurisdiction over Defendant Cadiz. Defendant lacks sufficient information to respond to the remaining allegations of this paragraph and, therefore, denies any and all remaining allegations both generally and specifically.

9. Responding to Paragraph 9 of the FAC, Defendant admits that venue is proper in this Court, and that Defendant is a city located in the State of California, County of Los Angeles. Regarding the allegations concerning Defendants Cadiz and Escareno, Defendant lacks sufficient information to respond to those allegations and, therefore, denies those allegations both generally and specifically. Defendant denies the remaining allegations both generally and specifically.

## RESPONSE TO "COMPLIANCE WITH CLAIM STATUTE"

10. Responding to Paragraph 10 of the FAC, Defendant admits that its claims administrator sent Plaintiff an acknowledgement of the Claim for Damages, dated January 26, 2024, and that Defendant's claims administrator sent Plaintiff notice, dated March 20, 2024, that the claim was rejected. Defendant denies that "Plaintiff filed her government claim with the City of Torrance on January 15, 2024." Defendant denies the remaining allegations both generally and specifically.

## RESPONSE TO "FACTUAL ALLEGATIONS"

11. Responding to Paragraph 11 of the FAC, Defendant admits that this action arises from an incident that took place on January 11, 2024, involving a police pursuit of a suspect vehicle at or near the intersection of Sepulveda Boulevard and Vermont Avenue in Los Angeles, California. Defendant denies the remaining

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

allegations both generally and specifically.

12. Responding to Paragraph 12 of the FAC, Defendant admits that Defendant Cadiz was the driver of the Torrance Police Department vehicle involved in the above-referenced incident, and that Cadiz was employed by Defendant at the time of the incident. Defendant denies the remaining allegations both generally and specifically.

13. Responding to Paragraph 13 of the FAC, Defendant admits Defendant Escareno was the driver of the subject vehicle, that he was suspected to have carjacked, in the above-referenced incident. Defendant denies the remaining allegations both generally and specifically.

14. Responding to Paragraph 14 of the FAC, Defendant lacks sufficient information regarding whether Plaintiff was a pedestrian at the time of the above-referenced incident and, therefore, denies that allegation both generally and specifically. Defendant denies the remaining allegations both generally and specifically.

15. Responding to Paragraph 15 of the FAC, Defendant denies the allegations therein both generally and specifically.

16. Responding to Paragraph 16 of the FAC, Defendant admits that Defendant Cadiz was involved in the above-referenced incident in the pursuit of a vehicle that was allegedly carjacked and driven by Defendant Escareno. Defendant denies the remaining allegations therein both generally and specifically.

17. Responding to Paragraph 17 of the FAC, Defendant denies the allegations therein both generally and specifically.

18. Responding to Paragraph 18 of the FAC, Defendant admits that Defendant Cadiz was involved in the above-referenced incident in the pursuit of a vehicle that was allegedly carjacked and driven by Defendant Escareno. Defendant denies the remaining allegations therein both generally and specifically.

19. Responding to Paragraph 19 of the FAC, Defendant denies the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

allegations therein both generally and specifically.

20. Responding to Paragraph 20 of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "FIRST CAUSE OF ACTION MOTOR VEHICLE NEGLIGENCE AGAINST ALL DEFENDANTS"

21. Responding to Paragraph 21 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

22. Responding to Paragraphs 22-27 and the following paragraph erroneously labeled as "Paragraph 57" of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "SECOND CAUSE OF ACTION GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS"

23. Responding to Paragraph 28 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

24. Responding to Paragraphs 29-41 of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "THIRD CAUSE OF ACTION STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES AGAINST DEFENDANTS TORRANCE AND CADIZ"

25. Responding to Paragraph 42 of the FAC, Defendant denies the allegations therein both generally and specifically.

26. Responding to Paragraph 43 of the FAC, Defendant denies that it engaged in ultrahazardous activities. Defendant further denies the remaining allegations both generally and specifically. To the extent any statement of law is posited therein, Defendant asserts the law speaks for itself.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

27. Responding to Paragraphs 44-46 and the following paragraph erroneously labeled as "Paragraph 58" of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "FOURTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS TORRANCE AND CADIZ"

28. Responding to Paragraph 47 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

29. Responding to Paragraphs 48-52 of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "FIFTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS TORRANCE AND CADIZ"

30. Responding to Paragraph 59 the FAC, Defendant hereby incorporates its admissions and denials to the FAC.[1]

31. Responding to Paragraphs 60-68 of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "SIXTH CAUSE OF ACTION BATTERY AGAINST DEFENDANTS TORRANCE AND CADIZ"

32. Responding to Paragraph 69 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

33. Responding to Paragraph 70 of the FAC, Defendant admits that it employed Defendant Cadiz at the time of the above-referenced incident. Defendant

---

[1] The FAC erroneously omits Paragraphs 53-58.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

6

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

denies the remaining allegations both generally and specifically.

34. Responding to Paragraphs 71-74 of the FAC, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "SEVENTH CAUSE OF ACTION FOURTH AMENDMENT—EXCESSIVE FORCE (42 U.S.C. § 1983) AGAINST DEFENDANT CADIZ"

35. Responding to Paragraph 75 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

36. Responding to Paragraphs 76-81 of the FAC, Defendant understands that the allegations therein are alleged solely against Defendant Cadiz; however, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "EIGHTH CAUSE OF ACTION FOURTEENTH AMENDMENT—SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983) AGAINST DEFENDANT CADIZ"

37. Responding to Paragraph 82 of the FAC, Defendant hereby incorporates its admissions and denials to the FAC.

38. Responding to Paragraphs 83-88 of the FAC, Defendant understands that the allegations therein are alleged solely against Defendant Cadiz; however, Defendant denies the allegations therein both generally and specifically.

## RESPONSE TO "PRAYER FOR RELIEF"

39. Responding to the Prayer for Relief of the FAC, Defendant denies the allegations therein both generally and specifically.

///

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

7

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

In addition to the specific denials, admissions, qualified admissions, and affirmative allegations asserted above, Defendant asserts the following affirmative defenses as separate and distinct defenses to the FAC and to the claims alleged therein, and each of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

40. The FAC, and each claim for relief therein, fails to state facts sufficient to constitute a claim for relief against any Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (No Liability Except by Statute)

41. Defendant alleges that the FAC is barred on the grounds that, pursuant to Government Code §§ 815 and 820, neither a public entity nor a public employee is liable for any injury, wherein such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the alleged act or omission, and even such statutory liability is subject to any statutory immunity of the public entity or public employee and is further subject to any defenses that would be available to the public entity or public employee if a private person or entity.

### THIRD AFFIRMATIVE DEFENSE
### (Statutory Immunity)

3. Defendant is immune from liability under various statutory provisions, including, but not limited to Government Code §§ 815, 815.2, 815.4, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 822.2, 830(c), 830.2, 830.4, 830.5, 830.6, 830.8, 830.9, 831, 831.4, 831.7, 835, 835.4, 840, 840.2, 840.4, 840.6, and 845.8, as well as Civil Code § 846.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

8

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Submit Timely Tort Claim)

4. Defendant is informed and believes, and based thereon alleges, that each and every cause of action in Plaintiff's FAC is barred by failure to comply with Government Code §§ 900, *et seq.* (part of the Government Claims Act), in that Plaintiff failed to timely submit a tort claim against Defendant prior to pursuing this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5. Defendant is informed and believes, and based thereon alleges, that any damages sustained by Plaintiff, if such occurred, and claims made based thereon, are barred entirely, or in part, because Plaintiff lacks standing to bring the present action.

## SIXTH AFFIRMATIVE DEFENSE

### (Any Mandatory Duty Performed with Reasonable Diligence)

6. Pursuant to the provisions of Government Code § 815.6, Defendants are immune from liability in that any mandatory duties imposed upon Defendants were exercised with reasonable diligence.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

7. Defendant did not breach any duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Constitutional Violations)

8. Defendant denies that Plaintiff was deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

9

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (No Violations of Fourth or Fourteenth Amendment Rights)

9. Defendant denies that it violated Plaintiff's Fourth or Fourteenth Amendment rights, or any other federal, constitutional, or other rights.

## TENTH AFFIRMATIVE DEFENSE

### (Force was Reasonable as a Matter of Law)

10. To the extent any force was used against the Plaintiff (which Defendants do not admit), the force used was reasonable as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Force Used in Self-Defense)

11. Plaintiff's causes of action for alleged constitutional rights violations are barred because any force used by Defendant was privileged as reasonable to defend oneself or others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Act or Omission of Defendant Was Reasonable)

12. Defendant alleges that the FAC is barred on the grounds that any act or omission on behalf of Defendant and/or its employees that Plaintiff alleges caused or contributed to Plaintiff's purported injuries or damages was reasonable, and recovery by Plaintiff is therefore precluded by Government Code §§ 835.4, 840 and 840.6.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Recoverable Against Public Entity)

13. Punitive damages cannot be imposed against a public entity, such as Defendant City of Torrance.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risks)

14. Defendant is informed and believes, and based thereon alleges, that the FAC is barred on the grounds that, at the date and time of the incident alleged

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

10

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

herein, Plaintiff assumed certain risks and hazards that were known to her or were obvious to her, and that assumption of the risk was a proximate (legal) cause of the injuries and damages sustained by Plaintiff, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

15. Defendant is not liable for Plaintiff's alleged damages, injuries, or losses, insofar as Plaintiff seeks to impose liability for damages resulting from third-party conduct occurring after Defendant's alleged conduct. Defendant did not know and had no reason to expect that the third parties would act in a negligent or wrongful manner, and the kind of harm resulting from the third parties' conduct was different from the kind of harm that could have been reasonably expected from Defendant's conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Superseding Causes)

16. Any act constituting negligence and/or fault of the other persons and entities constitutes superseding and intervening causes of any damages sustained by Plaintiff and precludes recovery by Plaintiff herein against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exercise Reasonable Care)

17. Any and all happenings, events, damages and injuries, if any, referred to in the FAC were proximately caused and contributed by Plaintiff's own conduct, in that she failed to exercise ordinary care at the alleged times and places.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

18. The injuries, damages, and losses, if any, which Plaintiff claims she sustained as a result of the events and incidents alleged in the FAC were caused and contributed to by the negligence of Plaintiff, thus barring any recovery by Plaintiff, or reducing said recovery in an equal amount to the percentage of Plaintiff's own

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

11

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

fault found to have caused or contributed to the damages alleged in the FAC.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Third-Party Liability)

19. The injuries, damages, and/or losses alleged to have been sustained by Plaintiff, and the causative activities about which Plaintiff complains, if any, were created, caused, and/or contributed to by acts or omissions of third parties rather than Defendant. It is, thus, necessary that the proportion or degree of negligence or fault of each of said persons or entities, whether parties to this action or not, be judicially determined such that any judgment that might be rendered against Defendant be reduced in proportion to the degree of fault attributed to each and every third person or entity found liable to Plaintiff herein. As against each such third party or entity, wherein served or not served in this action, whose acts or omissions are found to cause or contribute in any fashion to the injuries, if any, alleged to have been suffered by Plaintiff, Defendant reserves the right to cross-complain and/or move for judgment against such person or entity.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Contribution – Civil Code § 1432)

20. Section 1432 of the California Civil Code provides in pertinent part that "a party to . . . joint and several obligations, who satisfies more than his share of the claim against all, may require proportionate contribution from all the parties joined" with him. To the extent that the acts, omissions, conduct, breach of obligations by, and/or negligence of, any party contributed to or proximately caused any damages alleged by Plaintiff for which Defendant is found liable, Defendant is entitled to contribution from those parties for any amount of such damages in excess of Defendant's proportionate contribution (if any).

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Civil Code § 1431.2)

21. Defendant is informed and believes, and based thereon alleges, that the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

12

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

provisions of Civil Code §§ 1431.2, *et seq.* (commonly referred to as "Proposition 51") are applicable to Plaintiff and to each cause of action alleged in the FAC. By virtue of the provisions of Civil Code §§ 1431.2 *et seq.*, Defendant respectfully requests that Plaintiff's non-economic damages, if any, be allocated and apportioned amongst all causative factors and that Defendant be found legally responsible only for its determined share of legal fault.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Government Code § 985)

22.  Government Code § 985 provides that, in a case against a public entity, the court may consider collateral-source payments and reduce the amount of any trial award by the amount of insurance or other collateral-source payments that figured in the verdict. Thus, even if Defendant was to be found liable for Plaintiff's alleged damages, injuries, or losses, Plaintiff is only entitled to recover the amount Plaintiff directly expended or incurred for Plaintiff's pre-trial medical services, not the amount paid for by private insurance, Medi-Cal, and other collateral sources. *Hanif v. Housing Authority of Yolo County* (1988) 200 Cal.App.3d 635, 643. Plaintiff also cannot claim as a component of damages in this action any amounts discounted by Plaintiff's insurance companies to healthcare providers as part of a preferred provider discount. *Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298, 307, 309.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Injury)

23.  Plaintiff suffered no actual injuries due to the conduct of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

24.  To the extent that any injury, damage, or loss sustained by Plaintiff was legally caused by Plaintiff's failure to mitigate damages, or by failing to exercise reasonable care in caring for such injury, damage, or loss, and/or by preventing the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

13

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

aggravation thereof, Plaintiff's claims are thereby barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

25. Plaintiff may not have any recovery against Defendant because some or all of her alleged damages are speculative.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

26. Plaintiff waived whatever rights she may have had against Defendant by reason of Plaintiff's conduct, acts, and/or assertions, which were tantamount to the knowing relinquishment of those rights.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

27. Plaintiff's conduct estops Plaintiff from claiming the damages alleged in the FAC.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

28. The FAC is barred by the doctrine of laches.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

29. Plaintiff is barred from asserting the claims contained in the FAC or otherwise asserting any right to relief against Defendant by reason of Plaintiff's inequitable conduct, amounting to unclean hands.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Comparative Equitable Indemnity)

30. In the event Defendant is found in some manner legally liable to Plaintiff or another party for damages as a result of the events and occurrences described in the FAC, Defendant is entitled to indemnity from Plaintiff under equitable principles of partial and comparative indemnity, to the extent that the acts,

Burke, Williams & Sorensen, LLP
Attorneys At Law
Orange County

14

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

omissions, conduct, and/or breach of obligations by Plaintiff were negligent or otherwise at fault, and that such negligence or fault was a substantial factor in causing Plaintiff's harm.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Offset)

31. Any purported damages allegedly caused by Defendant are subject to offset, either partially or in the full amount of the purported damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Negligence)

32. Defendant is not responsible for any harm allegedly caused to Plaintiff, if any, because Defendant was not negligent.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Punitive Damages)

33. Plaintiff has failed to allege in the FAC sufficient facts to state a claim for exemplary or punitive damages for any action taken by any Defendant, in their individual or official capacity, or as a public entity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Vehicle Code Immunities)

34. Defendant is immune from all liability due to the statutory provisions of California Vehicle Code §§ 17004, 17004.7, and 21055.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Immunity)

35. Defendant is immune from liability for state law causes of action under all applicable provisions of the California Government Code.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Acts Done in Good Faith)

36. Defendant is not liable for any injury or damages, if any, resulting from acts done in good faith and without malice under the apparent authority of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

15

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

enactments, even though such enactments may be unconstitutional, invalid, or inapplicable. (Government Code § 820.6.)

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Acts Done with Due Care)

37. Plaintiff's recovery is barred because public entities and employees are immune from liability for any act or omission while exercising due care in the execution or enforcement of any law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Despicable Conduct)

38. Plaintiff's claim for punitive damages is barred because a peace officer is not liable for punitive damages absent clear and convincing proof of despicable conduct.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

39. At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. Defendant, therefore, asserts its qualified immunity from liability.

### FORTIETH AFFIRMATIVE DEFENSE
### (Independent Action)

40. At all relevant times, Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

41. Plaintiff's claims are barred by all applicable statutes of limitations.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

16

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Not Recoverable – No Malicious Intent)

42. Plaintiff is not entitled to punitive damages because Defendant did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Allocation of Liability)

43. To the extent that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, Defendant requests that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendant, judgment against Defendant be only in an amount which is proportionate to the extent and percentage by which Defendant's acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

44. Any injury or damages, allegedly suffered by Plaintiff, were caused solely by reason of Plaintiff's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendant.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and/or Indispensable Parties)

45. Plaintiff has failed to join necessary and/or indispensable parties.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

46. Because the FAC is couched in vague and conclusory terms, Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to this action. Defendant does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert and rely on any other applicable

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

17

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

affirmative defenses as may become available or apparent during this litigation. Defendant further reserves the right to amend this Answer and the affirmative defenses herein.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by Plaintiff's FAC triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant City of Torrance prays for judgment as follows:

1. That Plaintiff take nothing by reason of her FAC;
2. That judgment be entered in favor of Defendant on all causes of action;
3. That Defendant be awarded its costs of suit, including costs and reasonable attorneys' fees actually incurred herein; and
4. That Defendant be awarded such further relief as the Court may deem necessary and proper.

Dated: September 16, 2024           BURKE, WILLIAMS & SORENSEN, LLP

By: *s/Mark J. Austin*
Mark J. Austin
Michelle H. Le

Attorneys for Defendant
CITY OF TORRANCE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

18

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 2400, Los Angeles, CA 90071-2953.

On September 16, 2024, I served true copies of the following document(s) described as **DEFENDANT CITY OF TORRANCE'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address vvaldivia@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 16, 2024, at Los Angeles, California.

*s/Vanessa Valdivia*
Vanessa A. Valdivia

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

1

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT

# SERVICE LIST
**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br><br>*Attorneys for Plaintiff*<br>*Maria Salazar* | dalekgalipo@yahoo.com<br>blevine@galipolaw.com<br>evalenzuela@galipolaw.com<br>rvalentine@galipolaw.com<br>slaurel@galipolaw.com<br>CMayne@galipolaw.com<br>sleap@galipolaw.com<br>msincich@galipolaw.com<br>ldeleon@galipolaw.com<br>amonguia@galipolaw.com<br>coopermayne@recap.email<br>hlee@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff*<br>*Maria Salazar* | Christian@Cardonafirm.com |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

2

Case No. 2:24-CV-07692-DMG-JC
DEFENDANT CITY OF TORRANCE'S
ANSWER TO FIRST AMENDED COMPLAINT