1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, SBN 144074
2  21800 Burbank Blvd., Suite 310
3  Woodland Hills, California 91367
   Telephone: (818) 347-3333
4  Facsimile: (818) 347-4118

5
   **CARDONA LAW FIRM APC**
6  Christian Cardona (SBN 345715)
7  600 W. Santa Ana, Blvd., Ste. 790
   Santa Ana, CA 92701
8  (714) 953-3107 | Fax (714) 953-3119
9  Christian@Cardonafirm.com
   *Attorneys for Plaintiff*
10

11 **BURKE, WILLIAMS & SORENSEN, LLP**
   Mark J. Austin (SBN 208880)
12 E-mail: maustin@bwslaw.com
   Michelle H. Le (SBN 304264)
13 E-mail: mle@bwslaw.com
   18300 Von Karman Avenue, Suite 650
14 Irvine, California 92612-1032
   Tel: 949.863.3363    Fax: 949.863.3350
15

16 **JEANNE-MARIE K. LITVIN** (SBN 286038)
17 City of Torrance
   Office of the City Attorney
18 3031 Torrance Boulevard,
   Torrance, California 90503
19 310-618-2744 | JLitvin@TorranceCA.Gov
20
   *Attorneys for Defendants* CITY OF TORRANCE and RYAN CADIZ
21

22

23

24

25

26

27

28

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26(F)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SALAZAR;<br><br>          Plaintiff,<br>     vs.<br><br>CITY OF TORRANCE; RYAN CADIZ;<br>JOHN ESCARENO, Jr.;<br><br>          Defendants. | **Case No. 2:24-cv-07692-DMG-JC**<br>*District Judge Dolly M. Gee*<br>*Magistrate Judge Jacqueline Chooljian*<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26**<br><br>**Scheduling Conference**<br>Date: November 8, 2024<br>Time: 9:30 a.m.<br>Ctrm: 8C<br>350 West 1st Street<br>Los Angeles, California 90012<br><br>**Proposed Trial Date:** April 28, 2026 |

Pursuant to this Court's September 20, 2024 Order (Dkt. No. 16), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff and Defendants City of Torrance and Ryan Cadiz submit the following report, by and through their respective counsel of record, following the Scheduling Meeting of Counsel, held on October 14, 2024. Defendant John Escareno, Jr. has not yet made an appearance in the case, nor has any counsel has made an appearance on his behalf. Additionally, as of the date of this filing, the Los Angeles County Inmate Locator shows that Mr. Escareno is currently detained in the Pitchess Detention Center North Facility. Mr. Escareno, therefore, was unable to participate in the Scheduling Meeting of Counsel.

## I. PARTIES, FACTS, AND CLAIMS:

    **A.    Parties:**

    Plaintiff:    MARIA SALAZAR.

    Defendants: CITY OF TORRANCE; RYAN CADIZ; JOHN ESCARENO, Jr.; and DOES 1 through 10, inclusive.

///

**B.      Facts:**

*1.      Plaintiff's Statement:*

On January 11, 2024, Plaintiff was lawfully crossing the street as a pedestrian at or near Sepulveda Boulevard and Vermont Avenue in the County of Los Angeles, California. Defendant, Torrance Police Department Officer Ryan Cadiz ("Defendant Cadiz") drove a Torrance Police Department patrol vehicle in pursuit of Defendant John Escareno, Jr. ("Defendant Escareno") who was driving an allegedly carjacked vehicle. At all relevant times, Defendant Cadiz was acting under the color of state law and within the course and scope of his employment by the Torrance Police Department. While Plaintiff lawfully crossed the street as a pedestrian, Cadiz executed an improper Pursuit Intervention Technique (PIT maneuver), not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual. Cadiz's improper PIT maneuver caused Escareno's vehicle to collide with Plaintiff, causing Plaintiff severe physical and emotional injuries. The PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public, including Plaintiff. Such acts constitute malice and/or oppression, in violation of TPD Policy Manual Section 307.6.2(b)(3). As a result of being struck by the vehicle(s), Plaintiff suffered serious and permanent injuries and damages.

*2.      Defendants City of Torrance and Ryan Cadiz's Statement:*

Plaintiff alleges injuries and damages resulting from a multi-jurisdiction and multi-vehicle carjacking police pursuit. Defendant John Escareno, Jr. was the suspect in the police pursuit. Escareno was pursued by multiple police officers from multiple jurisdictions, including in vehicles, on foot, and via helicopter, through several cities, as he carjacked four vehicles, in addition to committing other crimes. Defendant Ryan Cadiz, a Torrance Police Officer, became involved in the tail-end of the pursuit. Plaintiff alleges bodily injuries, caused by contact with Escareno's

1  vehicle, and resulting damages. Defendants City of Torrance and Ryan Cadiz deny
2  and dispute all of Plaintiff's claims, allegations, and alleged injuries and damages.

3  **C.    Claims For Relief:**

4  Plaintiff brings the following claims for relief against Defendants:

5        1.    Motor Vehicle Negligence;

6        2.    General Negligence;

7        3.    Strict Liability for Ultrahazardous Activities;

8        4.    Intentional Infliction of Emotional Distress;

9        5.    Negligent Infliction of Emotional Distress;

10       6.    Battery;

11       7.    Fourth Amendment – Excessive Force (42 U.S.C. § 1983); and

12       8.    Fourteenth Amendment – Substantive Due Process (42 U.S.C. §

13             1983).

14

15  **II. DISCOVERY PLAN:**

16  A.  In accordance with their obligations under Federal Rule of Civil Procedure
17      26(a), the parties have stipulated to serve their Initial Disclosure Statements
18      by November 4, 2024.

19  B.   The parties have discussed anticipated discovery and propose the non-
20      expert discovery schedule set forth in Exhibit "A," attached. This schedule
21      was compiled based upon the trial calendars of counsel and their evaluation
22      of the parties' discovery needs. Discovery will be conducted in two phases,
23      non-expert fact discovery and expert discovery.

24  C.  Plaintiff anticipates propounding written discovery upon Defendants
25      regarding the facts and circumstances of the incident that forms the basis of
26      this lawsuit, including matters of individual liability, supervisory liability,
27      compensatory damages and punitive damages. Plaintiff anticipates taking the

28

1 | depositions of the defendant officer and any percipient witnesses.

2 | D. Defendants City of Torrance and Ryan Cadiz anticipate propounding written

3 | discovery on Plaintiff and taking Plaintiff's deposition regarding the basis of

4 | Plaintiff's claims, allegations, and alleged injuries and damages in order to

5 | support their defenses against the same. They also anticipate defending

6 | against Plaintiff's depositions of Defendant Cadiz and percipient witnesses.

7 | E. Counsel for the parties will meet and confer on any discovery issues and any

8 | potential Rule 29 stipulations as may be appropriate.

9 | The Parties each anticipate designating retained and non-retained experts on

10 | liability and damages, and that depositions of such experts will also be taken.

11 | The parties share the understanding that expert discovery is outside of the

12 | presumptive limit on the number of depositions.

13 | F. The parties plan to enter into a protective order concerning documents that the

14 | parties contend are confidential. Defendants City of Torrance and Ryan Cadiz

15 | will submit a proposed Joint Stipulation for Protective Order and meet and

16 | confer with Plaintiff regarding same.

17 | G. The parties do not anticipate any additional issues regarding disclosure,

18 | discovery, and preservation of electronically stored information.

19 | H. The parties do not anticipate any other issues about claims for privilege or of

20 | protection as trial-preparation materials.

21 | I. The parties do not anticipate any other changes to the limitations on discovery

22 | imposed under the Federal Rules of Civil Procedure or by the Local Rules.

23 | **IV. MOTION SCHEDULE:**

24 | The parties have discussed potential motions and propose the motion dates set

25 | forth in Exhibit "A" attached hereto.

26 | Plaintiff anticipates filing the following motions:

27 | If, in the course of discovery, Plaintiff learns of additional uses of force by the

28 |

1  named officers and/or the identities of the Doe Officers, Plaintiff will seek leave to

2  amend the pleadings. Plaintiff will file appropriate discovery motions, if and as

3  needed.

4       Defendants City of Torrance and Ryan Cadiz anticipate filing the following

5  motions: Motion for Summary Judgment.

6       The Parties anticipate filing motions *in limine* if this matter proceeds to trial.

7       The Parties request a period of fourteen (14) days to file an opposition to any

8  dispositive motion, including a motion for summary judgment or partial summary

9  judgment. The Parties are also agreeable to a period of fourteen (14) days to file a

10  reply.

11  **V.    STATEMENT OF SETTLEMENT EFFORTS:**

12       **A.    Possibility of Prompt Settlement or Resolution:**

13       The parties have discussed the possibility of informal resolution of the case,

14  as well as early mediation, and propose the mediation cutoff set forth in Exhibit

15  "A," attached hereto. The parties have not yet engaged in substantive settlement

16  discussions, but are amenable to settlement discussions following a period of

17  discovery.

18       **B.    ADR Selection Pursuant To Local Rule 16-15.4:**

19       The parties agree to ADR Procedure No. 2 at this time.  However, the Parties

20  reserve their rights to potentially participate in ADR Procedure Nos. 1 and 3,

21  particularly private mediation.

22  **VI.    TRIAL ESTIMATE:**

23       The parties have discussed trial and trial preparation, and propose the trial

24  dates set forth in Exhibit "A," attached hereto. The parties request a trial date of

25  April 28, 2026. The parties estimate that this trial will take 5-7 days, not including

26  *voir dire*, opening statements, closing arguments, and time reasonably anticipated to

27  be spent on discussions regarding jury instructions and verdict forms outside the

28

1 presence of the jury.

2     Trial will be by jury.

3 **VII. ADDITIONAL PARTIES AND AMENDED PLEADINGS:**

4     At this time, Plaintiff does not anticipate naming additional parties, or

5 amending the pleadings, unless the documents produced during discovery by

6 Defendants reveal that other City of Torrance, Torrance Police Department Officers

7 were integral participants in, failed to intervene in, or were somehow otherwise

8 responsible for the alleged violation of Plaintiff's constitutional rights.

9     The parties do not anticipate amending the pleadings at this time.

10 **VIII. SEVERANCE/BIFURCATION:**

11     In the event that this matter goes to trial, Defendants City of Torrance and

12 Ryan Cadiz propose the severance/bifurcation of the trial on the issue of liability

13 from the issue of damages, including punitive damages.

14     Plaintiff requests the trial be conducted in a single phase.

15 **IX. PRINCIPAL ISSUES IN THE CASE:**

16     1. Plaintiff

17 The following are among the principal issues raised by Plaintiff's Complaint:

18     a) Whether Defendants were negligent with respect to their handling of the

19        situation, including Defendant Cadiz's use of the PIT Maneuver when

20        pursuing Defendant John Escareno;

21     b) Whether Defendant Cadiz unreasonably used the PIT Maneuver

22        constituting excessive force in violation of the Fourth Amendment;

23     c) Whether the use of excessive force was malicious, oppressive, or in

24        reckless disregard of Plaintiff's rights;

25     d) Whether Defendant Cadiz's use of the PIT maneuver was done with

26        deliberate indifference of Plaintiff's rights and/or purpose to harm Plaintiff

27        in violation of the Fourteenth Amendment;

28

e) The extent and nature of Plaintiff's damages, including punitive damages;

2. Defendants City of Torrance and Ryan Cadiz deny and dispute Plaintiff's claims, allegations, and alleged injuries and damages.

**X.  STATEMENT AS TO ISSUES WHICH ANY PARTY BELIEVES MAY BE DETERMINED BY MOTION:**

Defendants City of Torrance and Ryan Cadiz believe that Plaintiff's claims against them may be determined by their motion for summary judgment. Defendants City of Torrance and Ryan Cadiz's affirmative defenses include a number of statutory immunities that they believe are applicable to dispose of the claims against them in full. In addition, Defendants City of Torrance and Ryan Cadiz contend that Plaintiff's constitutional theories will be legally untenable under the undisputed facts.

Plaintiff anticipates opposing Defendants' motion for summary judgment.

**XI.  INSURANCE:**

The parties are not aware of any applicable insurance at this time.

**XII.  MAGISTRATE JUDGE**

The parties do not consent to a mutually-agreeable magistrate judge from the Court's Voluntary Consent List to preside over this action for all purposes, including trial.

**XIII.  OTHER ISSUES:**

This case is not complex and does not require utilization of the Manual For Complex Litigation.

Counsel agree that this matter is not a class action.

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

Other than the absence of Defendant John Escareno, Jr., the parties are not aware of any other issues that need to be addressed by the Court at this time.

1

2   Dated: October 25, 2024          **LAW OFFICES OF DALE K. GALIPO**

3

4                                    By: /s/ Dale K. Galipo
                                         Dale K. Galipo, Esq.
5                                        Shannon J. Leap, Esq.
                                         *Attorneys for Plaintiff*
6

7   Dated: October 25, 2024          **CARDONA LAW FIRM APC**

8

9                                    By: /s/    Christian Cardona
10                                       Christian Cardona
                                         *Attorneys for Plaintiff*
11

12  Dated: October 25, 2024          **BURKE, WILLIAMS, & SORENSEN, LLP**

13

14                                   By: /s/    Michelle H. Le
                                         Mark J. Austin
15                                       Michelle H. Le
                                         *Attorneys for Defendant City of*
16                                       *Torrance and Ryan Cadiz*

17

18  Dated: October 25, 2024          **OFFICE OF THE CITY ATTORNEY | CITY**

19                                   **OF TORRANCE**

20

21                                   By: /s/    Jeanne-Marie Litvin
22                                       Jeanne-Marie Litvin
                                         *Attorneys for Defendant City of*
23                                       *Torrance and Ryan Cadiz*

24

25

26

27

28