Mark J. Austin (SBN 208880)
E-mail:  maustin@bwslaw.com
Michelle H. Le (SBN 304264)
E-mail:  mle@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel:  949.863.3363 Fax:  949.863.3350

Attorneys for Defendants
CITY OF TORRANCE and RYAN CADIZ

*FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>                Defendants. | Case No. 2:24-CV-07692-DMG-JC<br>Judge:   Hon. Dolly M. Gee; 8C, 8th Floor<br><br>**STIPULATION FOR FILING OF AMENDED ANSWER AND CROSSCLAIM** |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:24-CV-07692-DMG-JC
STIPULATION FOR FILING OF AMENDED
ANSWER AND CROSSCLAIM

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Defendants/Cross-Claimants City of Torrance and Ryan Cadiz may file an Amended Answer and Crossclaim, a copy of which is attached hereto.

Dated: February 6, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By: _____
      Mark J. Austin
      Michelle H. Le

      Attorneys for Defendants
      CITY OF TORRANCE and RYAN CADIZ

Dated: February 6, 2025                    THE LAW OFFICES OF DALE K. GALIPO


By:   /s/ Cooper Mayne
      Cooper Mayne
      Attorneys for PLAINTIFF

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. 2:24-CV-07692-DMG-JC
STIPULATION FOR FILING OF AMENDED
ANSWER AND CROSSCLAIM

## **SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i) all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  February 6, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By: _____
    Mark J. Austin
    Michelle H. Le

    Attorneys for Defendants
    CITY OF TORRANCE and RYAN CADIZ

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

3

Case No. 2:24-CV-07692-DMG-JC
STIPULATION FOR FILING OF AMENDED
ANSWER AND CROSSCLAIM

1  Mark J. Austin (SBN 208880)
   E-mail:  maustin@bwslaw.com
2  Michelle H. Le (SBN 304264)
   E-mail:  mle@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   18300 Von Karman Avenue, Suite 650
4  Irvine, California 92612-1032
   Tel:  949.863.3363 Fax:  949.863.3350
5
6  Attorneys for Defendants/Cross-Claimants
   CITY OF TORRANCE and RYAN
   CADIZ
7

*FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103*

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  MARIA SALAZAR,                      Case No. 2:24-CV-07692-DMG-JC

13           Plaintiff,                 **AMENDED ANSWER AND
                                        CROSSCLAIM OF
14       v.                             DEFENDANTS/CROSS-
                                        CLAIMANTS CITY OF
15  CITY OF TORRANCE, RYAN              TORRANCE AND RYAN CADIZ
    CADIZ, AND JOHN ESCARENO JR.,       AGAINST DEFENDANT/CROSS-
16                                      DEFENDANT JOHN ESCARENO,
             Defendants.                JR.**
17

18  CITY OF TORRANCE AND RYAN           Judge:   Hon. Dolly M. Gee
    CADIZ,                              Ctrm:    8C, 8th floor
19
             Cross-Claimants,
20
         v.
21
    JOHN ESCARENO, JR.; and ROES 1-
22  10, INCLUSIVE,
23           Cross-Defendants.

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

# I.

# ANSWER

Defendants City of Torrance and Ryan Cadiz (collectively, "Defendants") hereby answer Plaintiff Maria Salazar's First Amended Complaint ("FAC") as follows:

## RESPONSE TO "PRELIMINARY ALLEGATIONS"

1. Responding to Paragraph 1 of the FAC, Defendants lack sufficient information to respond to the allegations of this paragraph and, therefore, deny any and all allegations both generally and specifically.

2. Responding to Paragraph 2 of the FAC, Defendants admit that Defendant City of Torrance is a city in the State of California, and its City Hall is located at 3031 Torrance Boulevard, Torrance, California, 90503.

3. Responding to Paragraph 3 of the FAC, Defendants admit that Defendant Ryan Cadiz is an individual who resides in the State of California.

4. Responding to Paragraph 4 of the FAC, Defendants admit that Defendant Cadiz is an adult male, who was the driver of a Torrance Police Department vehicle involved in a January 11, 2024 police pursuit of a suspect in another vehicle. Defendants deny the remaining allegations both generally and specifically.

5. Responding to Paragraph 5 of the FAC, Defendants lack sufficient information to respond to the allegations of this paragraph and, therefore, deny any and all allegations both generally and specifically.

6. Responding to Paragraph 6 of the FAC, Defendants admit, upon information and belief, that Defendant John Escareno, Jr. is an adult male, who was the suspect of the carjacking of the subject vehicle involved in the above-referenced police pursuit. Defendants deny the remaining allegations both generally and specifically.

## **RESPONSE TO "JURISDICTION AND VENUE"**

7.      Responding to Paragraph 7 of the FAC, Defendants admit that this Court has jurisdiction over this action, and that Defendant City of Torrance is a city located in the State of California, County of Los Angeles.

8.       Responding to Paragraph 8 of the FAC, Defendants admit that this Court has subject matter jurisdiction over Defendant Cadiz.  Defendants lack sufficient information to respond to the remaining allegations of this paragraph and, therefore, deny any and all remaining allegations both generally and specifically.

9.      Responding to Paragraph 9 of the FAC, Defendants admit that venue is proper in this Court, that Defendant City of Torrance is a city located in the State of California, County of Los Angeles, and that Defendant Cadiz is a resident of the State of California.  Regarding the allegations concerning Defendant Escareno, Defendants lacks sufficient information to respond to those allegations and, therefore, deny those allegations both generally and specifically.  Defendants deny the remaining allegations both generally and specifically.

## **RESPONSE TO "COMPLIANCE WITH CLAIM STATUTE"**

10.      Responding to Paragraph 10 of the FAC, Defendants admit that Defendant City of Torrance's claims administrator sent Plaintiff an acknowledgement of the Claim for Damages, dated January 26, 2024, and that Defendant City of Torrance's claims administrator sent Plaintiff notice, dated March 20, 2024, that the claim was rejected.  Defendants deny that "Plaintiff filed her government claim with the City of Torrance on January 15, 2024."  Defendants deny the remaining allegations both generally and specifically.

/ / /
/ / /
/ / /
/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## <u>RESPONSE TO "FACTUAL ALLEGATIONS"</u>

11.    Responding to Paragraph 11 of the FAC, Defendants admit that this action arises from an incident that took place on January 11, 2024, involving a police pursuit of a suspect vehicle at or near the intersection of Sepulveda Boulevard and Vermont Avenue in Los Angeles, California.  Defendants deny the remaining allegations both generally and specifically.

12.    Responding to Paragraph 12 of the FAC, Defendants admit that Defendant Cadiz was the driver of the Torrance Police Department vehicle involved in the above-referenced incident, and that he was employed by Defendant City of Torrance at the time of the incident.  Defendants deny the remaining allegations both generally and specifically.

13.    Responding to Paragraph 13 of the FAC, Defendants admit that Defendant Escareno was the driver of the subject vehicle that Defendant Escareno was suspected to have carjacked in the above-referenced incident.  Defendants deny the remaining allegations both generally and specifically.

14.    Responding to Paragraph 14 of the FAC, Defendants lack sufficient information regarding whether Plaintiff was a pedestrian at the time of the above-referenced incident and, therefore, deny that allegation both generally and specifically.  Defendants deny the remaining allegations both generally and specifically.

15.    Responding to Paragraph 15 of the FAC, Defendants deny the allegations therein both generally and specifically.

16.    Responding to Paragraph 16 of the FAC, Defendants admit that Defendant Cadiz was involved in the above-referenced incident in the pursuit of a vehicle that was driven by and allegedly carjacked by Defendant Escareno. Defendants deny the remaining allegations therein both generally and specifically.

17.    Responding to Paragraph 17 of the FAC, Defendants deny the allegations therein both generally and specifically.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

18.     Responding to Paragraph 18 of the FAC, Defendants admit that Defendant Cadiz was involved in the above-referenced incident in the pursuit of a vehicle that was driven by and allegedly carjacked by Defendant Escareno. Defendants deny the remaining allegations therein both generally and specifically.

19.     Responding to Paragraph 19 of the FAC, Defendants deny the allegations therein both generally and specifically.

20.     Responding to Paragraph 20 of the FAC, Defendants deny the allegations therein both generally and specifically.

### RESPONSE TO "FIRST CAUSE OF ACTION MOTOR VEHICLE NEGLIGENCE AGAINST ALL DEFENDANTS"

21.     Responding to Paragraph 21 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

22.     Responding to Paragraphs 22-27 and the following paragraph erroneously labeled as "Paragraph 57" of the FAC, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law is posited therein, Defendants assert the law speaks for itself.

### RESPONSE TO "SECOND CAUSE OF ACTION GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS"

23.     Responding to Paragraph 28 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

24.     Responding to Paragraphs 29-41 of the FAC, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law or policy is posited therein, Defendants assert the law and policies speak for themselves.

/ / /

/ / /

**RESPONSE TO "THIRD CAUSE OF ACTION STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES AGAINST DEFENDANTS TORRANCE AND CADIZ"**

25.    Responding to Paragraph 42 of the FAC, Defendants deny the allegations therein both generally and specifically.

26.    Responding to Paragraph 43 of the FAC, Defendants deny that they engaged in ultrahazardous activities and that they are responsible for any harm that these activities allegedly caused others.  Defendants further deny the remaining allegations both generally and specifically.  To the extent any statement of law or policy is posited therein, Defendants assert the law and policies speaks for themselves.

27.    Responding to Paragraphs 44-46 and the following paragraph erroneously labeled as "Paragraph 58" of the FAC, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law is posited therein, Defendants assert the law speaks for itself.

**RESPONSE TO "FOURTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS TORRANCE AND CADIZ"**

28.    Responding to Paragraph 47 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

29.    Responding to Paragraphs 48-52 of the FAC, Defendants deny the allegations therein both generally and specifically.

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO "FIFTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS TORRANCE AND CADIZ"**

30.     Responding to Paragraph 59 the FAC, Defendants hereby incorporate their admissions and denials to the FAC.[1]

31.     Responding to Paragraphs 60-68 of the FAC, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law or policy is posited therein, Defendants assert the law and policies speak for themselves.

**RESPONSE TO "SIXTH CAUSE OF ACTION BATTERY AGAINST DEFENDANTS TORRANCE AND CADIZ"**

32.     Responding to Paragraph 69 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

33.     Responding to Paragraph 70 of the FAC, Defendants admit that Defendant City of Torrance employed Defendant Cadiz at the time of the above-referenced incident.  Defendants deny the remaining allegations both generally and specifically.

34.     Responding to Paragraphs 71-74 of the FAC, Defendant denies the allegations therein both generally and specifically.  To the extent any statement of law is posited therein, Defendants assert the law speaks for itself.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The FAC erroneously omits Paragraphs 53-58.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7                    AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

**RESPONSE TO "SEVENTH CAUSE OF ACTION FOURTH AMENDMENT—EXCESSIVE FORCE (42 U.S.C. § 1983) AGAINST DEFENDANT CADIZ"**

35.     Responding to Paragraph 75 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

36.     Responding to Paragraphs 76-81 of the FAC, Defendants understand that the allegations therein are alleged solely against Defendant Cadiz; however, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law or policy is posited therein, Defendants assert the law and policies speak for themselves.

**RESPONSE TO "EIGHTH CAUSE OF ACTION FOURTEENTH AMENDMENT—SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983) AGAINST DEFENDANT CADIZ"**

37.     Responding to Paragraph 82 of the FAC, Defendants hereby incorporate their admissions and denials to the FAC.

38.     Responding to Paragraphs 83-88 of the FAC, Defendants understand that the allegations therein are alleged solely against Defendant Cadiz; however, Defendants deny the allegations therein both generally and specifically.  To the extent any statement of law or policy is posited therein, Defendants assert the law and policies speak for themselves.

**RESPONSE TO "PRAYER FOR RELIEF"**

39.     Responding to the Prayer for Relief of the FAC, Defendants deny the allegations therein both generally and specifically.

/ / /

/ / /

/ / /

**AFFIRMATIVE DEFENSES**

In addition to the specific denials, admissions, qualified admissions, and affirmative allegations asserted above, Defendants assert the following affirmative defenses as separate and distinct defenses to the FAC and to the claims alleged therein, and each of them.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The FAC, and each claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(No Liability Except by Statute)**

2.      Defendants allege that the FAC is barred on the grounds that, pursuant to Government Code §§ 815 and 820, neither a public entity nor a public employee is liable for any injury, wherein such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the alleged act or omission, and even such statutory liability is subject to any statutory immunity of the public entity or public employee and is further subject to any defenses that would be available to the public entity or public employee if a private person or entity.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutory Immunity)**

3.      Defendants are immune from liability under various statutory provisions, including, but not limited to Government Code §§ 815, 815.2, 815.4, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 822.2, 830(c), 830.2, 830.4, 830.5, 830.6, 830.8, 830.9, 831, 831.4, 831.7, 835, 835.4, 840,

840.2, 840.4, 840.6, and 845.8, as well as Civil Code § 846.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Submit Timely Tort Claim)

4.    Defendants are informed and believe, and based thereon allege, that each and every cause of action in Plaintiff's FAC is barred by failure to comply with Government Code §§ 900, *et seq.* (part of the Government Claims Act), in that Plaintiff failed to timely submit a tort claim against Defendants prior to pursuing this action.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

5.    Defendants are informed and believe, and based thereon allege, that any damages sustained by Plaintiff, if such occurred, and claims made based thereon, are barred entirely, or in part, because Plaintiff lacks standing to bring the present action.

## SIXTH AFFIRMATIVE DEFENSE
### (Any Mandatory Duty Performed with Reasonable Diligence)

6.    Pursuant to the provisions of Government Code § 815.6, Defendants are immune from liability in that any mandatory duties imposed upon Defendants were exercised with reasonable diligence.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

7.    Defendants did not breach any duty owed to Plaintiff.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## EIGHTH AFFIRMATIVE DEFENSE

### (No Constitutional Violations)

8.      Defendants deny that Plaintiff was deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## NINTH AFFIRMATIVE DEFENSE

### (No Violations of Fourth or Fourteenth Amendment Rights)

9.      Defendants deny that they violated Plaintiff's Fourth or Fourteenth Amendment rights, or any other federal, constitutional, or other rights.

## TENTH AFFIRMATIVE DEFENSE

### (Force was Reasonable as a Matter of Law)

10.      To the extent any force was used against the Plaintiff (which Defendants do not admit), the force used was reasonable as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Force Used in Self-Defense)

11.      Plaintiff's causes of action for alleged constitutional rights violations are barred because any force used by Defendants was privileged as reasonable to defend oneself or others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Act or Omission of Defendants Was Reasonable)

12.      Defendants allege that the FAC is barred on the grounds that any act or omission on behalf of Defendants and/or their employees that Plaintiff alleges caused or contributed to Plaintiff's purported injuries or damages was reasonable, and recovery by Plaintiff is therefore precluded by Government Code §§ 835.4, 840

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

1  and 840.6.

2

3  ### THIRTEENTH AFFIRMATIVE DEFENSE

4  ### (Punitive Damages Not Recoverable Against Public Entity)

5      13.    Punitive damages cannot be imposed against a public entity, such as

6  Defendant City of Torrance.

7

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9  ### (Assumption of Risks)

10      14.    Defendants are informed and believe, and based thereon allege, that the

11  FAC is barred on the grounds that, at the date and time of the incident alleged

12  herein, Plaintiff assumed certain risks and hazards that were known to her or were

13  obvious to her, and that assumption of the risk was a proximate (legal) cause of the

14  injuries and damages sustained by Plaintiff, if any.

15

16  ### FIFTEENTH AFFIRMATIVE DEFENSE

17  ### (Intervening Acts)

18      15.    Defendants are not liable for Plaintiff's alleged damages, injuries, or

19  losses, insofar as Plaintiff seeks to impose liability for damages resulting from third-

20  party conduct occurring after Defendants' alleged conduct. Defendants did not know

21  and had no reason to expect that the third parties would act in a negligent or

22  wrongful manner, and the kind of harm resulting from the third parties' conduct was

23  different from the kind of harm that could have been reasonably expected from

24  Defendants' conduct.

25  / / /

26  / / /

27  / / /

28  / / /

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

12

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

16.    Any act constituting negligence and/or fault of the other persons and entities constitutes superseding and intervening causes of any damages sustained by Plaintiff and precludes recovery by Plaintiff herein against Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Reasonable Care)

17.    Any and all happenings, events, damages and injuries, if any, referred to in the FAC were proximately caused and contributed by Plaintiff's own conduct, in that she failed to exercise ordinary care at the alleged times and places.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

18.    The injuries, damages, and losses, if any, which Plaintiff claims she sustained as a result of the events and incidents alleged in the FAC were caused and contributed to by the negligence of Plaintiff, thus barring any recovery by Plaintiff, or reducing said recovery in an equal amount to the percentage of Plaintiff's own fault found to have caused or contributed to the damages alleged in the FAC.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Third-Party Liability)

19.    The injuries, damages, and/or losses alleged to have been sustained by Plaintiff, and the causative activities about which Plaintiff complains, if any, were created, caused, and/or contributed to by acts or omissions of third parties rather than Defendants. It is, thus, necessary that the proportion or degree of negligence or fault of each of said persons or entities, whether parties to this action or not, be judicially determined such that any judgment that might be rendered against

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

13

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

1    Defendants be reduced in proportion to the degree of fault attributed to each and

2    every third person or entity found liable to Plaintiff herein. As against each such

3    third party or entity, wherein served or not served in this action, whose acts or

4    omissions are found to cause or contribute in any fashion to the injuries, if any,

5    alleged to have been suffered by Plaintiff, Defendants reserve the right to cross-

6    complain and/or move for judgment against such person or entity.

7

8                          **TWENTIETH AFFIRMATIVE DEFENSE**

9                              **(Contribution – Civil Code § 1432)**

10         20.    Section 1432 of the California Civil Code provides in pertinent part that

11   "a party to . . . joint and several obligations, who satisfies more than his share of the

12   claim against all, may require proportionate contribution from all the parties joined"

13   with him. To the extent that the acts, omissions, conduct, breach of obligations by,

14   and/or negligence of, any party contributed to or proximately caused any damages

15   alleged by Plaintiff for which Defendants are found liable, Defendants are entitled to

16   contribution from those parties for any amount of such damages in excess of

17   Defendants' proportionate contribution (if any).

18

19                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

20                              **(Civil Code § 1431.2)**

21         21.    Defendants are informed and believe, and based thereon allege, that the

22   provisions of Civil Code §§ 1431.2, *et seq.* (commonly referred to as "Proposition

23   51") are applicable to Plaintiff and to each cause of action alleged in the FAC. By

24   virtue of the provisions of Civil Code §§ 1431.2 *et seq.*, Defendants respectfully

25   request that Plaintiff's non-economic damages, if any, be allocated and apportioned

26   amongst all causative factors and that Defendants be found legally responsible only

27   for its determined share of legal fault.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

14                          AMENDED ANSWER AND CROSSCLAIM
                            OF DEFENDANTS/CROSS-CLAIMANTS
                            CITY OF TORRANCE AND RYAN CADIZ

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Government Code § 985)

22.     Government Code § 985 provides that, in a case against a public entity, the court may consider collateral-source payments and reduce the amount of any trial award by the amount of insurance or other collateral-source payments that figured in the verdict. Thus, even if Defendants were to be found liable for Plaintiff's alleged damages, injuries, or losses, Plaintiff is only entitled to recover the amount Plaintiff directly expended or incurred for Plaintiff's pre-trial medical services, not the amount paid for by private insurance, Medi-Cal, and other collateral sources. *Hanif v. Housing Authority of Yolo County* (1988) 200 Cal.App.3d 635, 643. Plaintiff also cannot claim as a component of damages in this action any amounts discounted by Plaintiff's insurance companies to healthcare providers as part of a preferred provider discount. *Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298, 307, 309.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Injury)

23.     Plaintiff suffered no actual injuries due to the conduct of Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24.     To the extent that any injury, damage, or loss sustained by Plaintiff was legally caused by Plaintiff's failure to mitigate damages, or by failing to exercise reasonable care in caring for such injury, damage, or loss, and/or by preventing the aggravation thereof, Plaintiff's claims are thereby barred.

/ / /

/ / /

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

15

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

25.    Plaintiff may not have any recovery against Defendants because some or all of her alleged damages are speculative.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

26.    Plaintiff waived whatever rights she may have had against Defendants by reason of Plaintiff's conduct, acts, and/or assertions, which were tantamount to the knowing relinquishment of those rights.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

27.    Plaintiff's conduct estops Plaintiff from claiming the damages alleged in the FAC.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

28.    The FAC is barred by the doctrine of laches.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

29.    Plaintiff is barred from asserting the claims contained in the FAC or otherwise asserting any right to relief against Defendants by reason of Plaintiff's inequitable conduct, amounting to unclean hands.

/ / /

/ / /

/ / /

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

16

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## THIRTIETH AFFIRMATIVE DEFENSE

### (Comparative Equitable Indemnity)

30.    In the event Defendants are found in some manner legally liable to Plaintiff or another party for damages as a result of the events and occurrences described in the FAC, Defendants are entitled to indemnity from Plaintiff under equitable principles of partial and comparative indemnity, to the extent that the acts, omissions, conduct, and/or breach of obligations by Plaintiff were negligent or otherwise at fault, and that such negligence or fault was a substantial factor in causing Plaintiff's harm.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

31.    Any purported damages allegedly caused by Defendants are subject to offset, either partially or in the full amount of the purported damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Negligence)

32.    Defendants are not responsible for any harm allegedly caused to Plaintiff, if any, because Defendants were not negligent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

33.    Plaintiff has failed to allege in the FAC sufficient facts to state a claim for exemplary or punitive damages for any action taken by Defendants, in their individual or official capacity, or as a public entity.

/ / /

/ / /

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

17

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Vehicle Code Immunities)

34.     Defendants are immune from all liability due to the statutory provisions of California Vehicle Code §§ 17004, 17004.7, and 21055.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Immunity)

35.     Defendants are immune from liability for state law causes of action under all applicable provisions of the California Government Code.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Acts Done in Good Faith)

36.     Defendants are not liable for any injury or damages, if any, resulting from acts done in good faith and without malice under the apparent authority of enactments, even though such enactments may be unconstitutional, invalid, or inapplicable.  (Government Code § 820.6.)

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Acts Done with Due Care)

37.     Plaintiff's recovery is barred because public entities and employees are immune from liability for any act or omission while exercising due care in the execution or enforcement of any law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Despicable Conduct)

38.     Plaintiff's claim for punitive damages is barred because a peace officer is not liable for punitive damages absent clear and convincing proof of despicable conduct.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

18

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

39.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that their actions comported with all applicable laws. Defendants, therefore, assert their qualified immunity from liability.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Independent Action)**

40.    At all relevant times, Defendants acted independently and not in association or concert with or as agent or servant of any other Defendants, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

41.    Plaintiff's claims are barred by all applicable statutes of limitations.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Recoverable – No Malicious Intent)**

42.    Plaintiff is not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

/ / /

/ / /

/ / /

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

19

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Allocation of Liability)

43.    To the extent that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

44.    Any injury or damages, allegedly suffered by Plaintiff, were caused solely by reason of Plaintiff's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendants.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and/or Indispensable Parties)

45.    Plaintiff has failed to join necessary and/or indispensable parties.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

46.    Because the FAC is couched in vague and conclusory terms, Defendants cannot fully anticipate all of the affirmative defenses that may be applicable to this action. Defendants do not knowingly or intentionally waive any applicable affirmative defenses and reserve the right to assert and rely on any other applicable affirmative defenses as may become available or apparent during this litigation. Defendants further reserve the right to amend this Answer and the

1  affirmative defenses herein.

2

3  ## DEMAND FOR JURY TRIAL

4      Defendants hereby demand a trial before a jury on all issues presented by

5  Plaintiff's FAC triable to a jury.

6

7  ## PRAYER FOR RELIEF

8      WHEREFORE, Defendants City of Torrance and Ryan Cadiz pray for

9  judgment as follows:

10     1.    That Plaintiff take nothing by reason of her FAC;

11     2.    That judgment be entered in favor of Defendants on all causes of

12     action;

13     3.    That Defendants be awarded their costs of suit, including costs and

14  reasonable attorneys' fees actually incurred herein; and

15     4.    That Defendants be awarded such further relief as the Court may deem

16  necessary and proper.

17

18  ## II.

19  ## CROSSCLAIM

20     Defendants/Cross-Claimants City of Torrance and Ryan Cadiz (collectively,

21  "Cross-Claimants") crossclaim against Co-Defendant/Cross-Defendant John

22  Escareno, Jr. ("Cross-Defendant Escareno") as follows.

23     1.    Cross-Claimant City of Torrance is, and at all times relevant here was,

24  a city in the State of California, and its City Hall is located at 3031 Torrance

25  Boulevard, Torrance, California, 90503.

26     2.    Cross-Claimant Ryan Cadiz is, and at all times relevant here was, an

27  individual who resides in the State of California.

28     3.    Cross-Claimants are informed and believe and thereon allege that

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

21                AMENDED ANSWER AND CROSSCLAIM
                  OF DEFENDANTS/CROSS-CLAIMANTS
                  CITY OF TORRANCE AND RYAN CADIZ

1   Cross-Defendant Escareno is, and at all relevant times here was, an individual
2   residing in the State of California, County of Los Angeles.

3          4.     Cross-Claimants are ignorant of the true names and capacities of Cross-
4   Defendants sued herein as ROES 1 through 10, inclusive, and therefore sue these
5   Cross-Defendants by such fictitious names. Cross-Claimants will amend this
6   Crossclaim to allege their true names and capacities when ascertained. Cross-
7   Claimants are informed and believe and thereon allege that each of the fictitiously
8   named Cross-Defendants are indebted to Cross-Claimants as hereinafter alleged, and
9   that Cross-Claimants' rights against such fictitiously named Cross-Defendants arises
10  from such indebtedness. One or more of the ROE Cross-Defendants may be
11  responsible in one manner or another for the acts and occurrences herein alleged,
12  whether such acts were committed intentionally, negligently, recklessly, or
13  otherwise, and may be liable to Cross-Claimants for the damages alleged herein.

14         5.     At all times herein mentioned, each of the Cross-Defendants were the
15  agent, representative, and/or employee of each of their remaining co-Cross-
16  Defendants and, in doing the things herein alleged, acted in the scope of such
17  authority, agency, and employment with the permission and consent of their co-
18  Cross-Defendants.

19         6.     Cross-Claimants have necessarily retained the services of the law firm
20  of Burke, Williams & Sorensen, LLP and incurred and continue to incur attorneys'
21  fees and costs of litigation in an amount according to proof at trial to enforce and
22  protect their rights against Cross-Defendants, and each of them, which attorneys'
23  fees, costs, penalties, and/or interest may be recoverable by Cross-Claimants
24  pursuant to Civil Code § 1021.6 and/or any other applicable statute, code, or law.

25         7.     Cross-Claimants are entitled to interest allowed by law on amounts
26  owed according to proof.

27  / / /
28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

22

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

## FIRST CAUSE OF ACTION

## FOR EQUITABLE INDEMNITY

### (Against CROSS-DEFENDANT JOHN ESCARENO, JR. and ROES 1-10)

8.     Cross-Claimants incorporate herein their allegations in Paragraphs 1-7.

9.     Plaintiff Maria Salazar filed the First Amended Complaint ("FAC") herein against Defendants/Cross-Claimants City of Torrance and Ryan Cadiz and Defendant/Cross-Defendant John Escareno, Jr. seeking damages for personal injuries allegedly arising from an incident that took place on January 11, 2024, involving a police pursuit of a suspect vehicle at or near the intersection of Sepulveda Boulevard and Vermont Avenue in Los Angeles, California. Defendants/Cross-Claimants City of Torrance and Ryan Cadiz deny and dispute all of Plaintiff's claims, allegations, and alleged injuries and damages.

10.     Plaintiff alleges injuries and damages resulting from a multi-jurisdiction and multi-vehicle carjacking police pursuit. Cross-Defendant Escareno was the suspect in the police pursuit. Cross-Defendant Escareno was pursued by numerous police officers from various jurisdictions, including in vehicles, on foot, and via helicopter, through several cities, as he carjacked four vehicles, in addition to committing multiple other criminal acts, including violent crimes.

11.     Cross-Claimant Ryan Cadiz, a Torrance Police Officer employed by Cross-Claimant City of Torrance, became involved in the tail-end of the pursuit. Cross-Claimant Cadiz, while on-duty as a Torrance Police Officer, pursued Cross-Defendant Escareno as Cross-Defendant Escareno was recklessly driving the suspect vehicle through busy metropolitan streets with speeds of 80-100+ mph, on curbs and on the opposite side of the road through oncoming traffic. The suspect vehicle was the fourth and final vehicle that Cross-Defendant Escareno carjacked before the pursuit ended.

12.     Plaintiff alleges bodily injuries and resulting damages caused by contact with the suspect vehicle driven by Cross-Defendant Escareno.

AMENDED ANSWER AND CROSSCLAIM OF DEFENDANTS/CROSS-CLAIMANTS CITY OF TORRANCE AND RYAN CADIZ

13.    If Plaintiff sustained damages as alleged in her FAC, these damages were caused entirely or in part by Cross-Defendant Escareno, as set forth herein.

14.    Cross-Defendants Escareno and ROES 1-10 had a duty to act reasonably and to avoid violating the California Vehicle Code and other applicable laws, codes, and policies.

15.    Cross-Defendants Escareno and ROES 1-10 were negligent, reckless, and/or intentional in violating the California Vehicle Code and/or other applicable laws, codes, and policies.

16.    Cross-Defendants Escareno and ROES 1-10 breached their duty to act reasonably.

17.    As a result of Cross-Defendants Escareno and ROES 1-10's negligence, recklessness, and/or intentional acts, Cross-Claimants are entitled to equitable indemnity from Cross-Defendants for any recovery that Plaintiff may obtain against Cross-Claimants.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY RELIEF
### (Against CROSS-DEFENDANT JOHN ESCARENO, JR. and ROES 1-10)

18.    Cross-Claimants incorporate herein their allegations in Paragraphs 1-17.

19.    An actual controversy has arisen and now exists between Cross-Claimants and Cross-Defendants Escareno and ROES 1-10:

        i.    That, as between Cross-Claimants and Cross-Defendants, responsibility, if any, for the damages claimed by Plaintiff herein rests entirely or partially on Cross-Defendants; and

        ii.    That, as a result, Cross-Defendants are obligated to partially or fully indemnify Cross-Claimants for any sums that Cross-Claimants may be compelled to pay as the result of any damages,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

24

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

1  judgment, or other awards recovered by Plaintiff against Cross-
2  Claimants.

3  20.   Cross-Claimants desire a judicial determination of the respective rights
4  and duties of Cross-Claimants and Cross-Defendants with respect to the damages
5  claimed in Plaintiff's FAC.  In particular, Cross-Claimants desire a declaration of
6  the comparative liability of Cross-Claimants and Cross-Defendants for these
7  damages, and a declaration of Cross-Defendants' responsibility for comparative
8  indemnity to Cross-Claimants for any sums that Cross-Claimants may be compelled
9  to pay and for which Cross-Defendants are determined responsible, entirely or in
10  part.

11  21.   Such a declaration is necessary and appropriate at this time in order that
12  Cross-Claimants may ascertain their rights and duties with respect to Plaintiff's
13  claim for damages.  Furthermore, Plaintiff's claims and Cross-Claimants' claims
14  arise out of the same transaction, and determination of both in one proceeding is
15  necessary and appropriate in order to avoid the multiplicity of actions that would
16  result if Cross-Claimants are required now to defend against Plaintiff's claims and
17  then bring a separate action against Cross-Defendants for indemnification of sums
18  that Cross-Claimants may be compelled to pay as the result of any damages,
19  judgment, or other awards recovered by Plaintiff against Cross-Claimants.

20

21  **WHEREFORE**, Cross-Claimants pray for judgment against Cross-
22  Defendants as follows:

23  1.   For a determination of the comparative fault of Cross-Claimants and
24  Cross-Defendants for the damages claimed by Plaintiff, if any are found to exist;

25  2.   For a declaration of the amount that Cross-Defendants are obligated to
26  indemnify Cross-Claimants if Cross-Claimants are compelled to pay any sum as the
27  result of any damages, judgment, or other awards recovered by Plaintiff against
28  Cross-Claimants; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

25

AMENDED ANSWER AND CROSSCLAIM
OF DEFENDANTS/CROSS-CLAIMANTS
CITY OF TORRANCE AND RYAN CADIZ

1       3.     For attorneys' fees, costs of suit, penalties, and/or interest herein

2  incurred; and

3       4.     For such other and further relief as the Court deems just and proper.

4

5  Dated:  February 6, 2025          BURKE, WILLIAMS & SORENSEN, LLP

6

7

8                        By: _____

9                          Mark J. Austin

                          Michelle H. Le

10

11                        Attorneys for Defendants/Cross-

                         Claimants CITY OF TORRANCE and

12                        RYAN CADIZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                     26       AMENDED ANSWER AND CROSSCLAIM
                                OF DEFENDANTS/CROSS-CLAIMANTS
                              CITY OF TORRANCE AND RYAN CADIZ