Mark J. Austin (SBN 208880)
maustin@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363  Fax: 949.863.3350

Attorneys for Defendant
CITY OF TORRANCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>    Defendants. | Case No. 2:24-CV-07692-DMG-JC<br><br>Judge: Hon. Dolly M. Gee<br>Dept.: 8C<br><br>**DEFENDANT CITY OF TORRANCE'S *EX PARTE* APPLICATION TO ALLOW FURTHER DISCOVERY AND TO CONTINUE TRIAL DATE AND RELATED DATES**<br><br>[Filed concurrently with Declaration of Mark J. Austin and [Proposed] Order] |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

1

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

# CITY OF TORRANCE'S *EX PARTE* APPLICATION

## I. RELIEF SOUGHT

Defendants City of Torrance and Ryan Cadiz (collectively, "City") respectfully request that the non-expert discovery cut-off in this case be extended by 30-60 days, to permit the City to depose Plaintiff Maria Salzar ("Plaintiff"). The original non-expert discovery cut-off passed on December 23, 2025, and for various reasons largely outside the City's control, the City was unable to depose Plaintiff before that deadline. (Declaration of Mark J. Austin in Support of *Ex Parte* App. ("Austin Decl."), ¶¶ 3-18, and Exh. 6.) Although Plaintiff's counsel was initially amenable to producing Plaintiff following a recent cancellation of her deposition on December 16th, once they learned (from the City's counsel) that the discovery cut-off was then only a week away, they suddenly refused to produce her, or to allow her deposition after the discovery cut-off. (Austin Decl., ¶¶ 13-18, and Exh. 6.) Thus, a brief extension is necessary to allow the City to complete this discovery.

In addition, although the City is willing, if necessary, to limit its request to a continuance of the discovery cut-off, the City believes there is also good cause to continue the trial date and all other dates in the current Scheduling Order [Dkt. 25] a commensurate amount of time, to allow for the additional discovery. At the very least, the City respectfully requests that the motion cut-off date (January 2, 2026) and the deadlines for disclosure of expert witnesses, also be continued. With respect to the motion cut-off date, in addition to the need to depose the Plaintiff, the holidays have made it difficult for the City's counsel to obtain the necessary declarations from City personnel to support the City's planned motion for summary judgment. (Austin Decl., ¶ 20.)

This application is made *ex parte* because (a) the motion cut-off date is quickly approaching on January 2, 2026, and (b) the deadline for the initial disclosure of expert witnesses is likewise approaching on January 27, 2026. (Austin Decl., ¶ 19.) If a noticed motion is required for a continuance, the City will be

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

2

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

forced to file its motion for summary judgment on January 2nd before discovery has been completed, and to expend costs in preparing expert-witness reports that may otherwise be unnecessary. (*Id.*) With respect to experts, they may be rendered unnecessary by the motion for summary judgment that the City intends to file after deposing Plaintiff. (*Id.*) Among other arguments, the City intends to move for summary judgment based on the immunities provided under Vehicle Code sections 17004 and 17004.7, which concern injuries caused by police vehicular pursuits as alleged in this case. (*Id.*; First Amended Compl., ¶¶ 11-16 [Dkt.1-2] [Exh. 8].)

Counsel for the City appreciates the Court's attention to this matter, and is willing to provide any additional information the Court may request to allow for the requested continuance.

## II. NOTICE PROVIDED TO PLAINTIFF'S COUNSEL

Counsel for the City, Mark J. Austin, first provided notice of its intent to apply *ex parte* for this relief on December 17, 2026. (Exh. 6, pp. 1, 5-6; Austin Decl., ¶ 22.) At that time, Mr. Austin and Plaintiff's counsel were discussing Plaintiff's counsel's refusal to produce Plaintiff for a deposition before the discovery cut-off, despite the fact that Plaintiff's deposition scheduled for December 16th had been cancelled at the last minute for reasons that were outside the City's control. (Exh. 6, pp. 1-12.) When Plaintiff's counsel finally stated that they would not produce Plaintiff, Mr. Austin stated that he intended to apply *ex parte* during the weeks of December 22nd or December 29th to seek this relief, and Plaintiff's counsel responded: "Understood. Thanks for letting me know." (Exh. 6, pp. 1, 5-6.)

Mr. Austin later provided additional notice of this *ex parte* application via email on December 26, 2025. (Exh. 7, p. 1; Austin Decl., ¶ 23.) At that time, Mr. Austin emailed Plaintiff's counsel and notified them that this application would be filed on December 29, 2025. (Exh. 7, p. 1; Austin Decl., ¶ 23.) Shortly before filing this application, on the morning of December 29th, Mr. Austin received an email from Plaintiff's counsel stating that they would oppose the requested relief. (*Id.*)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

3

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

## III. FACTUAL SUPPORT FOR REQUESTED RELIEF

### A. The City's Initial Attempts to Obtain Plaintiff's Medical Records and Depose Plaintiff

This case arises from a police vehicular pursuit. Plaintiff alleges that she was struck by the vehicle being driven by the fleeing criminal suspect after Torrance Police Officer Ryan Cadiz executed a PIT maneuver to stop the suspect's vehicle. (Austin Decl., ¶ 2; First Amended Compl., ¶¶ 11-16 [Dkt.1-2] [Exh. 8].)

On August 13, 2025, the City's counsel served its first notice for the deposition of Plaintiff, setting Plaintiff's deposition for September 25, 2025. (Austin Decl., ¶ 3; Exh. 1.) Later that month, on or about August 25, 2025, the City's counsel served subpoenas on all of Plaintiff's medical providers—serving 10 subpoenas in total in that timeframe. (Austin Decl., ¶ 4; Exh. 2 [sample subpoena].) All of the subpoenas identified a production date of September 16, 2025, so that the City's counsel would receive them in advance of Plaintiff's deposition scheduled for September 25th. (Austin Decl., ¶ 4; Exh. 2; *see also* Exh. 3.)

Inexplicably, Plaintiff's counsel sent objections in response to these medical subpoenas, which the City's counsel was concerned were served on the providers themselves. (Exh. 3; Austin Decl., ¶ 5.) In response to these objections, the City's counsel sent a letter to the providers informing them of their legal duty to produce the records over any objections received from Plaintiff. (Exh. 4; Austin Decl., ¶ 6.)

By September 25, 2025—the date of Plaintiff's then-scheduled deposition— the City's counsel had not received responses to the vast majority of its medical-record subpoenas. (Austin Decl., ¶ 7.) However, on the assumption that the City's counsel would receive them soon, the City and Plaintiff's counsel agreed to a series of short continuances of Plaintiff's deposition—first to October 10th, then to October 27th, then to December 10th, 2025. (*Id.*)

<u>Each of these continuances was necessitated and requested because the City's counsel had not yet received Plaintiff's full medical records by the scheduled date</u>.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

(Austin Decl., ¶ 8.) In fact, the City's counsel did not receive responses to all of the medical-record subpoenas <u>until November 24, 2025</u>. (*Id.*)

As of November 2025, Plaintiff's deposition was scheduled for December 10th. (Austin Decl., ¶ 9.) Shortly before that date, however (on December 8th), Plaintiff's counsel reminded the City's counsel that Plaintiff would need a translator, for she did not speak English. (*Id.*) Unfortunately, because of all of the continuances, Mr. Austin's assistant had failed to arrange for a translator for the 10th, and the court reporter was unable to secure one by that date. (*Id.*) Thus, the deposition was rescheduled again, this time for December 16th. (*Id.*)

### B. On December 15th, a Nationwide Outage of NetDocuments Prevented the City's Counsel from Preparing for Plaintiff's Deposition, and Plaintiff's Counsel Denied a Further Continuance

On December 15th, something unexpected occurred. On that date, the on-line application "NetDocuments," which the City's counsel uses as its firmwide database for case documents, experienced a nationwide outage. (Austin Decl., ¶ 10; Exh. 5, and Exh. 6, p. 12.) A firmwide email referring to this issue is submitted herewith as **Exhibit 5**, and the online link relating to the issue (which the City's counsel sent to Plaintiff's counsel) is contained on page 12 of **Exhibit 6**. (Austin Decl., ¶ 10.)

This nationwide outage of NetDocuments prevented the City's counsel from accessing <u>any</u> of the documents in this case that were relevant to Plaintiff's deposition—including Plaintiff's discovery responses, Plaintiff's medical records, and the critical videos of the incident, among others—all of which were located on the database. As a result, Mr. Austin was unable to prepare for Plaintiff's deposition on that date. (Austin Decl., ¶ 11.)

Mr. Austin gave the issue all day to resolve, even attempting to search the handful of electronic case documents he had on his hard drive, but none of those documents were usable in Plaintiff's deposition, as they consisted solely of internal City reports. (Austin Decl., ¶ 12.) By the end of the day, it was clear that the issue

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

was not going to be resolved in time, and that Plaintiff's deposition was going to have to be continued once again. (*Id.*)

To that end, late in the afternoon on December 15th, Mr. Austin emailed Plaintiff's counsel, told them of the NetDocuments issue, and asked if the deposition of Plaintiff could be moved one final time, within the next week. (Austin Decl., ¶ 13; Exh. 6, p. 12.) In response, Mr. Austin and one of Plaintiff's attorneys, Cooper Mayne, spoke over the phone. (Austin Decl., ¶ 13.)

During that telephone call, Mr. Mayne stated that he fully understood the issue, acknowledged that it was outside of Mr. Austin's control, and stated that his client could very easily be produced on some date over the next week. (Austin Decl., ¶ 14.) With respect to his own schedule, Mr. Mayne stated that he had very few conflicts over the ensuing week, and that Wednesday the 17th, Friday the 19th, Monday the 22nd, or Tuesday the 23rd would work for him. (*Id.*) With respect to his client, he said that she is "not working" and is "generally available," and that it therefore should not be difficult to find a new date over the next week. (*Id.*)

Towards the end of the call, however, Mr. Mayne stated that "*we still have plenty of time to do her deposition*," at which point Mr. Austin reminded Mr. Mayne that the case was in federal court, and that the discovery cut-off was "*next week*." (Austin Decl., ¶ 15.) In response, Mr. Mayne expressed surprise, and indicated that he had *forgotten* that the case was in federal court and that the discovery cut-off was coming up soon. (*Id.*)

Mr. Austin was then concerned, based on Mr. Mayne's sudden change in tone, that Mr. Mayne would attempt to use the upcoming discovery cut-off against him, and refuse to produce his client. (Austin Decl., ¶ 16.) In anticipation of this issue, Mr. Austin asked if Mr. Mayne's office would be willing to continue the discovery cut-off and/or the trial-related dates to accommodate the deposition. (*Id.*) Mr. Mayne declined to commit, but confirmed that rescheduling the deposition of his client over the next week should not be an issue. (*Id.*)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

6

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

Thereafter, however, Mr. Austin's fears proved true. In the ensuing emails, Mr. Mayne became uncooperative, and stated that he had difficulty getting ahold of his client and pinning her down on a date (something that had never occurred before). (Austin Decl., ¶ 17; Exh. 6, pp. 1-10.) Ultimately, over December 16th and 17th, Mr. Austin made eight separate inquiries of Plaintiff's counsel to secure a new date, with each response from Plaintiff's counsel becoming more uncooperative and raising new excuses. (Austin Decl., ¶ 17; Exh. 6, pp. 1-10.) Indeed, Mr. Austin even stated that he would make himself available on *any date* before the 23rd—*including the weekend*—to complete the deposition. (Exh. 6, pp. 5-6.)

Ultimately, on December 17th, at 4:59 p.m., Mr. Mayne informed Mr. Austin that his client was unavailable before the discovery cut-off of December 23rd, and that his office would *not* agree to produce her after the cut-off. (Exh. 6, p. 2; Austin Decl., ¶ 18.) In response, Mr. Austin told Plaintiff's counsel that he had no choice but to apply *ex parte* to re-open discovery and seek to continue the discovery cut-off, as well as the trial date and related dates. (Exh. 6, pp. 1, 5-6; Austin Decl., ¶ 18.) Mr. Mayne responded: "Understood. Thanks for letting me know." (Exh. 6, p. 1.)

Additional notice of this *ex parte* application was later provided again on December 26, 2025. (Exh. 7, p. 1; Austin Decl., ¶ 23.) Plaintiff's counsel stated that they would oppose the relief. (*Id.*)

## IV.  ARGUMENT

Federal Rule of Civil Procedure 16, subdivision (b)(4), permits a district court to modify a scheduling order upon a showing of good cause. Similarly, Central District Local Rule 16-2 likewise provides that dates set by a court may be modified where good cause is shown. District courts also possess inherent authority to manage their dockets and control the timing of proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Here, good cause exists to continue the discovery cut-off because, for reasons largely outside the control of the City and its counsel, the City was unable to

1  complete Plaintiff's deposition before that cut-off, which passed on December 23,
2  2025. In this regard, it was reasonable for the City's counsel to wait to receive all of
3  Plaintiff's medical records before initiating Plaintiff's deposition. The difficulty in
4  obtaining those records (potentially complicated by Plaintiff's objections to the
5  subpoenas) resulted in pushing Plaintiff's deposition back from the initial date of
6  September 25, 2025, to December 10, 2025. (Austin Decl., ¶¶ 3-8; Exhs. 2-4.)
7  Thereafter, an admitted failure to secure a translator for December 10th, followed by
8  a completely unexpected nationwide outage of the NetDocuments database on
9  December 15th, necessitated two additional cancellations of the deposition, after
10 which Plaintiff's counsel refused to agree to any further dates for Plaintiff's
11 deposition. (*Id.* at ¶¶ 9-18; Exhs. 5 and 6.)

12      The City would like the opportunity to depose the Plaintiff, which is critical
13 discovery for this case. It commits to completing that deposition within the next 30
14 days (assuming the cooperation of Plaintiff's counsel). (Austin Decl., ¶ 21.) Thus,
15 the City requests only a very short continuance of the discovery cut-off, of
16 approximately 30-60 days, to accommodate and ensure this additional discovery.

17      In addition, although the City is willing, if necessary, to limit its request to a
18 continuance of the discovery cut-off, the City believes there is also good cause to
19 continue the trial date and other dates in the Scheduling Order a commensurate
20 amount of time to accommodate this discovery. At the very least, the City
21 respectfully requests that the motion cut-off date (January 2, 2026) and the deadlines
22 for disclosure of expert witnesses, also be continued. With respect to the motion cut-
23 off date, the City would prefer to have Plaintiff's deposition taken before filing its
24 motion for summary judgment. (Austin Decl., ¶¶ 19-20.) In addition, the holidays
25 have made it difficult for the City's counsel to obtain the necessary declarations
26 from City personnel to support that motion, which will be based in large part on the
27 immunities provided under Vehicle Code sections 17004 and 17004.7, relating to
28 police vehicular pursuits. (*Id.* at ¶ 20.) Finally, with respect to experts, they may be

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

8

Case No. 2:24-CV-07692-DMG-JC
CITY OF TORRANCE'S *EX PARTE*
APPLICATION TO CONTINUE CASE DATES

rendered unnecessary by the City's motion for summary judgment. (*Id.*)

Finally, no party will be prejudiced by the brief continuance requested in this application. The discovery the City wishes to conduct during the continuance period is reasonable and standard, and this is the first continuance requested in the case. (Austin Decl., ¶ 21.)

## V. CONCLUSION

For the reasons set forth above, the City respectfully requests that the non-expert discovery cut-off be extended by 30-60 days, to permit the City to depose Plaintiff, and that other case dates be continued a commensurate amount of time as the Court believes is warranted.

Respectfully submitted,

Dated: December 29, 2025              BURKE, WILLIAMS & SORENSEN, LLP

By:     */s/ Mark J. Austin*
       Mark J. Austin
       Attorneys for Defendants
       CITY OF TORRANCE and RYAN CADIZ

# PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On December 29, 2025, I served true copies of the following document(s) described as **DEFENDANT CITY OF TORRANCE'S EX PARTE APPLICATION TO ALLOW FURTHER DISCOVERY AND TO CONTINUE TRIAL DATE AND RELATED DATES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 29, 2025, at Irvine, California.

*/s/ Bernadette C. Antle*
Bernadette C. Antle

**SERVICE LIST**
**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF<br>DALE K. GALIPO<br><br>*Attorneys for Plaintiff Maria Salazar* | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff Maria Salazar* | Christian@Cardonafirm.com |