**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SALAZAR,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF TORRANCE, RYAN CADIZ, and JOHN ESCARENO JR.,<br><br>　　　　　Defendants. | Case No. 2:24-cv-07692-DMG-JC<br>*Judge Gee*<br>*Mag. Judge Chooljian*<br><br>**DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION** |

<u>**DECLARATION OF COOPER ALISON-MAYNE**</u>

I, Cooper Alison-Mayne, hereby declare as follows:

　　　1.　　I am an attorney at law licensed to practice in the State of California and admitted to practice before this Court. I am an associate at the Law Offices of Dale K. Galipo and one of the attorneys of record for Plaintiff Maria Salazar in this action. I have personal knowledge of the facts stated herein, except where stated on information and belief, and if called as a witness, I could and would competently testify thereto.

　　　2.　　The Law Offices of Dale K. Galipo is a civil rights law firm that has been litigating police misconduct and excessive force cases for over 25 years. The

1

firm litigates almost exclusively in federal court, handling Section 1983 cases throughout California.

### Plaintiff's Discovery Efforts

3. Discovery in this case opened on October 14, 2024, following the parties' Rule 26(f) conference.

4. Plaintiff served her first set of written discovery on Defendants on October 18, 2024, four days after discovery commenced.

5. Plaintiff noticed and took the depositions of the individual defendant officers, Ryan Cadiz and John Escareno Jr., in December 2024, approximately one year before the discovery cutoff.

6. Plaintiff noticed and completed the Rule 30(b)(6) deposition of the City of Torrance in September 2025.

7. All liability-related discovery has been completed for several months.

### Defendants' Delay in Conducting Discovery

8. Defendants did not serve any written discovery on Plaintiff until April 7, 2025—nearly six months after discovery opened.

9. Plaintiff timely responded to Defendants' written discovery without requesting any extension or continuance.

10. Defendants did not serve subpoenas for Plaintiff's medical records until late August 2025—more than ten months after discovery opened.

11. Plaintiff had already provided Defendants with extensive medical records as part of her initial disclosures and discovery responses.

### The Four Canceled Depositions

12. Defendants noticed Plaintiff's deposition four separate times. Defendants canceled all four depositions. Plaintiff never canceled a deposition.

***First Scheduled Deposition***

13. On August 13, 2025, Defendants served a notice of deposition scheduling Plaintiff's deposition for September 25, 2025.

14. On September 8, 2025, I sent an email to Defendants' counsel reminding him that Plaintiff would require a Spanish interpreter for her deposition, as she does not speak English.

15. Defendants' counsel canceled the September 25, 2025 deposition.

**Second Scheduled Deposition**

16. On September 11, 2025, Defendants served an amended notice of deposition scheduling Plaintiff's deposition for October 7, 2025.

17. Defendants' counsel canceled the October 7, 2025 deposition, stating that he had not yet received Plaintiff's medical records and wanted to review them before taking her deposition.

18. I informed Defendants' counsel that Plaintiff had already produced all medical records in her custody and control. Nevertheless, as a professional courtesy, Plaintiff agreed to reschedule the deposition.

**Third Scheduled Deposition**

19. On November 10, 2025, Defendants served an amended notice of deposition scheduling Plaintiff's deposition for December 10, 2025.

20. On December 8, 2025, having noticed a pattern of disorganization in Defendants' handling of this deposition, I sent a reminder to Defendants' counsel that Plaintiff would need a Spanish interpreter—the same requirement I had communicated in September 2025.

21. Defendants' counsel responded that he had not arranged for an interpreter and canceled the December 10, 2025 deposition for that reason. This was the second time Defendants canceled Plaintiff's deposition because they failed to arrange for an interpreter, despite having been informed of this requirement months earlier.

**Fourth Scheduled Deposition**

22. On December 10, 2025, Defendants served an amended notice of deposition scheduling Plaintiff's deposition for December 16, 2025.

23. At approximately 5:00 p.m. on December 15, 2025—the evening before the scheduled deposition—Defendants' counsel contacted me to state that a software outage affecting his firm's document management system, NetDocuments, had prevented him from preparing for the deposition. Defendants' counsel asked to cancel the deposition.

24. The deposition was scheduled to begin on the morning of December 16, 2025. Defendants' counsel had more than 24 hours between learning of the outage and the scheduled start of the deposition.

25. The documents Defendants' counsel claimed he needed for the deposition—including Plaintiff's medical records and discovery responses—were not exclusively stored in NetDocuments. Plaintiff's medical records and discovery responses had been served via download links that remained accessible. The medical records Defendants obtained through subpoenas served by First Legal could have been re-obtained from First Legal. Plaintiff's counsel would have provided any documents Defendants' counsel needed upon request.

26. Defendants' counsel chose to cancel the deposition without exploring these alternatives and without having confirmed a new date for the deposition.

### Efforts to Reschedule After the Fourth Cancellation

27. Upon receiving notice of the cancellation on the evening of December 15, 2025, I informed Defendants' counsel that I had availability to reschedule the deposition during the week of December 16-23, 2025, and that I would check with Plaintiff to see what dates worked for her.

28. I did not promise that Plaintiff would be available during that week—nor could I, because I had not yet been able to speak with her about the cancellation.

29. On December 16 and 17, 2025, my office communicated with Plaintiff and her family to try to find a time to reschedule the deposition before the December 23, 2025 discovery cutoff.

30. On December 17, 2025, I informed Defendants' counsel that Plaintiff was not available to sit for a deposition before December 23, 2025. Plaintiff's family had traveled from out of the country for the holidays, and she and her family had longstanding holiday plans that could not be rearranged on short notice—particularly given that Defendants had provided less than a week's notice after their fourth cancellation.

31. I did not refuse to produce Plaintiff for a deposition. I informed Defendants' counsel that Plaintiff was unavailable during the narrow window that remained before the discovery cutoff due to Defendants' repeated cancellations.

### The Need for a Spanish Interpreter Was Obvious

32. In addition to being informed directly by Plaintiff's counsel, Defendants had independent evidence that Plaintiff does not speak English. Defendants produced videos from the incident showing officers attempting to interview Plaintiff at the scene and at the hospital. In every one of those videos, Plaintiff is unable to communicate with English-speaking officers and speaks only in Spanish.

33. I am informed and believe that Defendants' counsel either did not review these videos or failed to take note of the obvious fact that Plaintiff requires a Spanish interpreter.

### No Meet and Confer Regarding Summary Judgment

34. As of the date of this declaration, Defendants have not contacted Plaintiff's counsel to schedule a Local Rule 7-3 meet and confer conference regarding their anticipated motion for summary judgment.

### Response to Defendants' Mischaracterization

35. Defendants' counsel claims that during a telephone conversation on December 15, 2025, I expressed surprise upon learning that this case was in federal court and that the discovery cutoff was approaching. This is incorrect.

36. I was fully aware at all times that this case is pending in federal court

and that the discovery cutoff was December 23, 2025. As stated above, the Law Offices of Dale K. Galipo litigates almost exclusively in federal court. I handle approximately 20 active cases, the vast majority of which are pending in federal court. I was not confused about the procedural posture of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2025, at Woodland Hills, California.

Dated: December 30, 2025         **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Alison-Mayne*
             Cooper Alison-Mayne