Mark J. Austin (SBN 208880)
E-mail:  maustin@bwslaw.com
Michelle H. Le (SBN 304264)
E-mail:  mle@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel:  949.863.3363 Fax:  949.863.3350

Attorneys for Defendant/Cross-Claimants
CITY OF TORRANCE and RYAN CADIZ

FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>                Defendants.<br><br>CITY OF TORRANCE AND RYAN CADIZ ,<br><br>                Crossclaimants,<br><br>        v.<br><br>JOHN ESCARENO, JR.<br><br>                Cross-defendant. | Case No. 2:24-CV-07692-DMG-JC<br><br>**RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S *EX PARTE* APPLICATION [dkt 38] DUE TO CORRUPTION OF ORIGINAL DECLARATION DOC [38-1] AFTER UPLOAD TO ECF SYSTEM**<br><br>Judge:    Hon. Dolly M. Gee<br>Ctrm:     8C, 8th floor |

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4912-7873-4469 v1

1

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

## <u>DECLARATION OF MARK J. AUSTIN (RESUBMITTED)</u>

I, Mark J. Austin, declare as follows:

1.    I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendant City of Torrance ("City") in this matter. I am an attorney in good standing with all courts in the State of California. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently thereto under oath. I make this declaration in support of the City's accompanying *ex parte* application to allow further discovery and to continue the trial date and related dates.

2.    This case arises from a police vehicular pursuit, in which Plaintiff Maria Salazar ("Plaintiff") alleges she was struck by the vehicle being driven by the fleeing criminal suspect after Defendant (and Torrance Police Officer) Ryan Cadiz executed a PIT maneuver to stop the suspect's vehicle. A true and correct copy of the First Amended Complaint in this matter, which is included in the Court's Docket as Document No. 1-2, is attached hereto as **Exhibit 8**.

3.    On August 13, 2025, my office served its first notice for the deposition of Plaintiff, setting Plaintiff's deposition for September 25, 2025. A true and correct copy of that deposition notice is attached hereto as **Exhibit 1**.

4.    Later that month, on or about August 25, 2025, my office served subpoenas on all of Plaintiff's medical providers—serving 10 subpoenas in total in that timeframe. All of the subpoenas identified a production date of September 16, 2025, so that my office would receive them in advance of Plaintiff's deposition scheduled for September 25th. A true and correct copy of one of the subpoenas served at this time is attached hereto as **Exhibit 2**.

5.    Plaintiff's counsel sent objections in response to these subpoenas, which I was concerned were also served on the providers themselves. A true and correct copy of those objections is attached hereto as **Exhibit 3**.

6.    In response to these objections, my office sent a letter to the medical

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4912-7873-4469 v1

2

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

providers informing them of their legal duty to produce the records over any objections received from Plaintiff. A true and correct copy of my office's letter to that effect is attached hereto as **Exhibit 4**.

7.     By September 25, 2025—the date of Plaintiff's then-scheduled deposition—my office had not received responses to the vast majority of our medical-record subpoenas. However, on the assumption that we would receive them soon, I agreed with Plaintiff's counsel to a series of short continuances of Plaintiff's deposition—first to October 10th, then to October 27th, then to December 10th, 2025.

8.     Each of these continuances was necessitated and requested because my office had not yet received Plaintiff's full medical records by the scheduled date. In fact, my office did not receive responses to all of the medical-record subpoenas until November 24, 2025.

9.     As of November of 2025, Plaintiff's deposition was scheduled for December 10th. Shortly before that date, however (on December 8th), Plaintiff's counsel reminded me that Plaintiff would need a translator, for she did not speak English. Unfortunately, because of all of the continuances, my assistant had failed to arrange for a translator for the 10th, and the court reporter was unable to arrange one by that date. Thus, the deposition was rescheduled again, to December 16th.

10.     On December 15th, something unexpected occurred. On that date, the on-line application "NetDocuments," which my firm uses as its firmwide database for case documents, experienced a nationwide outage. A true and correct copy of a firmwide email referring to this issue is attached hereto as **Exhibit 5**, and the online link relating to the issue (which I sent to Plaintiff's counsel) is contained on page 12 of the email string contained in **Exhibit 6**.

11.     This nationwide outage of NetDocuments prevented me from accessing *any* of the documents in this case that were relevant to Plaintiff's deposition— including Plaintiff's discovery responses, Plaintiff's medical records, and the critical videos of the incident, among others—all of which were located on this database. As

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4912-7873-4469 v1

3

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

1    a result, I was unable to prepare for Plaintiff's deposition on that date.

2        12.    I gave the issue all day to resolve, even attempting to search the

3    handful of electronic copies of case documents on my hard drive, but none of those

4    documents were usable in Plaintiff's deposition, as they consisted solely of internal

5    City reports. By the end of the day, it was clear that the issue was not going to be

6    resolved in time, and that Plaintiff's deposition was going to have to be continued

7    once again.

8        13.    To that end, late in the afternoon on December 15th, I emailed

9    Plaintiff's counsel, told them of the NetDocuments issue, and asked if the deposition

10   of Plaintiff could be moved one final time, within the next week. A true and correct

11   copy of my email to that effect, and the resulting email exchange, can be found on

12   page 12 of the attached **Exhibit 6**. In response, I spoke over the phone with Cooper

13   Mayne, one of Plaintiff's attorneys.

14       14.    During that telephone call, Mr. Mayne stated that he fully understood

15   the issue, acknowledged that it was outside of my control, and stated that his client

16   could very easily be produced on some date over the next week. With respect to his

17   own schedule, Mr. Mayne stated that he had very few conflicts over the ensuing

18   week, and that Wednesday the 17th, Friday the 19th, Monday the 22nd, or Tuesday the

19   23rd would work for him. With respect to his client, he said that she is "not working"

20   and is "generally available," and that it therefore should not be difficult to find a

21   new date over the next week.

22       15.    Towards the end of the call, however, Mr. Mayne stated that "we still

23   have plenty of time to do her deposition," at which point I reminded Mr. Mayne that

24   the case was in federal court, and that the discovery cut-off was "next week." In

25   response, Mr. Mayne expressed surprise, and indicated that he had forgotten that the

26   case was in federal court and that the discovery cut-off was coming up soon.

27       16.    I was concerned then, based on Mr. Mayne's sudden change in tone,

28   that he would attempt to use this discovery cut-off against me, and refuse to produce

his client. In anticipation of this issue, I asked if Mr. Mayne's office would be willing to continue the discovery cut-off and/or the trial-related dates. Mr. Mayne declined to commit, but confirmed that rescheduling the deposition of his client within the next week should not be an issue.

17.    Thereafter, however, my fears proved true. In the ensuing emails, Mr. Mayne became uncooperative, and stated that he had difficulty getting ahold of his client and pinning her down on a date (which had never occurred in the past). This is shown on pages 1 through 10 of **Exhibit 6**. Ultimately, over December 16th and 17th, I made eight separate email inquiries of Mr. Mayne to secure a new date, with each response from him becoming more uncooperative and raising new excuses. Indeed, I even stated that I would make myself available on any date before the 23rd—including the weekend—to complete the deposition. This is shown on pages 5-6 of **Exhibit 6**.

18.    Ultimately, on December 17th, at 4:59 p.m., Mr. Mayne informed me that his client was unavailable before the discovery cut-off of December 23rd, and that his office would not agree to produce her after the cut-off date. This is shown on page 2 of **Exhibit 6**.  In response, I told Plaintiff's counsel that I had no choice but to apply *ex parte* to re-open discovery and seek to continue the discovery cut-off, and the trial date and related dates. This is shown on page 1, and pages 5-6, of **Exhibit 6**. Mr. Mayne responded: "Understood. Thanks for letting me know." This is likewise shown on page 1 of **Exhibit 6**.

19.    This application is made *ex parte* because (a) the motion cut-off date is quickly approaching on January 2, 2026, and (b) the deadline for the initial disclosure of expert witnesses is likewise approaching on January 27, 2026. If a noticed motion is required for a continuance, the City will be forced to file its motion for summary judgment on January 2nd before discovery has been completed, and to expend costs in preparing expert-witness reports that may otherwise be unnecessary. With respect to experts, they may be rendered unnecessary by the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4912-7873-4469 v1

5

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN
SUPPORT OF CITY OF TORRANCE'S EX PARTE
APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL
DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

motion for summary judgment that the City intends to file after deposing Plaintiff. Among other arguments, the City intends to move for summary judgment based on the immunities provided under Vehicle Code sections 17004 and 17004.7, which concern injuries caused by police vehicular pursuits as alleged in this case.

20.     Although the City is willing, if necessary, to limit its request to a continuance of the discovery cut-off, I believe there is also good cause to continue the trial date and the other dates in the Scheduling Order a commensurate amount of time to accommodate this additional discovery. At the very least, the City respectfully requests that the motion cut-off date (January 2, 2026) and the deadlines for disclosure of expert witnesses, also be continued. With respect to the motion cut-off date, I would prefer to have Plaintiff's deposition taken before filing my planned motion for summary judgment. In addition, the holidays have made it difficult for me to obtain the necessary declarations from City personnel to support that motion, which will be based in large part on the immunities provided under Vehicle Code sections 17004 and 17004.7, relating to police vehicular pursuits. With respect to experts, they may be rendered unnecessary by the City's motion for summary judgment, as noted above.

21.     I commit to completing Plaintiff's deposition within the next 30 days, with the cooperation of Plaintiff's counsel. In addition, no party will be prejudiced by the brief continuance requested. The discovery the City wishes to conduct during the continuance period is reasonable and standard, and this is the first continuance requested in the case.

### **Declaration re *Ex Parte* Notice**

22.     I first provided notice of my intent to apply *ex parte* for this relief on December 17, 2026. (Exh. 6, pp. 1, 5-6.) At that time, I stated that I intended to apply *ex parte* during the weeks of December 22nd or December 29th, and Plaintiff's counsel responded: "Understood. Thanks for letting me know." (Exh. 6, p. 1.)

23.     I later provided additional notice of this *ex parte* application via email

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

4912-7873-4469 v1                                    6                    RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

1  on December 26, 2025. (Exh. 7, p. 1.) At that time, I emailed Plaintiff's counsel and
2  notified them that the application would be filed on December 29, 2025. (Exh. 7, p.
3  1.)  Shortly before filing this application, on the morning of December 29th, I
4  received a response from Plaintiff's counsel stating that they would oppose the
5  requested relief.
6        I declare under penalty of perjury under the laws of California that the
7  foregoing is true and correct.
8        Executed on this 29th day of December, 2025, at Irvine, California.
9
10
11                                    /s/ Mark J. Austin
                                      Mark J. Austin
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4912-7873-4469 v1

7

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN
SUPPORT OF CITY OF TORRANCE'S EX PARTE
APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL
DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

## PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On December 30, 2025, I served true copies of the following document(s) described as **RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [DKT 38] DUE TO CORRUPTION OF ORIGINAL DECLARATION DOC [38-1] AFTER UPLOAD TO ECF SYSTEM** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address bantle@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 30, 2025, at Irvine, California.

/s/ Bernadette C. Antle
Bernadette C. Antle

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4912-7873-4469 v1

1

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN SUPPORT OF CITY OF TORRANCE'S EX PARTE APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

**SERVICE LIST**
**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com |
| *Attorneys for Plaintiff Maria Salazar* | amonguia@galipolaw.com,<br>blevine@galipolaw.com,<br>coopermayne@recap.email<br>evalenzuela@galipolaw.com<br>hlee@galipolaw.com,<br>msincich@galipolaw.com<br>rvalentine@galipolaw.com<br>sanderson@galipolaw.com<br>slaurel@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC | Christian@Cardonafirm.com |
| *Attorneys for Plaintiff Maria Salazar* | |
| Richard T. Copeland | rtc@conflict-solution.com |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4912-7873-4469 v1

2

RESUBMITTED DECLARATION OF MARK J. AUSTIN IN
SUPPORT OF CITY OF TORRANCE'S EX PARTE
APPLICATION [38] DUE TO CORRUPTION OF ORIGINAL
DOCUMENT [38-1] AFTER UPLOAD TO ECF SYSTEM

*Exhibit 1*

1  Mark J. Austin (SBN 208880)
   E-mail:  maustin@bwslaw.com
2  Michelle H. Le (SBN 304264)
   E-mail:  mle@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   18300 Von Karman Avenue, Suite 650
4  Irvine, California 92612-1032
   Tel:  949.863.3363 Fax:  949.863.3350
5
6  Attorneys for Defendants/Cross-Claimants
   CITY OF TORRANCE and RYAN
   CADIZ
7

*FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103*

8

9                    UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

| | |
|---|---|
| 12  MARIA SALAZAR, | Case No. 2:24-CV-07692-DMG-JC |
| 13            Plaintiff, | **DEFENDANTS/CROSS-CLAIMANTS' NOTICE OF DEPOSITION OF PLAINTIFF MARIA SALAZAR** |
| 14        v. | |
| 15  CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR., | Date:      September 25, 2025 |
| 16            Defendants. | Time:      10:00 a.m. Place:     Remotely via Zoom |
| 17 | |
| 18  CITY OF TORRANCE AND RYAN CADIZ , | Judge:    Hon. Dolly M. Gee Ctrm:     8C, 8th floor |
| 19            Crossclaimants, | |
| 20        v. | |
| 21  JOHN ESCARENO, JR. | |
| 22            Cross-defendant. | |
| 23 | |

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

1

Case No. 2:24-CV-07692-DMG-JC
DEFENDANTS/CROSS-CLAIMANTS' NOTICE
OF DEPOSITION OF PLAINTIFF MARIA
SALAZAR

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure ("FRCP"), Defendants/Cross-Claimants City of Torrance and Ryan Cadiz will take the deposition upon oral examination of Plaintiff Maria Salazar. The deposition will be conducted remotely via videoconference on the following date and at the following time, using an internet-based video platform and connection information to be provided prior to the deposition.

**Date: September 25, 2025**

**Time: 10:00 a.m. Pacific Time**

The deposition will be taken before a notary public duly authorized to administer oaths, who will be present, remotely, at the above-listed date and time, and it shall be recorded stenographically. Defendants/Cross-Claimants may cause video and audio recordings of the deposition to be made pursuant to FRCP Rule 30(b)(3). If not completed on the date determined by the parties, the deposition will continue from day to day thereafter, Sundays and holidays excepted, or on such dates as the parties agree and/or the Court allows, until completed. Pursuant to FRCP Rule 32, notice is hereby given that Defendants/Cross-Claimants may introduce the deposition testimony of the deponent at trial.


Dated:  August 13, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By: _____
     Mark J. Austin
     Michelle H. Le
     Attorneys for Defendants/Cross-Claimants
     CITY OF TORRANCE and RYAN CADIZ

2                    Case No. 2:24-CV-07692-DMG-JC
DEFENDANTS/CROSS-CLAIMANTS' NOTICE
OF DEPOSITION OF PLAINTIFF MARIA
SALAZAR

*Exhibit 2*

MARK J. AUSTIN, ESQ., SBN: 208880
Burke Williams & Sorenson LLP
18300 Von Karman Avenue, Suite 650
Irvine, CA 92612
Phone: (949) 265-3410 Fax: (949) 863-3350

Attorney for DEFENDANTS
CITY OF TORRANCE and RYAN CADIZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**

Plaintiff: MARIA SALAZAR
       vs.

Defendant(s): CITY OF TORRANCE,
et al.

**Case No. 2:24-CV-07692-DMG-JC**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

     Rejuvenate Surgical Center - Medical Records
     10212 Westminster Ave., Ste. 102
     Garden Grove,CA 92843

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, DEFENDANTS, CITY OF TORRANCE and RYAN CADIZ, have issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto.  These records will be produced on September 16, 2025.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of September 16, 2025.

1  **YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the

2  party seeking to examine the records, to determine whether the

3  undersigned is willing to agree in writing to cancel or limit said

4  subpoena.

5

6  Dated: 8/25/2025                        MARK J. AUSTIN, ESQ.

7

8                                          By:  ___**/s/ MARK J. AUSTIN, ESQ.**___

9                                          Attorney for DEFENDANTS
                                           CITY OF TORRANCE and RYAN CADIZ
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

224794-07/A088D

## Proof of Service

I, LUTHER MACE, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action. My business address is **1511 Beverly Blvd, Los Angeles, CA 90026.**

On  **August 25, 2025** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX       (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

THE LAW OFFICES OF DALE K GALIPO
DALE K. GALIPO, ESQ
21800 Burbank Blvd Ste 310
Woodland Hills, CA 91367
Representing: MARIA SALAZAR

XXX       (Mailing list continued on next page)

BY MAIL
XXX       As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on  August 25, 2025, at Los Angeles, CA.

XXX       (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: _____
                        LUTHER MACE

224794-07/CPROOF23

First Legal Records
1511 Beverly Blvd
Los Angeles, CA 90026
Phone: (877) 591-9979 Fax: (877) 823-7488

**(Continued from previous page.)**

(MAIL SERVICE) by placing the true copies thereof enclosed in sealed envelope
addressed as follows:

> CARDONA LAW FIRM APC
> CHRISTIAN G. CORDONA, ESQ.
> 600 W Santa Ana Blvd., Ste 790
> Santa Ana, CA 92701
> Representing: MARIA SALAZAR

224794-07/CPROOF23

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 2:24-cv-07692-DMG-JC   Document 42   Filed 12/30/25   Page 18 of 78   Page ID
#:391

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT of CALIFORNIA

| | | |
|---|---|---|
| **MARIA SALAZAR** | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | Civil Action No. 2:24-CV-07692-DMG-JC |
| | ) | |
| **CITY OF TORRANCE, et al.** | ) | |
| *DEFENDANT* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Rejuvenate Surgical Center - Medical Records**
   **10212 Westminster Ave., Ste. 102**
   **Garden Grove, CA 92843**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   **SEE ATTACHMENT 3**

| Place: | Phone: (877) 591-9979 | Date and Time: |
|---|---|---|
| **First Legal Records** | | **9/16/2025 10:00 AM** |
| **1511 Beverly Blvd, Los Angeles, CA 90026** | | |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **August 25, 2025**        *CLERK OF COURT*          OR    *MARK J. AUSTIN, ESQ.*

_____          **/s/ MARK J. AUSTIN, ESQ.**
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANTS CITY OF TORRANCE and RYAN CADIZ, who issues or requests this subpoena, are:
**MARK J. AUSTIN, ESQ.**
**Burke Williams & Sorensen LLP**
**18300 Von Karman Avenue, Suite 650,  Irvine, CA 92612**
**(949) 265-3410 maustin@bwslaw.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/224794-07

# ATTACHMENT TO SUBPOENA

**Name:** **Maria Salazar**
**Date of Birth:** **September 23, 1957**

## Medical records from January 1, 2015 to present:

1.     Any and all medical and pharmacy records pertaining to Maria Salazar (Date of Birth: September 23, 1957), including, but not limited to:

     (a)     medical histories, including, but not limited to, questionnaires filled out by Maria Salazar or others and notes of interviews regarding same;

     (b)     doctors' notes and orders;

     (c)     charts;

     (d)     nurses' notes and reports;

     (e)     laboratory records and reports;

     (f)     progress notes;

     (g)     reports of diagnosis, prognosis, treatment, examination, and/or consultation;

     (h)     correspondence with or regarding Maria Salazar;

     (i)     recordings or writings reflecting or containing statements made by or on behalf of Maria Salazar, regarding her mental, emotional, or physical conditions;

     (j)     discharge reports;

     (k)     operative reports,

     (1)     x-ray reports, MRI reports, imaging reports;

2.     All appointment records;

3.     All records of charges, billings, and payments pertaining to services provided to Maria Salazar, including, but not limited to, documents concerning any liens;

4.     Any and all other data and documents relating to Maria Salazar; and

5.     Any and all documents regarding testing performed on Maria Salazar, including, but not limited to, raw data from tests.

# ATTACHMENT 3 TO SUBPOENA

**Name:**               **Maria Salazar**
**Date of Birth:**      **September 23, 1957**


## Billing records from January 1, 2015 to present:

ANY and ALL billing records that reference or relate to amounts owed and/or paid by or on behalf of Maria Salazar (Date of Birth: September 23, 1957), including but not limited to, invoices, receipts, letters, communications, notes, notifications, bills, diagnostic codes, statements, itemized breakdowns of all charges, payments, adjustments, write-offs, balances due, sources of each, and all EOBs from any insurance carrier. Documents should also include, but not be limited to, any records that may be stored digitally or electronically.

ANY and ALL records that reference or relate to medical liens related to services provided to Maria Salazar (Date of Birth: September 23, 1957), including, but not limited to, communications, notes, notifications, invoices, and communications. Documents should also include, but not be limited to, any records that may be stored digitally or electronically.

4908-7149-8030 v1

**Attestation Regarding a Requested Use or Disclosure of Protected Health Information**

**Potentially Related to Reproductive Health Care**

The entire form must be completed for the attestation to be valid.

| **Name of person(s) or specific identification of the class of persons to receive the requested PHI.** |
|---|
| MARK J. AUSTIN, ESQ., Burke Williams & Sorenson LLP<br>C/O First Legal Records, 1511 Beverly Blvd , Los Angeles, CA 90026 |

| **Name or other specific identification of the person or class of persons from whom you are requesting the use or disclosure.** |
|---|
| Rejuvenate Surgical Center - Medical Records, 10212 Westminster Ave. Garden Grove, CA  92843 |

| **Description of specific PHI requested, including name(s) of individual(s), if practicable, or a description of the class of individuals, whose protected health information you are requesting.** |
|---|
| Regarding: MARIA SALAZAR, DOB: 09/23/1957, Medical, Other: SEE ATTACHMENT 3, Prescription, Jan 01, 2015 To Present |

I attest that the use or disclosure of PHI that I am requesting is not for a purpose prohibited by the HIPAA Privacy Rule at 45 CFR 164.502(a)(5)(iii) because of one of the following (check one box):

[X] The purpose of the use or disclosure of protected health information is not to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes.

[ ] The purpose of the use or disclosure of protected health information is to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care, or to identify any person for such purposes, but the reproductive health care at issue was not lawful under the circumstances in which it was provided.

I understand that I may be subject to criminal penalties pursuant to 42 U.S.C. 1320d-6 if I knowingly and in violation of HIPAA obtain individually identifiable health information relating to an individual or disclose individually identifiable health information to another person.

Signature of the person requesting the PHI

► _____     Date __08/25/2025__

If you have signed as a representative of the person requesting PHI, provide a description of your authority to act for that person.

_____

*This attestation document may be provided in electronic format, and electronically signed by the person requesting protected health information when the electronic signature is valid under applicable Federal and state law.*

ATTESTATION/224794-07

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Case 2:24-cv-07692-DMG-JC    Document 42    Filed 12/30/25    Page 22 of 78    Page ID #:597

Civil Action No. **2:24-CV-07692-DMG-JC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **Rejuvenate Surgical Center - Medical Records**

on *(date)* **08/25/2025**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

**None Assigned**
_____
*Printed name and title*

, ,
_____
*Server's Address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

*Exhibit 3*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (Bar No. 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIA SALAZAR,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>        Defendants. | **Case No. 2:24-cv-07692-DMG-JC**<br>*District Judge Dolly M. Gee*<br>*Magistrate Judge Jacqueline Chooljian*<br><br>**PLAINTIFF'S OBJECTIONS TO SUBPOENAS SENT BY DEFENDANT CITY OF TORRANCE** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Maria Salazar, by and through her counsel of record, hereby objects to the following subpoenas served by Defendant City of Torrance on or about August 25, 2025 with a production date of September 16, 2025:

- Shin Imaging LLC
- Rejuvenate Surgical Center – Radiology
- Rejuvenate Surgical Center – Billing Records
- Rejuvenate Surgical Center – Medical Records
- FarNeurosurgery – Billing
- FariNeurosurgery – Medical and Radiology

- Healthcare Chiropractic – Radiology Records
- Healthcare Chiropractic – Billing Records
- Healthcare Chiropractic (General)
- AMR Rancho Cordova

**Grounds for Objection**

*Overbreadth and Lack of Relevance.* Each subpoena seeks "all records" from January 1, 2015 to the present, even though the incident at issue in this litigation occurred in 2024. The requests are not limited in time or subject matter and are therefore facially overbroad and not proportional to the needs of this case.

*HIPAA Noncompliance.* No HIPAA-compliant qualified protective order accompanied the subpoenas. The requests seek disclosure of protected health information (PHI) in violation of the Health Insurance Portability and Accountability Act.

*Violation of California Law and Privacy Rights.* The subpoenas seek disclosure of confidential medical information in violation of the California Confidentiality of Medical Information Act and infringe upon Plaintiff's constitutional right to privacy under state and federal law.

*Privilege.* The subpoenas call for materials protected by the physician–patient privilege and psychotherapist–patient privilege. They also encompass categories of records requiring heightened protection, since there are no limits as to subject matter.

*Billing Records.* To the extent the subpoenas seek billing information, those records also contain protected health information, including diagnostic codes and treatment descriptions, which are subject to the same HIPAA, privacy, and privilege objections.

**Notice to Providers**

Plaintiff has sent written objections to each subpoenaed provider, advising them not to produce any records absent a court order compelling disclosure.

**Reservation of Rights**

     Plaintiff expressly reserves the right to move to quash or for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and 45(d)(3), and applicable California law, and to assert any additional objections as may be warranted.


DATED:  September 3, 2025     LAW OFFICES OF DALE K. GALIPO

                            By:     */s/Cooper Alison-Mayne*

                                 Dale K. Galipo

                                 Cooper Alison-Mayne

                                 *Attorneys for Plaintiff*

PLAINTIFF'S OBJECTIONS TO SUBPOENAS SENT BY DEFENDANT CITY OF TORRANCE

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On September 03, 2025, I served the foregoing document described as: **PLAINTIFF'S OBJECTIONS TO SUBPOENAS SENT BY DEFENDANT CITY OF TORRANCE** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

<u>METHOD OF SERVICE</u>

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) I caused a copy of the document(s) to be sent from e-mail address dgilbert@galipolaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 03, 2025, at Woodland Hills, California.

_____/s/ *Darci Gilbert*_____
Darci Gilbert

**SERVICE LIST**

-3-

1

2    PATRICK Q. SULLIVAN, City Attorney - SBN 179922
     JEANNE-MARIE LITVIN, Deputy City Attorney – SBN 286038
3    City of Torrance, City Attorney's Office
     3031 Torrance Blvd.
4    Torrance, CA 90503-5015
     310-618-2744
5    Fax: 310-618-2749
     Email: JLitvin@TorranceCA.Gov
6
     Attorney for Defendants CITY OF TORRANCE and RYAN CADIZ
7
     MARK J. AUSTIN, Attorney – SBN 208880
8    MICHELLE H. LE, Attorney – SBN 304264
     Burke, Williams, and Sorensen, LLP
9    18300 Von Karman Avenue, Suite 650
     Irvine, CA  92612
10   949.863.3363
     Fax: 949.863.3350
11   Email: MAustin@bwslaw.com;
            MLe@bwslaw.com;
12          BAntle@bwslaw.com;
            VValdivia@bwslaw.com
13
     Attorney for Defendants CITY OF TORRANCE and RYAN CADIZ
14
     CHRISTIAN CARDONA – SBN 345715
15   Cardona Law Firm, APC
     600 W Santa Ana Blvd Ste 790,
16   Santa Ana, CA 92701-4527
     714-953-3107
17   Fax: 714-953-3119
     Email: Christian@cardonafirm.com
18
     Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

*Exhibit 4*

**burke**

BURKE, WILLIAMS & SORENSEN, LLP

18300 Von Karman Avenue - Suite 650
Irvine, California 92612-1032
voice 949.863.3363 - fax 949.863.3350
www.bwslaw.com

Direct No.: 949.265.3402
Our File No.: 07624.0004
mle@bwslaw.com

September 12, 2025

**VIA E-MAIL AND U.S. MAIL**

SEE ATTACHED SERVICE LIST

> Re:   ***Maria Salazar v. City of Torrance, et al.***, U.S.D.C. Case No. 2:24-CV-
> 07692-DMG-JC | Defendants' Response to Plaintiff Maria Salazar's
> Objections to Subpoenas

Dear Sir or Madam:

This office represents Defendants City of Torrance and Ryan Cadiz in the above-identified lawsuit. My office served subpoenas for medical, billing, and/or radiology records pertaining to Plaintiff Maria Salazar on your office on or about August 25, 2025.

In response, Ms. Salazar's attorneys have advised our office that they sent your office written objections to the subpoenas on or about September 3, 2025, advising you "not to produce any records absent a court order compelling disclosure." (*See* "Plaintiff's Objections to Subpoenas Sent By Defendant City of Torrance," enclosed herewith.)

Ms. Salazar's objections are **NOT** legally sufficient to stop your legal obligation as ordered by the subpoenas to produce the requested records pursuant to Federal Rule of Civil Procedure 45. Ms. Salazar must file a motion to quash and/or a motion for protective order in order to stop the production of records pursuant to the subpoenas. Ms. Salazar cannot simply serve objections. (*See* C*alifornia Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.* (ED CA 2014) 299 FRD 638, 643; *U.S. Bank Nat'l Ass'n v. James* (D ME 2010) 264 FRD 17, 18-19.)

Ms. Salazar has not filed a motion to quash, nor a motion for a protective order, regarding the subpoenas. Moreover, Ms. Salazar only has until September 16, 2025 (the production deadline) to file any such motion. (*See King v. Fidelity Nat'l Bank of Baton Rouge* (5th Cir. 1983) 712 F2d 188, 191.) To date, **Ms. Salazar has filed no such motion**.

As such, your legal obligation to produce responsive records remains legally binding pursuant to Federal Rule of Civil Procedure 45. We therefore request that your

SEE SERVICE LIST
September 12, 2025
Page 2

office continue in its efforts to comply with the subpoenas and produce the requested records by the production deadline of September 16, 2025.

Please do not hesitate to contact me if you have any questions or concerns. My direct number and email address are listed above in the top right-hand corner of page 1 of this letter. Thank you very much for your cooperation.

Sincerely,

BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Michelle H. Le*

Michelle H. Le

MHL:VAV

cc:    Mark J. Austin
       Cooper Mayne (Plaintiff's Counsel, THE LAW OFFICES OF DALE K GALIPO)
       Dale Galipo (Plaintiff's Counsel, THE LAW OFFICES OF DALE K GALIPO)
       Christian Cardona (Plaintiff's Counsel, CARDONA LAW FIRM APC)

Enclosure: Plaintiff's Objections to Subpoenas Sent By Defendant City of Torrance

SEE SERVICE LIST
September 12, 2025
Page 1

### PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 444 South Flower Street, 40th Floor, Los Angeles, CA 90071-2942.

    On September 12, 2025, I served true copies of the following document(s) described as **Defendants' Response to Plaintiff Maria Salazar's Objections to Subpoenas** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Burke, Williams & Sorensen, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address vvaldivia@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 12, 2025, at Los Angeles, California.

_____
Dolores Arizaga

4933-7656-6631 v4

SEE SERVICE LIST
September 12, 2025
Page 2

**SERVICE LIST**

Shin Imaging LLC
c/o CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

Rejuvenate Surgical Center – Radiology
10212 Westminster Ave., Ste. 102
Garden Grove, CA 92843

Rejuvenate Surgical Center – Billing Records
10212 Westminster Ave., Ste. 102
Garden Grove, CA 92843

Rejuvenate Surgical Center – Medical Records
10212 Westminster Ave., Ste. 102
Garden Grove, CA 92843

FARINeurosurgery – Billing                    subpoena@doctorfarin.com
701 E. 28th Stre
Long Beach, CA 90806

FariNeurosurgery – Medical and Radiology      subpoena@doctorfarin.com
455 E. Colombia Street, Ste 201
Long Beach, CA 9080


Back to Healthcare Chiropractic – Radiology   Geralyn.bthc@gmail.com
Records
23377 Hawthorne Blvd., Ste. A
Torrance, CA 90505

Back to Healthcare Chiropractic – Billing     Geralyn.bthc@gmail.com
Records
23377 Hawthorne Blvd., Ste. A
Torrance, CA 90505

SEE SERVICE LIST
September 12, 2025
Page 3

Back to Healthcare Chiropractic – Medical          Geralyn.bthc@gmail.com
Records
23377 Hawthorne Blvd., Ste. A
Torrance, CA 90505

American Medical Response, Inc. (AMR)             By fax to 833-821-5254
c/o CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

*Exhibit 5*

| | |
|---|---|
| **From:** | Long, Robert |
| **Sent:** | Monday, December 15, 2025 10:05 AM |
| **To:** | BWS Everyone |
| **Cc:** | IT Department |
| **Subject:** | ATTN: NET DOCUMENTS ISSUES |

All,

Net Docs is experiencing technical issues (logging in, searching, navigating, etc) this morning and they are working to resolve them (see status page below). We are monitoring their status page and as soon as we see that the issues have been resolved, we will send another email out to everyone.

Thanks for your patience.

Rob

## Service Impact

**Update** - We are still actively remediating the issue with the US Service. The d□ impacted after a change window. We have engaged our database vendor and issue. During this time, some users may experience difficulty with searching fo Advanced Search page. Other symptoms may present themselves intermitten□

From the work that has been completed, improvement is being observed in the searching and lookup table interactions, but full recovery across the platform ha□ achieved. As a result, the previous estimate for recovery has been extended a□

We will continue to provide updates to this post as remediation work continues.

**Robert Long | Network Administrator**

**Burke, Williams & Sorensen, LLP**
**Helpline** 213.236.2720 **| Direct** 213.236.2730
tech@bwslaw.com | rlong@bwslaw.com

`

*Exhibit 6*

| | |
|---|---|
| **From:** | Cooper Mayne <CMayne@galipolaw.com> |
| **Sent:** | Wednesday, December 17, 2025 5:05 PM |
| **To:** | Austin, Mark J.; Darci Gilbert |
| **Cc:** | Antle, Bernadette; Dale Galipo |
| **Subject:** | RE: Salazar:  Amended Notice of Deposition of Plaintiff Maria Salazar |

[EXTERNAL]

Understood. Thanks for letting me know. Not sure why it would be ex parte, but I'm sure you will explain that in your motion.

Happy holidays,
Cooper

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J.
**Sent:** Wednesday, December 17, 2025 5:02 PM
**To:** Cooper Mayne ; Darci Gilbert
**Cc:** Antle, Bernadette ; Dale Galipo
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thank you. We will be proceeding next week or the following ex parte to continue the trial date and all related dates.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further

review, dissemination, distribution or copying of this communication by you or anyone else is strictly
prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 4:59 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Darci Gilbert <dgilbert@galipolaw.com>
**Cc:** Antle, Bernadette <BAntle@bwslaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

[EXTERNAL]

Mark,

To be clear, I told you I could make it work for my schedule but that I needed to confirm with my client.

We just heard back that rescheduling it before the 23rd isn't going to work. Ms. Salazar has family visiting from
Mexico for the holidays, she has lots of holiday plans and is not available for a deposition.

I spoke with Dale about potentially stipulating to continue discovery deadlines. He's not open to that.

Best regards,
Cooper

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd.,
Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com
www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any
review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or
authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all
copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 12:26 PM
**To:** Darci Gilbert <dgilbert@galipolaw.com>
**Cc:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>; Dale Galipo
<dalekgalipo@yahoo.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

So do you plan to produce her over the week or not? On Monday Cooper made very clear she would be
produced. Now his tune has changed and your office is being combative and making excuses.

On Dec 17, 2025, at 12:14 PM, Darci Gilbert <dgilbert@galipolaw.com> wrote:

[EXTERNAL]

Good afternoon counsel,

We would like to note that on September 8, 2025, at 12:24pm, Cooper sent an email out
informing you that Maria Salazar will need a translator, as she speaks Spanish.


Thank you,
Darci

---

**From:** Cooper Mayne <CMayne@galipolaw.com>
**Sent:** Wednesday, December 17, 2025 11:11 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com)
<dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Mark,

We told you she needed an interpreter when we were scheduling the first deposition.

The case is *Heimbach v. Stanislaus* (E.D. Cal.), 23-cv-01887. We are hoping to settle the case,
but we'll see.

Thanks for offering to pay for an Uber, that may help.


Best regards,
Cooper


**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800
Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email:
cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended
recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are
not the intended recipient (or authorized to receive for the recipient), please contact the sender by
reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 11:05 AM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com)
<dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Cooper:

It is very clear this is gamesmanship, in that everything you are saying now is at odds with our
phone conversation on Monday night, when you were unaware of the upcoming discovery cut-

off. At that time, you said you were "generally available" over the next week, without any significant conflicts, and that it was just a matter of confirming your client's availability.

Meanwhile, whenever the deposition has been cancelled in the past, you have been able to confirm a new date within a day. Now it is suddenly taking you days to determine.

I will also point out that the last two cancellations were not the fault of our office. Last time, you neglected to tell us an interpreter was needed until the day before the deposition, and we could not arrange one at the last minute. This week, there was a nationwide outage of our document-management system that disabled me from accessing any of the case exhibits, and that I was not certain would be resolved by the next day.

If transportation to your office is the issue, my firm will agree to pay the cost for an Uber to transport her there if the deposition occurs on or before December 23rd.

Finally, please provide the case number for which you purportedly have the Final Pre-Trial Conference tomorrow and the trial starting in January. You mentioned neither of those things on Monday during our phone call, when you said that you were available on all of the dates I was available over the next week.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 10:41 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com) <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Mark,

I want to address your suggestion that I'm "playing games" — I'm not, and I'm disappointed by that characterization given the history here.

This deposition has been canceled *four times*, and each cancellation has been at your request. Each time, we've had to reorganize my schedule and my client's arrangements. Most recently, you canceled at 5:00 p.m. the evening before the deposition was scheduled to occur. My client is not great with phones and did not see my text message informing her of the cancellation. When I called her the next morning to discuss rescheduling, she was already in the car — her daughter had rearranged her schedule to drive my client to our office for the deposition.

Rescheduling is not as simple as a single phone call. Coordinating that with her family takes time, particularly as the holidays approach.

On my end, I have a trial beginning January 5 with a final pretrial conference *tomorrow*. It's a catastrophic injury case involving an eleven-month hospitalization and tens of thousands of pages of medical records. I'm working full-out to get prepared for trial before the holidays so that I don't have to cancel my holiday plans. As for your suggestion of Saturday or Sunday, I cannot do that. I have plans with family who are in town from New York.

At this late stage it is not easy to get a date that works for everyone, but I am still trying. Also, I'll talk to Dale about whether we can stipulate to extend discovery for the sole purpose of getting this deposition done.

Cc'ing Dale so he has the context.

Thanks,
Cooper


**Cooper Alison-Mayne, Associate Attorney | The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 9:53 AM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thanks, Cooper.

It is very clear from my end that you are now playing games. You make vague references to "working on it," but even a single conversation with your client would tell you whether she is or is not available. You provide no specifics other than an alleged inability to "find a date certain."

I note that, during our phone conversation on Monday evening, you stated that we "still have plenty of time for discovery," and that you were unaware that the discovery cut-off is actually next week until I informed you of that fact. You now appear to be using that deadline to your advantage, and going back on your clear representations over the phone, which was that we would easily find a date over the next week.

From my end, I will make myself available on <u>any date</u> between today and December 23rd. If we choose tomorrow, I will have to begin the deposition at 1:30. Also, although I have a conflict in another matter on Monday, <u>I will move it</u> if necessary to accommodate your client. Thus, I can be available tomorrow, Friday, Monday, or Tuesday. I will even myself available over the weekend – <u>Saturday or Sunday</u>.

I am not amenable to a deposition by written questions. However, I am amenable to agreeing to extend the discovery cut-off date and take the deposition after the 23rd if we have a written agreement to that effect.

If we do not reach agreement on the above, we will proceed *ex parte* next week or the following, seeking to re-open discovery for your client's deposition and/or to continue the trial date.

Please provide an update by early afternoon today, so I know whether we are proceeding tomorrow or on one of the other suggested dates.

Thank you,


**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 9:28 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Good morning, Mark,

Still working on it. The difficulty is that Ms. Salazar and her family already rearranged their schedules to make Tuesday work. In fact, she didn't receive my message that you had canceled the deposition until she was already driving to our office. Finding another date on short notice has been a challenge, especially as the holidays approach. Also, my schedule is tight as a case I thought was going to settle has not resolved yet and trial is scheduled for January 5.

I'm still hoping we can find a date that works for everyone, but I haven't been able to get a date certain yet. You said you are available Friday, Monday or Tuesday, right?

Alternatively, if a live deposition continues to be difficult to schedule, we could consider deposition by written questions under Rule 31. I'm not sure that would work for you, and I'd have to look into it, as we probably wouldn't have enough time be able to prepare answers within the discovery period. But it's worth thinking about.

I'm cc'ing Darci, as she's been helping with the scheduling.

Thanks,
Cooper


**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 4:41 PM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Hi Cooper. Any update?


**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee

named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Austin, Mark J.
**Sent:** Tuesday, December 16, 2025 12:30 PM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thanks. I need to know today, Cooper.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Tuesday, December 16, 2025 12:28 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Mark, she is but as I mentioned I have to coordinate with her family as well to find someone to drive her since she does not have access to Zoom.

I'll update you as soon as I have some dates that work.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 12:18:09 PM

8

**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

You also said your client is "generally available." Also, this has not been the "fifth cancellation," nor were the last two under my control. Can you inquire of your client again?

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Tuesday, December 16, 2025 12:12 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Mark, I said I'm available and that I would check with my client. I'm waiting to hear back. I remain hopeful that we can accommodate your 5th cancellation of plaintiff's deposition.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 12:07:58 PM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Hi Cooper. Just following up. Last night you said one the dates we discussed over the next week would work. Do you have an update? Please let me know ASAP. I can do as early as tomorrow or Friday. The only dates that don't work are Thursday and Monday.

Our NetDocuments system is working now.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Austin, Mark J.
**Sent:** Tuesday, December 16, 2025 10:06 AM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Good morning, Cooper. Any update on a new deposition date for your client?

Also, with respect to continuance of the trial date, we intend to get an MSJ on calendar before the existing deadline. However, I note that initial expert reports are due in late January. If we have an MSJ pending for that time period, and we are talking settlement, we may not want to incur the costs of experts.

Let me know if that changes your calculus with respect to a potential stipulation. I think even a short one – a few months – would suffice.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN

ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE
AT 800.333.4297. Thank you.

---

**From:** Austin, Mark J.
**Sent:** Monday, December 15, 2025 5:00 PM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette
<BAntle@bwslaw.com>; dalekgalipo@yahoo.com; Leslie De Leon
<ldeleon@galipolaw.com>; Darci Gilbert <dgilbert@galipolaw.com>;
Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

I am calling now. I can generally be reached on my cell, which is 949-293-5340.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL
use of the designated addressee named above. The information transmitted is subject to
the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are
not the designated addressee named above or the authorized agent responsible for
delivering it to the designated addressee, you received this document through inadvertent
error and any further review, dissemination, distribution or copying of this communication
by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN
ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE
AT 800.333.4297. Thank you.

---

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Monday, December 15, 2025 4:58 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>;
dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Darci Gilbert
<dgilbert@galipolaw.com>; Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

---

Yes you can call me. But our phones shut down at 5pm... I tried calling you but nobody
answered.

**Cooper Alison-Mayne, Associate Attorney** | The Law Offices of Dale K. Galipo
| 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office:
+1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Monday, December 15, 2025 4:55 PM
**To:** Antle, Bernadette <BAntle@bwslaw.com>; dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Cooper Mayne <CMayne@galipolaw.com>; Darci Gilbert <dgilbert@galipolaw.com>; Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar
**Importance:** High

Counsel: Do you have time for a call? We are experiencing some kind of firm-wide issue with "NetDocuments," which is our document management system.

You can see the issue outlined on the company's website here: NetDocuments US Status

Long story short: Without access to NetDocs, I am unable to access the case documents, including the documents I intend to use as exhibits.

Is there any other day this week that will work for your client's deposition? I will work with you. My best day is Friday.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Antle, Bernadette
**Sent:** Wednesday, December 10, 2025 9:57 AM
**To:** dalekgalipo@yahoo.com; ldeleon@galipolaw.com; cmayne@galipolaw.com; dgilbert@galipolaw.com; Christian@Cardonafirm.com
**Cc:** Austin, Mark J. <MAustin@bwslaw.com>
**Subject:** Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Dear Counsel: Attached for electronic service is Defs/Cross-Claimants' second amended notice of deposition of Pltf Maria Salazar. As previously noticed, the deposition will take place via Zoom and a Spanish interpreter will be provided.

**Bernadette Antle | Legal Secretary**

Mark J. Austin, Ryan Kennedy, Martin Kosla
Deann R. Rivard, and Solange Z. Fortenbach
*she, her, hers*

**Burke, Williams & Sorensen, LLP**

18300 Von Karman Avenue - Suite 650, Irvine, CA 92612

**D** 949.265.3407 | **O** 949.863.3363 | **F** 949.863.3350

bantle@bwslaw.com | vCard | bwslaw.com

---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

*Exhibit 7*

| | |
|---|---|
| **From:** | Austin, Mark J. |
| **Sent:** | Friday, December 26, 2025 3:18 PM |
| **To:** | 'Cooper Mayne'; Darci Gilbert |
| **Cc:** | Antle, Bernadette; Dale Galipo |
| **Subject:** | RE: Salazar:  Amended Notice of Deposition of Plaintiff Maria Salazar |

Cooper and Dale:

I hope you're having a nice holiday week. I am following up on the below. On December 17th, I informed you that, over the ensuing couple of weeks, I would be seeking ex parte relief to continue the trial date and related deadlines and cut-offs.

I now want to provide you with formal notice that I will be filing my ex parte application next Monday, December 29th. I will be seeking an order extending the non-expert discovery cut-off date to permit the City to depose the plaintiff. In addition, although an extension of the discovery cut-off is the primary relief I will be seeking, I will also ask the court to continue the trial date and all related dates in the current Scheduling Order to allow for the additional discovery.

In addition to needing additional time for the deposition of your client, I also believe an extension of the motion cut-off date (January 2, 2026) is warranted because the holidays are making it difficult to contact City personnel.

Please let me know if your position on any of these items has changed, or if you are still unwilling to (a) produce your client for a deposition after the discovery cut-off, or (2) stipulate to extend any of the other dates.

Thank you,

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 5:05 PM
**To:** Austin, Mark J. ; Darci Gilbert
**Cc:** Antle, Bernadette ; Dale Galipo
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Understood. Thanks for letting me know. Not sure why it would be ex parte, but I'm sure you will explain that in your motion.

Happy holidays,
Cooper

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 5:02 PM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Darci Gilbert <dgilbert@galipolaw.com>
**Cc:** Antle, Bernadette <BAntle@bwslaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thank you. We will be proceeding next week or the following ex parte to continue the trial date and all related dates.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 4:59 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Darci Gilbert <dgilbert@galipolaw.com>
**Cc:** Antle, Bernadette <BAntle@bwslaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Mark,

To be clear, I told you I could make it work for my schedule but that I needed to confirm with my client.

We just heard back that rescheduling it before the 23rd isn't going to work. Ms. Salazar has family visiting from Mexico for the holidays, she has lots of holiday plans and is not available for a deposition.

I spoke with Dale about potentially stipulating to continue discovery deadlines. He's not open to that.

Best regards,
Cooper

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 12:26 PM
**To:** Darci Gilbert <dgilbert@galipolaw.com>
**Cc:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>; Dale Galipo <dalekgalipo@yahoo.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

So do you plan to produce her over the week or not? On Monday Cooper made very clear she would be produced. Now his tune has changed and your office is being combative and making excuses.

On Dec 17, 2025, at 12:14 PM, Darci Gilbert <dgilbert@galipolaw.com> wrote:

[EXTERNAL]

Good afternoon counsel,

We would like to note that on September 8, 2025, at 12:24pm, Cooper sent an email out informing you that Maria Salazar will need a translator, as she speaks Spanish.

Thank you,
Darci

**From:** Cooper Mayne <CMayne@galipolaw.com>
**Sent:** Wednesday, December 17, 2025 11:11 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com) <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Mark,

We told you she needed an interpreter when we were scheduling the first deposition.

The case is *Heimbach v. Stanislaus* (E.D. Cal.), 23-cv-01887. We are hoping to settle the case, but we'll see.

Thanks for offering to pay for an Uber, that may help.

Best regards,
Cooper

**Cooper Alison-Mayne, Associate Attorney** | The Law Offices of Dale K. Galipo
| 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office:
+1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 11:05 AM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com) <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Cooper:

It is very clear this is gamesmanship, in that everything you are saying now is at odds with our phone conversation on Monday night, when you were unaware of the upcoming discovery cut-off. At that time, you said you were "generally available" over the next week, without any significant conflicts, and that it was just a matter of confirming your client's availability.

Meanwhile, whenever the deposition has been cancelled in the past, you have been able to confirm a new date within a day. Now it is suddenly taking you days to determine.

I will also point out that the last two cancellations were not the fault of our office. Last time, you neglected to tell us an interpreter was needed until the day before the deposition, and we could not arrange one at the last minute. This week, there was a nationwide outage of our document-management system that disabled me from accessing any of the case exhibits, and that I was not certain would be resolved by the next day.

If transportation to your office is the issue, my firm will agree to pay the cost for an Uber to transport her there if the deposition occurs on or before December 23rd.

Finally, please provide the case number for which you purportedly have the Final Pre-Trial Conference tomorrow and the trial starting in January. You mentioned neither of those things on Monday during our phone call, when you said that you were available on all of the dates I was available over the next week.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 10:41 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>; Dale Galipo (dalekgalipo@yahoo.com) <dalekgalipo@yahoo.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

[EXTERNAL]

Mark,

I want to address your suggestion that I'm "playing games" — I'm not, and I'm disappointed by that characterization given the history here.

This deposition has been canceled *four times*, and each cancellation has been at your request. Each time, we've had to reorganize my schedule and my client's arrangements. Most recently, you canceled at 5:00 p.m. the evening before the deposition was scheduled to occur. My client is not great with phones and did not see my text message informing her of the cancellation. When I called her the next morning to discuss rescheduling, she was already in the car — her daughter had rearranged her schedule to drive my client to our office for the deposition.

Rescheduling is not as simple as a single phone call. Coordinating that with her family takes time, particularly as the holidays approach.

On my end, I have a trial beginning January 5 with a final pretrial conference *tomorrow*. It's a catastrophic injury case involving an eleven-month hospitalization and tens of thousands of pages of medical records. I'm working full-out to get prepared for trial before the holidays so that I don't have to cancel my holiday plans. As for your suggestion of Saturday or Sunday, I cannot do that. I have plans with family who are in town from New York.

At this late stage it is not easy to get a date that works for everyone, but I am still trying. Also, I'll talk to Dale about whether we can stipulate to extend discovery for the sole purpose of getting this deposition done.

Cc'ing Dale so he has the context.

Thanks,

Cooper

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo**
| 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Wednesday, December 17, 2025 9:53 AM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thanks, Cooper.

It is very clear from my end that you are now playing games. You make vague references to "working on it," but even a single conversation with your client would tell you whether she is or is not available. You provide no specifics other than an alleged inability to "find a date certain."

I note that, during our phone conversation on Monday evening, you stated that we "still have plenty of time for discovery," and that you were unaware that the discovery cut-off is actually next week until I informed you of that fact. You now appear to be using that deadline to your advantage, and going back on your clear representations over the phone, which was that we would easily find a date over the next week.

From my end, I will make myself available on any date between today and December 23rd. If we choose tomorrow, I will have to begin the deposition at 1:30. Also, although I have a conflict in another matter on Monday, I will move it if necessary to accommodate your client. Thus, I can be available tomorrow, Friday, Monday, or Tuesday. I will even myself available over the weekend – Saturday or Sunday.

I am not amenable to a deposition by written questions. However, I am amenable to agreeing to extend the discovery cut-off date and take the deposition after the 23rd if we have a written agreement to that effect.

If we do not reach agreement on the above, we will proceed *ex parte* next week or the following, seeking to re-open discovery for your client's deposition and/or to continue the trial date.

Please provide an update by early afternoon today, so I know whether we are proceeding tomorrow or on one of the other suggested dates.

Thank you,

Mark J. Austin | Partner
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612

d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Wednesday, December 17, 2025 9:28 AM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Cc:** Darci Gilbert <dgilbert@galipolaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

Good morning, Mark,

Still working on it. The difficulty is that Ms. Salazar and her family already rearranged their schedules to make Tuesday work. In fact, she didn't receive my message that you had canceled the deposition until she was already driving to our office. Finding another date on short notice has been a challenge, especially as the holidays approach. Also, my schedule is tight as a case I thought was going to settle has not resolved yet and trial is scheduled for January 5.

I'm still hoping we can find a date that works for everyone, but I haven't been able to get a date certain yet. You said you are available Friday, Monday or Tuesday, right?

Alternatively, if a live deposition continues to be difficult to schedule, we could consider deposition by written questions under Rule 31. I'm not sure that would work for you, and I'd have to look into it, as we probably wouldn't have enough time be able to prepare answers within the discovery period. But it's worth thinking about.

I'm cc'ing Darci, as she's been helping with the scheduling.

Thanks,
Cooper


**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo**
| 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office:
+1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 4:41 PM

**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Hi Cooper. Any update?

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Austin, Mark J.
**Sent:** Tuesday, December 16, 2025 12:30 PM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Thanks. I need to know today, Cooper.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Tuesday, December 16, 2025 12:28 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

[EXTERNAL]

Mark, she is but as I mentioned I have to coordinate with her family as well to find someone to drive her since she does not have access to Zoom.

I'll update you as soon as I have some dates that work.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 12:18:09 PM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

You also said your client is "generally available." Also, this has not been the "fifth cancellation," nor
were the last two under my control. Can you inquire of your client again?

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named
above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named
above or the authorized agent responsible for delivering it to the designated addressee, you received this document through
inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is
strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY
TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Tuesday, December 16, 2025 12:12 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** Re: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

**[EXTERNAL]**

---

Mark, I said I'm available and that I would check with my client. I'm waiting to hear back. I
remain hopeful that we can accommodate your 5th cancellation of plaintiff's deposition.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Tuesday, December 16, 2025 12:07:58 PM
**To:** Cooper Mayne <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Hi Cooper. Just following up. Last night you said one the dates we discussed over the next week would
work. Do you have an update? Please let me know ASAP. I can do as early as tomorrow or Friday. The
only dates that don't work are Thursday and Monday.

Our NetDocuments system is working now.

**Mark J. Austin | Partner**
Pronouns: he, him, his

18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named
above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named
above or the authorized agent responsible for delivering it to the designated addressee, you received this document through
inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is
strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY
TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Austin, Mark J.
**Sent:** Tuesday, December 16, 2025 10:06 AM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Good morning, Cooper. Any update on a new deposition date for your client?

Also, with respect to continuance of the trial date, we intend to get an MSJ on calendar before the
existing deadline. However, I note that initial expert reports are due in late January. If we have an MSJ
pending for that time period, and we are talking settlement, we may not want to incur the costs of
experts.

Let me know if that changes your calculus with respect to a potential stipulation. I think even a short
one – a few months – would suffice.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612
d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named
above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named
above or the authorized agent responsible for delivering it to the designated addressee, you received this document through
inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is
strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY
TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Austin, Mark J.
**Sent:** Monday, December 15, 2025 5:00 PM
**To:** 'Cooper Mayne' <CMayne@galipolaw.com>; Antle, Bernadette <BAntle@bwslaw.com>;
dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Darci Gilbert
<dgilbert@galipolaw.com>; Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

I am calling now. I can generally be reached on my cell, which is 949-293-5340.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612

d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350

maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Cooper Mayne [mailto:CMayne@galipolaw.com]
**Sent:** Monday, December 15, 2025 4:58 PM
**To:** Austin, Mark J. <MAustin@bwslaw.com>; Antle, Bernadette <BAntle@bwslaw.com>; dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Darci Gilbert <dgilbert@galipolaw.com>; Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

[EXTERNAL]

Yes you can call me. But our phones shut down at 5pm... I tried calling you but nobody answered.

**Cooper Alison-Mayne, Associate Attorney** | **The Law Offices of Dale K. Galipo**
| 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office:
+1.818.347.3333 | Email: cmayne@galipolaw.com www.GalipoLaw.com
CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**From:** Austin, Mark J. <MAustin@bwslaw.com>
**Sent:** Monday, December 15, 2025 4:55 PM
**To:** Antle, Bernadette <BAntle@bwslaw.com>; dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Cooper Mayne <CMayne@galipolaw.com>; Darci Gilbert <dgilbert@galipolaw.com>; Christian@Cardonafirm.com
**Subject:** RE: Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar
**Importance:** High

Counsel: Do you have time for a call? We are experiencing some kind of firm-wide issue with "NetDocuments," which is our document management system.

You can see the issue outlined on the company's website here: NetDocuments US Status

Long story short: Without access to NetDocs, I am unable to access the case documents, including the documents I intend to use as exhibits.

Is there any other day this week that will work for your client's deposition? I will work with you. My best day is Friday.

**Mark J. Austin | Partner**
Pronouns: he, him, his
18300 Von Karman Avenue, Suite 650 | Irvine, CA 92612

d - 949.265.3418 | t - 949.863.3363 | f - 949.863.3350
maustin@bwslaw.com | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Antle, Bernadette
**Sent:** Wednesday, December 10, 2025 9:57 AM
**To:** dalekgalipo@yahoo.com; ldeleon@galipolaw.com; cmayne@galipolaw.com; dgilbert@galipolaw.com; Christian@Cardonafirm.com
**Cc:** Austin, Mark J. <MAustin@bwslaw.com>
**Subject:** Salazar: Amended Notice of Deposition of Plaintiff Maria Salazar

Dear Counsel: Attached for electronic service is Defs/Cross-Claimants' second amended notice of deposition of Pltf Maria Salazar. As previously noticed, the deposition will take place via Zoom and a Spanish interpreter will be provided.

**Bernadette Antle | Legal Secretary**
Mark J. Austin, Ryan Kennedy, Martin Kosla
Deann R. Rivard, and Solange Z. Fortenbach
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
18300 Von Karman Avenue - Suite 650, Irvine, CA 92612
**D** 949.265.3407 | **O** 949.863.3363 | **F** 949.863.3350
bantle@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

*Exhibit 8*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**CARDONA LAW FIRM APC**
Christian Cardona (SBN 345715)
600 W. Santa Ana, Blvd., Ste. 790
Santa Ana, CA 92701
(714) 953-3107 | Fax (714) 953-3119
Christian@Cardonafirm.com

*Attorneys for Plaintiff,*
*Maria Salazar*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MARIA SALAZAR,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>                Defendants. | Case No.: 24LBCV01306<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **MOTOR VEHICLE NEGLIGENCE;**<br>2. **GENERAL NEGLIGENCE;**<br>3. **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES;**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **BATTERY**<br>7. **FOURTH AMENDMENT— EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>8. **FOURTEENTH AMENDMENT— SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARIA SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), who alleges and complains against Defendants, and each and all of them, as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1.      Plaintiff, MARIA SALAZAR, is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

2.      Plaintiff, informed and believes and based thereon alleges that Defendant, CITY OF TORRANCE, ("TORRANCE") is a municipality organized under the laws of the State of California, with its principal place of business at 3031 Torrance Blvd, Torrance, CA 90503.

3.      Plaintiff, informed and believes and based thereon alleges that Defendant, RYAN CADIZ ("CADIZ") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

4.      Defendant CADIZ is an adult male. CADIZ was the driver of one of the two vehicles, a Torrance Police Department patrol vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

5.      Plaintiff, informed and believes and based thereon alleges that Defendant, JOHN ESCARENO JR. ("ESCARENO") is, and at all times relevant herein was, an individual residing in the State of California, County of Los Angeles.

6.      Defendant ESCARENO is an adult male. ESCARENO was the alleged suspect of a carjacking of the vehicle involved in a collision on or about January 11, 2024, which injured Plaintiff SALAZAR.

**<u>JURISDICTION AND VENUE</u>**

7.      The Court has jurisdiction over this action because Defendant TORRANCE is a municipality organized under the laws of the State of California and located in the State of California, County of Los Angeles.

8.      The Court has jurisdiction over this action because Defendants CADIZ and ESCARENO reside in the State of California, County of Los Angeles.

FIRST AMENDED COMPLAINT FOR DAMAGES

2

9.      Venue is proper in this Court because Defendant TORRANCE is subject to this Court's personal jurisdiction as a municipality located in the State of California, County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

Venue is proper in this Court because Defendants CADIZ and ESCARENO are subject to this Court's personal jurisdiction as residents of the County of Los Angeles and because the subject collision and associated injuries occurred in the County of Los Angeles.

## COMPLIANCE WITH CLAIM STATUTE

10.      Plaintiff filed her government claim with the City of Torrance on January 15, 2024. The City of Torrance acknowledged Plaintiff's claim on January 26, 2024. The City of Torrance denied Plaintiff's claim on March 20, 2024.

## FACTUAL ALLEGATIONS

11.      This personal injury action arises from a collision between a Torrance Police Department patrol vehicle and an automobile that occurred on or about January 11, 2024, at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California (the "COLLISION") which resulted in physical impact and injuries to Plaintiff who was lawfully crossing the street as a pedestrian.

12.      CADIZ was the driver of the Torrance Police Department patrol vehicle involved in the COLLISION and through employment by TORRANCE.

13.      ESCARENO was the driver of the allegedly carjacked vehicle involved in the COLLISION.

14.      Plaintiff was a pedestrian lawfully crossing the street at or near Sepulveda Boulevard and Vermont Avenue in Los Angeles, California before being injured in the COLLISION.

15.      The COLLISION occurred through no fault of Plaintiff, but rather, was caused entirely by Defendants CADIZ and ESCARENO.

16.      Plaintiff informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Pursuit Intervention Techniques (PIT maneuver)

not in accordance with Torrance Police Department (TPD) policies set forth in the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO and resulted in Plaintiff being struck by the vehicle ESCARENO was driving. CADIZ's use of the PIT maneuver was improper because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)3. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use the PIT maneuver which ultimately led to Plaintiff's injuries which is also improper under the TBD Policy Manual, and such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(b)2.

17.    Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use of the PIT maneuver not in accordance with TPD Policy Manual Section 307.6.2(b) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

18.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, CADIZ engaged in an improper use of Vehicle Intervention not in accordance with the TPD Policy Manual during a pursuit of a vehicle driven by, and allegedly carjacked by, ESCARENO. CADIZ's use of Vehicle Intervention was improper under policies set forth in the TPD Policy Manual because the need to immediately stop the vehicle being pursued did not reasonably outweigh the risk of injury or death to members of the public and Plaintiff, such acts constitute malice and/or oppression. TPD Policy Manual Section 307.6.2(c)2. Vehicle Intervention was improper in this instance because there is a lack of indication it was used "under circumstances when deadly force would be authorized." TBD Policy Manual Section 307.6.2(c)4. Additionally, no facts indicate CADIZ gained supervisory approval before attempting to use Vehicle Intervention which ultimately led to Plaintiff's injuries which is also improper. TBD Policy Manual Section 307.6.2(c)1. TBD Policy Manual Section 307.6.2(c)1.

19.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times CADIZ was aware of the probable dangerous consequences of performing an improper use Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(c) but disregarded those dangers and chose to drive nonetheless, in conscious disregard of the safety of Plaintiff and others, such acts constitute malice and/or oppression.

20.     As a result of Defendants' actions, Plaintiff suffered serious and permanent injuries and damages that exceed the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION

### Motor Vehicle Negligence

### Against all Defendants

21.     Plaintiff hereby re-alleges and incorporates herein by reference to each and every allegation contained in the previous paragraphs as though fully set forth herein.

22.     Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

23.     Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle Code, including but not limited to, Vehicle Code Sections, 2180l, 21950. Such conduct constitutes negligence per se.

24.     Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

25.     Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

26.     Further, as a direct and legal result of the hereinabove alleged negligence of Defendants, Plaintiff has lost and will continue to lose wages, earning capacity, and income, all to her special damage in an amount to be determined at the time of trial herein.

27.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendant acted with oppression, fraud, and malice, or, alternatively, Defendant acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

57.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SECOND CAUSE OF ACTION

### General Negligence

### Against all Defendants

28.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

29.     Defendants owed Plaintiff a duty to act with reasonable and due care.

30.     Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

31.     Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

32.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

33.     As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of this Court.

34.     Plaintiff is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud, and malice, or, alternatively, Defendants acted in such conscious disregard of Plaintiff's rights and safety, Plaintiff is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

35.     Plaintiff alleges that Defendants' conduct caused Plaintiff to suffer serious emotional distress.

36.     Defendants' conduct was negligent.

37.     Plaintiff suffered serious emotional distress.

38.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

39.     Defendants failed to use the necessary amount of caution required in dangerous situations which ultimately actually and proximately caused Plaintiff's injuries.

40.     Defendants failed to act in an extremely careful manner when participating in a dangerous activity. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are dangerous in and of themselves. The risk of harm is so great that the failure to use extreme caution is negligence.

41.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

### THIRD CAUSE OF ACTION

**Strict Liability for Ultrahazardous Activities**

**Against Defendants TORRANCE and CADIZ**

42.     Plaintiff alleges that Defendants were engaged in ultrahazardous activities that caused her to be harmed and that Defendants are responsible for that harm.

43.     Individuals and municipalities who engage in ultrahazardous activities are responsible for the harm these activities cause others, regardless of how carefully they carry out these activities. Carjacking of a vehicle, hot pursuit of an allegedly stolen vehicle, improper use of the PIT maneuver, and Vehicle Intervention not in accordance with TPD Policy Manual Section 307.6.2(b) and Section 307.6.2(c) are ultrahazardous activities. "Whether an activity is

ultrahazardous is a question of law to be determined by the court." Luthringer v. Moore (1948) 31 Cal.2d 489, 496.

44.    Plaintiff alleges that Defendants were engaged in the above-mentioned ultrahazardous activities which resulted in Plaintiff being harmed.

45.    Plaintiff alleges Plaintiff's harm was the kind of harm that would be anticipated as a result of the risk created by these ultrahazardous activities.

46.    Plaintiff alleges that Defendants' engagement in ultrahazardous activities was a substantial factor in causing Plaintiff's injuries.

58.    Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADIZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

### **FOURTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**Against Defendants TORRANCE and CADIZ**

47.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

48.    Plaintiff alleges that Defendants' conduct was intended to cause Plaintiff to suffer severe emotional distress.

49.    Defendants' conduct was outrageous towards Plaintiff.

50.    Defendants intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

51.    Plaintiff suffered severe emotional distress as a direct and proximate result.

52.    Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

## **FIFTH CAUSE OF ACTION**

### **Negligent Infliction of Emotional Distress**

### **Against Defendants TORRANCE and CADIZ**

59.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

60.     Defendants owed Plaintiff a duty of care to avoid negligently causing her emotional distress.

61.     Defendants breached that duty by engaging in negligent conduct, including but not limited to the improper use of Pursuit Intervention Techniques (PIT maneuver) and Vehicle Intervention not in accordance with TPD Policy Manual, as well as the negligent operation of motor vehicles.

62.     Plaintiff was present at the scene of the dangerous conduct when it occurred and was aware that it was causing injury to her.

63.     As a result of Defendants' negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of Defendants' conduct.

64.     Plaintiff's emotional distress has resulted in physical symptoms including, but not limited to, anxiety, depression, sleeplessness, and physical pain.

65.     Defendants' negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

66.     As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering, all to her general damage in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court.

67.     As a further proximate result of Defendants' negligence, Plaintiff has incurred and continues to incur medical expenses, therapy expenses, and other special damages in an amount according to proof at trial.

68.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a

public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Battery

### Against Defendants TORRANCE and CADIZ

69.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

70.     Defendant CADIZ, while acting within the course and scope of his employment with Defendant TORRANCE, intentionally performed an act that resulted in harmful contact with Plaintiff's person.

71.     Plaintiff did not consent to the contact.

72.     Plaintiff was harmed by Defendant CADIZ's conduct.

73.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

74.     Defendant TORRANCE  is vicariously liable for the wrongful acts of Defendant CADUZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

## SEVENTH CAUSE OF ACTION

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### Against Defendant CADIZ

75.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

76.     Defendant CADIZ, acting under color of state law, used excessive and unreasonable force against Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

77.     The PIT maneuver executed by Defendant CADIZ was itself unreasonable under the circumstances. The suspect's vehicle was already decelerating and likely to stop without

intervention. A PIT maneuver is only justified when a dangerous pursuit is expected to continue otherwise. Moreover, any purported need for immediate termination of the pursuit did not outweigh the significant risk of injury or death to bystanders, including Plaintiff, that the PIT maneuver posed.

78.    Plaintiff was injured as a direct result of this unreasonable use of force. The collision caused by the PIT maneuver directly led to Plaintiff's injuries when she was struck as a pedestrian.

79.    Defendant CADIZ's actions were objectively unreasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

80.    As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

81.    The conduct of Defendant CADIZ was done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)

### Against Defendant CADIZ

82.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

83.    Defendant CADIZ, acting under color of state law, deprived Plaintiff of her liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

84.    Upon information and belief, Defendant CADIZ had time to deliberate and this was not a split-second decision made in the heat of the moment.

85.    Defendant CADIZ was deliberately indifferent to the harm that would be caused to Plaintiff by the PIT maneuver. He knew or should have known that executing the maneuver would risk severe injury or death to bystanders like Plaintiff.

86.     Defendant CADIZ acted with a purpose to harm Plaintiff because he executed the PIT maneuver despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need, as the suspect was already slowing down and stopping his vehicle.

87.     Defendant CADIZ's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights.

88.     As a direct and proximate result of Defendant CADIZ's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer injuries and damages as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For general damages in an amount to be proven at trial but substantially in excess of the jurisdictional limits of this Court;

B.     For special damages in an amount to be proven at trial, including but not limited to medical care, treatment, rehabilitation, attendant care costs, and loss of income, wages, and earning potential;

C.     For exemplary and punitive damages in an amount to be proven at trial;

D.     For reasonable attorneys' fees, including litigation expenses;

D.     For costs of suit; and

E.     For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED:  August 8, 2024

_____
Dale K. Galipo
**LAW OFFICES OF DALE K. GALIPO**
Christian Cardona, Esq.
**CARDONA LAW FIRM APC**

Attorneys for Plaintiff
Maria Salazar

FIRST AMENDED COMPLAINT FOR DAMAGES
12