UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-07692-DMG (JCx)** | Date | December 31, 2025 |
|---|---|---|---|
| Title | *Maria Salazar v. City of Torrance, et al.* | Page | **1** of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT CITY OF TORRANCE'S *EX PARTE* APPLICATION TO CONTINUE DATES AND DEADLINES [38]**

    Before the Court is Defendants City of Torrance and Ryan Cadiz's ("City Defendants") *Ex Parte* Application to Allow Further Discovery and to Continue Trial Date and Related Deadlines. [Doc. ## 38 ("EPA"), 42.] Plaintiff filed an Opposition. [Doc. # 40 ("Opp.").] Attorney for City Defendants, Mark J. Austin, filed a supplemental declaration in support of the EPA. [Doc. # 41.] Having considered the parties' written submissions, the Court **DENIES in part** and **GRANTS in part** City Defendants' EPA for the following reasons.

## I.
## PROCEDURAL BACKGROUND

    On August 8, 2024, Plaintiff Maria Salazar filed a First Amended Complaint in state court against Defendants City of Torrance, Ryan Cadiz, and John Escareno Jr. [Doc. # 1-2 ("FAC")]. Plaintiff alleges claims for motor vehicle negligence, general negligence, strict liability for ultrahazardous activities, intentional infliction of emotional distress, negligent infliction of emotional distress, battery, and Fourth and Fourteenth Amendment claims for excessive force and substantive due process violations under 42 U.S.C. § 1983. *Id.*

    On September 9, 2024, Defendants filed a Notice of Removal. [Doc. # 1.] In an Amended Answer, City Defendants filed crossclaims against Defendant John Escareno, Jr. for equitable indemnity and declaratory relief. [Doc. # 31.] On October 25, 2024, the parties filed a Joint Scheduling Conference Report, under Federal Rule of Civil Procedure 26(f). [Doc. # 22 ("Rule 26(f) Report").] The Court issued a Scheduling and Case Management Order on November 21, 2024, adhering closely to the parties' own requested dates and deadlines. [Doc. # 25 ("CMO").] In relevant part, the non-expert discovery cut-off date was scheduled for December 23, 2025, the motion filing cut-off deadline is January 2, 2026, and the initial expert disclosure and report

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-07692-DMG (JCx) | Date | December 31, 2025 |
|---|---|---|---|
| Title | *Maria Salazar v. City of Torrance, et al.* | Page | **2** of 3 |

deadline is January 27, 2026. *Id.* at 17.[1] The jury trial is set for April 28, 2026, with a final pretrial conference on March 31, 2026. *Id.*

On December 29, 2025, City Defendants filed the instant EPA, requesting to continue the following deadlines: non-expert discovery cut-off, motion filing cut-off date, and expert witness disclosure. *See* EPA. The non-expert discovery cut-off expired on December 23, 2025. *See* CMO at 17.

## II.
## DISCUSSION

The primary relief City Defendants seek is a 30-to-60-day extension of the non-discovery cut-off so that they can depose Plaintiff. EPA at 2. City Defendants contend "good cause exists to continue the discovery cut-off because, for reasons largely outside the control of the City and its counsel, the City was unable to complete Plaintiff's deposition before that cut-off, which passed on December 23, 2025." EPA at 7–8. The alleged "reasons largely outside [of their] control" include difficulty obtaining Plaintiff's medical records, "an admitted failure to secure a [Spanish language] translator," and a "completely unexpected nationwide outage" of a database containing case documents. *Id.* at 8. City Defendants also contend there is good cause to continue the motion cut-off date, on January 2, 2026, and deadlines for disclosure of expert witnesses. *Id.* City Defendants intend to file a motion for summary judgment, but claim that "the holidays have made it difficult for City's counsel to obtain the necessary declarations from City personnel to support that motion[.]" *Id.* And lastly, the deadline for expert witnesses "may be rendered unnecessary by the City's motion for summary judgment." *Id.* at 8–9.

The Court's Scheduling and Case Management Order is intended to forestall late-blooming requests precisely of this kind. While Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify a schedule for "good cause," last minute maneuverings caused by the parties' own lack of diligence, do not constitute good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard for Rule 16 "primarily considers the diligence of the party seeking the amendment." *Id.*

City Defendants have not demonstrated due diligence. Critically, City Defendants failed to timely request an extension of the fact discovery deadline *prior* to its expiration, even though Defendants' counsel was well aware that the deadline was looming. [Doc. # 42 at ¶ 15 (Austin Decl.).] City Defendants resorted to filing an EPA for relief six days *after* the discovery deadline

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-07692-DMG (JCx) | Date | December 31, 2025 |
|---|---|---|---|
| Title | Maria Salazar v. City of Torrance, et al. | Page | 3 of 3 |

already passed.  This belated attempt to extend an expired deadline is on its face a lack of due diligence, especially given that the Court requires parties to request continuances at least five court dates *prior* to the deadline.  *See* Initial Standing Order at 11 ("**Counsel should avoid submitting requests for continuance or extension of time less than five (5) court days prior to the expiration of the scheduled date.  A request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.**") (emphasis added) [Doc. # 11].  Given the hurried, last-ditch efforts to obtain medical records, secure a Spanish language interpreter, and schedule Plaintiff's deposition in the last couple months before the fact-discovery cut-off, City Defendants should have sought a stipulation from Plaintiff or, failing that, applied to the Court for an extension of the discovery cut-off well before the expiration of the deadline.  Their failure to timely request an extension, or to provide a reasonable explanation for their failure to do so, exemplifies a lack of diligence.  Unfortunately, this is an abject lesson that federal court deadlines are not mere suggestions.

### III.
### CONCLUSION

In light of the foregoing, Defendants' request to extend the non-expert discovery cut-off is **DENIED** because Defendants have not met their burden to show that they exercised due diligence to modify the CMO as to that expired deadline.  The Court **GRANTS** a limited extension of the motion cut-off[2] and the expert witness disclosure deadlines as follows:

1. The motion cut-off is **EXTENDED** from January 2, 2026 to **January 23, 2026**;
2. The last hearing date for dispositive motions is **EXTENDED** from February 6, 2026 to **February 27, 2026**; and
3. The expert disclosure and report deadlines are each **EXTENDED** by two weeks as follows:
   a. Initial Expert Disclosure and Report due **February 10, 2026**;
   b. Rebuttal Expert Disclosure and Report due **March 10, 2026**; and
   c. Expert Discovery Cut-Off is **March 24, 2026**.

The parties shall comply with the CMO, except to the extent modified herein.

**IT IS SO ORDERED.**

---

[2] Although Defendants did not timely request an extension of the motion cut-off five days before the expiration of the cut-off, the Court takes into account that the January 2, 2026 motion cut-off had not expired and fell on a court holiday.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk DD |
|---|---|---|