Mark J. Austin (SBN 208880)
maustin@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363  Fax: 949.863.3350

Attorneys for Defendants
CITY OF TORRANCE and RYAN CADIZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>Defendants. | Case No. 2:24-CV-07692-DMG-JC<br><br>Judge: Hon. Dolly M. Gee<br>Dept.: 8C<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[FRCP 56]**<br><br>**Hearing:**<br>Date: February 6, 2026<br>Time: 2:00 p.m.<br>Dept.: 8C |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

Defendants City of Torrance ("City") and Ryan Cadiz ("Officer Ryan Cadiz," and collectively with the City, "Defendants") hereby submit their Statement of Uncontroverted Facts and Conclusions of Law in support of its accompanying Motion for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS

**Issue 1: The City is entitled to summary judgment on Plaintiff's state-law claims (Plaintiff's First through Sixth Claim for Relief)[1] because the City is immune under California Vehicle Code section 17004.7.**

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 1. At the time of the subject incident, the City maintained a vehicular-pursuit policy (the "Pursuit Policy") (Exhibit 2 herewith), the terms of which comply with the requirements of Vehicle Code section 17004.7. | 1. Exh. 2; Guell Decl. ¶¶ 3-6, 8-9. |
| 2. The City provides annual training on the Pursuit Policy, including on PIT maneuvers, to all officers of the Torrance Police Department ("TPD"). The TPD's annual training on the policy includes training on every section and topic in the Pursuit Policy, as well as all subjects | 2. Guell Decl. ¶ 5; Cadiz Decl. ¶¶ 16-17; Exh. 3. |

---

[1] In the FAC, Plaintiff's Sixth Claim for Relief for "battery" is mislabeled as her "Seventh Claim for Relief." (FAC pp. 9-10 [Dkt. 1-2].) As a result, she has two claims labeled as the "Seventh Claim for Relief"—he state-law claim for battery and the her federal claim for excessive force under the Fourth Amendment. (*Id.*)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| required by California Vehicle Code section 17004.7(c), and California Penal Code section 13519.8(b). | |
| 3. At the conclusion of training on the Pursuit Policy, every officer of the TPD is required to certify in writing that they have received, read, and understand the Pursuit Policy. | 3. Guell Decl. ¶ 5; Cadiz Decl. ¶ 17; Exh. 3. |

**Issue 2: Cadiz is entitled to summary judgment on Plaintiff's state-law claims (Plaintiff's First through Sixth Claim for Relief) because Cadiz is immune under California Vehicle Code section 17004.**

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 4. At the time of the subject incident, Cadiz was acting as an officer and employee of the City of Torrance, as part of the Torrance Police Department. | 4. Cadiz Decl. ¶¶ 2-13; Exh. 1; FAC ¶¶ 4, 11-12 [Dkt. 1-2]. |
| 5. During the time of the subject incident, Cadiz was operating an authorized emergency vehicle, in the line of duty, in the immediate pursuit of an actual or suspected violator of the law, and Plaintiff | 5. Cadiz Decl. ¶¶ 2-13; Exh. 1; FAC ¶¶ 11-16 [Dkt. 1-2]; Defs' RJN, Exhs. 4-6. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

3

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| alleges that her injuries resulted from this pursuit. | |

**Issue 3: The City is entitled to summary judgment on Plaintiff's state-law claims (Plaintiff's First through Sixth Claim for Relief) because Plaintiff has failed to identify a statutory basis for liability against the City in any of her state-law claims.**

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 6. Plaintiff has failed to identify a statutory basis for liability against the City in any of her state-law claims. | 6. FAC pp. 5-10 [Dkt. 1-2]. |

**Issue 4: Defendants are entitled to summary judgment on Plaintiff's Seventh Claim for Relief for excessive force under the Fourth Amendment because Plaintiff was not subjected to any intentional seizure or exercise of force.**

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 7. Cadiz's actions that are the subject of Plaintiff's claim were (i) directed solely at Defendant Escareno's vehicle, and (ii) solely intended to stop that vehicle, and any impact to Plaintiff was incidental and not intended. | 7. Cadiz Decl. ¶¶ 3-14; Exh. 1. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 8. Plaintiff was not a suspect in the pursuit and was not the intended object of any force applied by Cadiz. | 8. Cadiz Decl. ¶¶ 13-14; Exh. 1. |

**Issue 5: Cadiz is entitled to summary judgment on Plaintiff's Eighth Claim for Relief for violation of substantive due process under the Fourteenth Amendment because Cadiz's conduct did not "shock the conscience" and he did not intend to harm Plaintiff.**

| Undisputed Material Facts: | Supporting Evidence: |
|---|---|
| 9. Cadiz's actions that are the subject of Plaintiff's claim were in no way intended by Cadiz to harm Plaintiff. | 9. Cadiz Decl. ¶¶ 3-14; Exh. 1. |
| 10. Cadiz's conduct did not "shock the conscience"; the TPD determined that Cadiz's conduct in executing the PIT maneuver was reasonable and within TPD's Pursuit Policy. | 10. Cadiz Decl. ¶¶ 3-14, 19-21; Exh. 1; Guell Decl. ¶¶ 7-9; Exh. 2. |

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

# CONCLUSIONS OF LAW

**A.     Immunity Under California Vehicle Code section 17004.7**

1.     Under California Vehicle Code section 17004.7, a public agency is immune from liability for injury or death resulting from police-vehicle pursuits so long as the public agency (1) "adopts and promulgates" a written policy regarding vehicular pursuits that meets the requirements of that section, and (2) provides "regular and periodic training on an annual basis" regarding such pursuits. Cal. Veh. Code § 17004.7(b), (c), (d). For purposes of the section, "promulgating" a policy includes a requirement that all peace officers of the agency "certify in writing that they have received, read, and understand the policy." *Id.* at § 17004.7(b)(2). However, "[t]he failure of an individual officer to sign a certification shall not be used to impose liability on an individual officer or a public entity." *Id.*

2.     Subdivision (c) of Section 17004.7 establishes the minimum standards for the policy that must be met, including defining "pursuit," determining the circumstances in which to initiate a pursuit, and a number of other factors. Meanwhile, under subdivision (d), "'[r]egular and periodic training' under this section means annual training that shall include, at a minimum, coverage of each of the subjects and elements set forth in subdivision (c) and that shall comply, at a minimum, with the training guidelines established pursuant to Section 13519.8 of the Penal Code."

3.     It is irrelevant to this immunity that Officer Cadiz allegedly failed to follow the Pursuit Policy. Under California law, if the public agency's policy meets the minimum requirements of Vehicle Code section 17004.7, immunity results, period. *Nguyen v. City of Westminster*, 103 Cal.App.4th 1161, 1167 (2002) (police officer's alleged failure to comply with pursuit policy did not negate city's immunity) (superseded by statute on other grounds, Stats. 2005, ch. 485, § 10); *Brumer v. City of Los Angeles*, 24 Cal.App.4th 983, 987 (1994) ("The statute is clear: if the agency adopts a pursuit policy which meets the statutory requirements,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

6

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

then immunity results. The extent to which the policy was implemented in general and was followed in the particular pursuit is irrelevant.").

4. Thus, for the immunity to apply, the public entity is not required to prove that its policy was followed during the pursuit. *Kishida v. State of California*, 229 Cal.App.3d 329, 337 (1991) ("Nowhere does the statute require that the grant of immunity be predicated on proof that the pursuing officer followed the standards and the guidelines, contained in the policy, during a given chase for which immunity is sought. Had the Legislature intended that the employer-entity prove in each instance that the employee-officer followed the guidelines in order to invoke the immunity, the statute would have said so.") (superseded by statute on other grounds as stated in *Morgan v. Beaumont Police Department*, 246 Cal.App.4th 144 (2016)).

**B.     Immunity Under California Vehicle Code section 17004**

5. California Vehicle Code section 17004 provides immunity to "public employees" for injury or death "resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm or other emergency call." Cal. Veh. Code § 17004

6. This immunity bars claims even if the officer engaged in negligent or intentional conduct during the pursuit. *See Cruz v. Briseno*, 22 Cal.4th 568, 572-573 (2000); *see also Weaver v. State of Cal.*, 63 Cal.App.4th 188, 202 (1998) (Section 17004 immunity extends to pursuing officers despite their deliberate conduct in ramming vehicle in which the plaintiff was riding); *City of Sacramento v. Super. Ct.*, 131 Cal.App.3d 395, 400 (1982) (immunity despite negligent failure to activate red lights and sirens).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

7

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

C. **Failure to Identify a Statutory Basis for Liability Against the City**

7. In California, a government agency cannot be held liable except as provided by statute. Cal. Gov. Code § 815.

8. Government Code section 815 states that, "[e]xcept as otherwise provided by statute . . . a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The Legislative Committee Comments for Section 815 specifically admonish that "[t]his section abolishes all common law or judicially declared forms of liability for public entities . . . ," and that "the practical effect of this section is to eliminate any common law governmental liability for damages arising out of torts." Cal. Gov. Code § 815 (Leg. Committee Comm.).

9. Thie rule has been confirmed in numerous cases. *Doe v. Los Angeles County Dept. of Children & Family Services*, 37 Cal.App.5th 675, 686 (2019) ("[i]n California, a public entity is not liable for an injury arising from an act or omission of the public entity or a public employee except as provided by statute . . . [t]hus, a common law negligence claim may not be asserted against [a county]"); *Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792, 798 (1986) ("[s]ince the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified"); *Hilts v. Solano Cty.*, 265 Cal. App. 2d 161, 171 (1986) ("The cases do make plain, however, that a verdict against a county must be overturned if it is erroneously based on a negligence theory…. [because] a public entity is not liable for an injury except as provided by statute."); *McCarty v. State of California Dept. of Transp.*, 164 Cal.App.4th 955, 977 (2008) (in California, "a public entity cannot be held liable for common law negligence").

\ \ \

\ \ \

\ \ \

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

8

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

### D. Plaintiff's Excessive Force Claim

10. The Fourth Amendment protects against unreasonable seizures. U.S. Const. amend. IV. Under U.S. Supreme Court precedent, a seizure occurs only when there is a "'governmental termination of freedom of movement through means intentionally applied.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) ("*Lewis*") (quoting *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). The Supreme Court has emphasized that the Fourth Amendment "addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Brower*, 489 U.S. at 596 (quoting *Byars v. United States*, 273 U.S. 28, 33 (1927). Accordingly, for the Fourth Amendment to apply, Plaintiff must show that force was intentionally applied to her for the purpose of restraining her liberty. *Brower*, 489 U.S. at 596-97; *Lewis*, 523 U.S. at 844.

11. Courts applying this precedent hold that innocent bystanders injured because of police efforts to apprehend suspects are not seized under the Fourth Amendment. As the Sixth Circuit Court of Appeals explained in *Claybrook*:

> [T]he Fourth Amendment 'reasonableness' standard does not apply to section 1983 claims which seek remuneration for physical injuries ***inadvertently inflicted upon an innocent third party*** by police officers' use of force while attempting to seize a perpetrator, because the authorities could not 'seize' any person other than one who was a deliberate object of their exertion of force.

*Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000) (emphasis added). In *Claybrook*, a bystander was injured during a police shootout with an armed suspect. The court held that the bystander could not maintain an excessive force claim because she was not the intended object of police force and her alleged injuries fell outside the Fourth Amendment's scope. *Id.*

12. Similarly, in *Ewolski v. City of Brunswick*, 287 F.3d 492 (6th Cir. 2002), the Sixth Circuit again emphasized that Fourth Amendment protections hinge on whether police intentionally restrained the plaintiff's liberty. There, the court held that the wife and child of the barricaded suspect were not seized because police

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

9

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

actions were directed at neutralizing the suspect and rescuing the family, not restraining them. *Id*. at 507. The court explained that police control over a dangerous situation does not amount to a seizure unless the plaintiff was the deliberate object of police restraint. *Id*. at 506–07.

13. The Seventh Circuit applied the same principle in the pursuit context in *Bublitz v. Cottey*, 327 F.3d 485 (7th Cir. 2003). There, officers deployed a tire-deflation device to stop a fleeing armed robbery suspect during a high-speed chase. Like the present case, **after striking the device, the suspect lost control and collided with a minivan, killing an innocent mother and child**. Affirming summary judgment for the officers, the Seventh Circuit held that the victims were not seized—and thus had no Fourth Amendment claim—because the police conduct was intended to stop the suspect, not the bystanders. *Id*. at 489.

14. District courts, including California courts, have consistently followed this authority. In *Rodriguez v. City of Fresno*, 819 F. Supp. 2d 937 (E.D. Cal. 2011), the plaintiff was shot by police during their attempt to apprehend her boyfriend. Granting summary judgment on the Fourth Amendment claim, the court held that the plaintiff was not seized because the officer's actions were focused on the suspect and not intended to restrain the plaintiff. *Id*. at 947-48. The court explained that "a plaintiff that is injured collaterally or incidentally to the application of force by police against a third party cannot maintain a Fourth Amendment claim," regardless of the severity of the injury or the reasonableness of the force used. *Id*. at 946.

15. That same rule has been applied by courts in this District. In *Rodriguez v. County of Los Angeles*, 654 F. Supp. 3d 1029 (C.D. Cal. 2023), a deputy fired a shot intended for a fleeing suspect, but the bullet missed and struck an innocent bystander. The court held that the bystander was not seized within the meaning of the Fourth Amendment because he was not the intended target of the use of force. *Id.* at 1045-48. Relying on *Brower* and *Lewis*, the court emphasized that "the Fourth Amendment recognizes 'a distinction between an act directed toward someone that

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

10

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

produces a particular result (which would amount to a Fourth Amendment "seizure" and an act that simply causes a particular result that was not sought.'" *Id.* at 1045 (quoting *Arruda v. County of Los Angeles*, 2008 WL 11411632, at *1, 2008 U.S. Dist. LEXIS 71316, at *2-3 (C.D. Cal. Aug. 5, 2008)). Because any restraint of the plaintiff's freedom of movement was accidental rather than intentional, the court granted summary judgment on the excessive force claim. *Id*.

### E. Plaintiff's Substantive Due Process Claim

16. The Supreme Court's decision in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) supplies the controlling framework. *Lewis* held that government action violates substantive due process only when it "shocks the conscience," and that, in the context of police pursuits, this standard is met only when an officer acts with a "purpose to cause harm unrelated to the legitimate object of arrest." *Id*. at 836, 846-47. The Ninth Circuit has emphasized that *Lewis* establishes a categorical rule for pursuit cases. Where officers are required to make split-second decisions in a rapidly evolving and dangerous situation, neither negligence nor deliberate indifference suffices. Only conduct undertaken with intent to harm for reasons unrelated to law enforcement can support liability. *Onossian*, 175 F.3d 1169, 1171–72. This demanding standard reflects a deliberate constitutional choice: "the Constitution does not guarantee due care on the part of state officials." *Lewis*, 523 U.S. at 849.

17. The Ninth Circuit has applied *Lewis* to reject substantive due process claims arising from police pursuits that result in injury to third parties. In *Onossian*, motorists were seriously injured when a fleeing suspect collided with their vehicle during a police pursuit. The Ninth Circuit affirmed summary judgment for the officers, holding that the plaintiffs could not establish a substantive due process violation because there was no evidence that the officers intended to cause harm to anyone, but only that they were "attempting to remove a dangerous driver from the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

11

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

streets." 175 F.3d at 1172.

18. Likewise, in *Moreland v. Las Vegas Metropolitan Police Department*, which involved an innocent bystander who was shot accidentally by a police officer during an active shooter situation, the Ninth Circuit reaffirmed that substantive due process liability requires conduct that "shocks the conscience" in cases involving injury to innocent bystanders resulting from law-enforcement action. 159 F.3d 365, 372–73 (9th Cir. 1998). The court rejected efforts to constitutionalize tactical decisions made during dangerous law enforcement encounters, reiterating that negligence and poor judgment do not give rise to Fourteenth Amendment liability. *Id.*

19. Under this authority, Plaintiff's substantive due process claim against Cadiz fails as a matter of law. The undisputed record establishes that Cadiz executed a PIT maneuver for the legitimate purpose of terminating a dangerous vehicular pursuit, with no intent to harm Plaintiff. (Cadiz Decl., ¶¶ 3-14; Exh. 1.) There is no direct or circumstantial evidence that Cadiz acted with any intent to harm Plaintiff, the suspect, or anyone else, or that he acted for reasons unrelated to law enforcement. To the contrary, his conduct was undertaken precisely to stop a fleeing suspect and reduce the ongoing danger posed by the pursuit. (Cadiz Decl., ¶¶ 3-14; Exh. 1.) Plaintiff's arguments that the PIT maneuver was ill-timed, insufficiently cautious, or posed foreseeable risks sound in **negligence**, but the Ninth Circuit has made clear that such allegations are constitutionally irrelevant. *Onossian*, 175 F.3d at 1172. Even recklessness does not satisfy the conscience-shocking standard in pursuit cases. *Lewis*, 523 U.S. at 848-849.

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

12

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | Dated: January 9, 2026 | BURKE, WILLIAMS & SORENSEN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Mark J. Austin |
| | | Attorneys for Defendants |
| 6 | | CITY OF TORRANCE and RYAN CADIZ |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT

# PROOF OF SERVICE

*Salazar v. City of Torrance, et al.*
Case No. 2:24-cv-07692-GW-JC

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On January 9, 2026, I served true copies of the following document(s) described as **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lyarvis@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2026, at Irvine, California.

_____
Linda Yarvis / Bernadette C. Antle

# SERVICE LIST
*Salazar v. City of Torrance, et al.*
Case No. 2:24-cv-07692-GW-JC

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br><br>*Attorneys for Plaintiff Maria Salazar* | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com<br><br>amonguia@galipolaw.com,<br>coopermayne@recap.email<br>hlee@galipolaw.com,<br>msincich@galipolaw.com<br>rvalentine@galipolaw.com<br>sanderson@galipolaw.com<br>slaurel@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff Maria Salazar* | Christian@Cardonafirm.com |
| Richard T. Copeland | rtc@conflict-solution.com |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

Case No. 2:24-CV-07692-DMG-JC
UNDISPUTED FACTS AND CONCL. OF LAW
ISO DEFS' MOT. FOR SUMMARY JUDGMENT