Mark J. Austin (SBN 208880)
maustin@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363 Fax: 949.863.3350

Attorneys for Defendants
CITY OF TORRANCE and RYAN
CADIZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>        Defendants. | Case No. 2:24-CV-07692-DMG-JC<br><br>Judge: Hon. Dolly M. Gee<br>Dept.: 8C<br><br>**DECLARATION OF SERGEANT MICHAEL GUELL IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[FRCP 56]**<br><br>**Hearing:**<br>Date: February 6, 2026<br>Time: 2:00 p.m.<br>Dept.: 8C |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

1

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT

## <u>DECLARATION OF SERGEANT MICHAEL GUELL</u>

I, Michael Guell, declare as follows:

1.     I have personal knowledge of the facts set forth in this declaration, and, if called as a witness in this matter, I could and would testify competently thereto under oath.

2.     I am currently employed as a police sergeant with the City of Torrance Police Department ("TPD"). I have held that position for the past approximately four years. In my role as a sergeant, I oversee training on various aspects of the TPD's Policy Manual, including training on the Pursuit Policy referenced below.

3.     The TPD maintains a written policy pertaining to vehicular pursuits (Policy 307), a copy of which is attached hereto as **Exhibit 2** (the "Pursuit Policy"). Although the Pursuit Policy is updated periodically, Exhibit 2 is the version that was in effect in January of 2024, when the incident occurred, and in November of 2023, when TPD officers were then-most-recently trained on it. The Pursuit Policy covers multiple subjects relating to vehicular pursuits, including intervention techniques (such as PIT maneuvers), which are discussed primarily in Section 307.6, including Section 307.6.2. The term "PIT" stands for "Pursuit Intervention Technique," and is a low-speed maneuver (35 miles per hour or less under the TPD's training), in which an officer's vehicle makes contact with the suspect's vehicle at a certain angle, causing the suspect's vehicle to spin to a stop.

4.     The TPD created its Pursuit Policy, and its associated training curriculum provided to its officers, to be consistent with California Vehicle Code section 17004.7, California Penal Code section 13519.8, and Peace Officer Standards and Training ("POST") standards relating to vehicular pursuits. The policy meets the minimum standards promulgated by Section 17004.7(c), in that, among the other topics required by Section 17004.7(c), it (1) defines a "vehicle pursuit" and other critical terms (Exh. 2 §§ 307.3.1), (2) articulates the circumstances in which a pursuit is authorized, and the factors to consider in making

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

1  that determination (*e.g.*, Exh. 2 §§ 307.1, 307.3, 307.4, 307.4.1), (3) addresses

2  driving tactics and the appropriate circumstances in which to use them, including

3  speeds and intervention tactics (such as PIT maneuvers) (*e.g.*, Exh. 2 §§ 307.4.3,

4  307.5.5, 307.6, 307.6.2, 307.8), (4) addresses the factors to be considered and tactics

5  to be employed in terminating a dispute, including (again) the intervention tactics

6  just referenced (*e.g.*, Exh. 2, §§ 307.4.2, 307.6, 307.6.2). In short, the Pursuit Policy

7  covers every subject required to be covered by California Vehicle Code section

8  17004.7 and California Penal Code section 13519.8, which the policy was

9  specifically designed to comply with.

10         5.      In this regard, the City provides annual training on the Pursuit Policy,

11  including on PIT maneuvers, to all officers of the TPD, as required by California

12  Vehicle Code section 17004.7. In my understanding, these training requirements

13  have been imposed by the TPD every year since 2007 (which is the year I

14  understand that Section 17004.7 was adopted), and they have certainly been applied

15  during all years that I have been with the TPD. The TPD's annual training on the

16  Pursuit Policy includes training on every section and topic in the Pursuit Policy, as

17  well as all subjects required by California Vehicle Code section 17004.7,

18  subdivision (c), and California Penal Code section 13519.8, subdivision (b).[1] I have

19  read and understand the contents of these statutes. At the conclusion of training on

20

21  [1] The subjects required by California Penal Code section 13519.8(b) are: (1) when to initiate a pursuit; (2) the number of involved law enforcement units permitted;

22  (3) responsibilities of primary and secondary law enforcement units; (4) driving

23  tactics; (5) helicopter assistance; (6) communications; (7) capture of suspects;

24  (8) termination of a pursuit; (9) supervisory responsibilities; (10) blocking, ramming, boxing, and roadblock procedures; (11) speed limits;

25  (12) interjurisdictional considerations; (13) conditions of the vehicle, driver,

26  roadway, weather, and traffic; (14) hazards to uninvolved bystanders or motorists; and (15) reporting and postpursuit analysis. These topics largely overlap with the

27  topics required to be covered in the Pursuit Policy and in the training under

28  California Vehicle Code section 17004.7(c), although Section 17004.7 discusses these subjects in more detail.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

3

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT

the Pursuit Policy, every officer of the TPD is required to certify in writing that they have received, read, and understand the Pursuit Policy.

6.     Officer Cadiz received this training on the Pursuit Policy every year that he was an officer of the TPD, including but not limited to in November of 2023, not long before the incident in this case occurred. Each of these training sessions discussed the requirements and policies on PIT maneuvers, as well the other subjects referenced above. I personally teach these training sessions to most officers of the TPD. Submitted herewith as **Exhibit 3** is the attestation regarding this training that was signed by Officer Cadiz in November of 2023.

7.     I conducted an internal review of the pursuit in this case and determined that the pursuit itself was within TPD policy in all respects. In light of the high dangers to the public presented by the fleeing suspect (John Escareno), including his many dangerous and erratic tactics to avoid capture—such as driving at very high speeds through congested areas, driving on the wrong side of the street against traffic, and running multiple red lights—as well as the fact that he was suspected of carjacking two vehicles, I determined that the risks presented by further pursuit outweighed the risks from the maneuver, and that it was therefore appropriate for Officer Cadiz to execute it when he did.

8.     The TPD's Pursuit Policy does not require an officer to obtain supervisor approval for a PIT maneuver. The policy states that supervisor approval should obtained "whenever practicable" (Exh. 2, § 307.6) and generally uses the term "should" on this issue (Exh. 2, § 307.6.2). This language contemplates (and officers are so taught, including by me) that it will not always be possible for an officer to obtain supervisor approval before executing a PIT maneuver, particularly in emergency situations such as this one. Thus, it was fully consistent with the TPD's policy for Officer Cadiz to have utilized the PIT maneuver, even without first obtaining his supervising officer's approval.

9.     Furthermore, officers of the TPD are taught during the training course

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT

1  on PIT maneuvers that they should be executed only at speeds of 35 miles per hour

2  or less. Although this is not stated in writing in the Pursuit Policy, it is taught as part

3  of the TPD's training course on the policy, and is consistent with POST standards

4  and guidelines. According to my review of the video of the incident and the

5  statements of Officer Cadiz, Officer Cadiz was in compliance with that requirement

6  in executing the PIT maneuver in this case.

7        I declare under penalty of perjury under the laws of California that the

8  foregoing is true and correct.

9        Executed on this   9th   day of January, 2026, at Torrance, California.

Michael Guell

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT

# EXHIBIT 2

EXHIBIT 2

| Policy **307** | Torrance Police Department |
|---|---|
| | TPD Policy Manual |

# Vehicle Pursuits

## 307.1  POLICY

It is the policy of this department to balance the importance of apprehending suspects who unlawfully flee from law enforcement against the risks associated with vehicle pursuits.

## 307.2  APPLICATION OF VEHICLE PURSUIT POLICY

This policy is expressly written and adopted pursuant to the provisions of Vehicle Code § 17004.7, with additional input from the POST Vehicle Pursuit Guidelines.

## 307.3  PURPOSE AND SCOPE

This policy provides guidelines for vehicle pursuits in order to protect the safety of involved officers, the public, and fleeing suspects. The primary purpose of this policy is to assist officers in securing a balance between the protection of the lives and safety of the public and police officers, and a duty to enforce the law and apprehend violators. Vehicular pursuits shall be conducted in such a manner as to optimize the level of safety to the public, police personnel and to minimize potential damage to property.

### 307.3.1  DEFINITIONS

**Blocking** - A low-speed tactic where one or more authorized police department emergency vehicles intentionally restrict the movement of a suspect vehicle, with the goal of containment or preventing a pursuit. Blocking is not boxing-in or a roadblock.

**Paralleling -** Proceeding in the same direction and maintaining approximately the same speed while traveling on an alternate street or highway that parallels the pursuit route.

**Pursuit Intervention** - An attempt to stop the suspect's ability to continue to flee in a vehicle through tactical application of technology, blocking or vehicle intercept,, the PIT (known as Pursuit Intervention Technique), vehicle intervention or roadblock procedures.

**Pursuit Intervention Technique (PIT)** - A low-speed tactic intentionally applied to cause the suspect vehicle to spin out and terminate the pursuit.

**Vehicle Intervention**  - The deliberate act of impacting a suspect's vehicle with another vehicle to functionally damage or otherwise force the suspect's vehicle to stop.

**Roadblocks** - A tactic designed to stop a suspect's vehicle by intentionally placing an emergency vehicle or other immovable object in the path of the suspect's vehicle.

**Terminate** - To discontinue a pursuit or stop chasing fleeing vehicles.

**Trail** - Following the path of the pursuit at a safe speed while obeying all traffic laws and without activating emergency equipment. If the pursuit is at a slow rate of speed, the trailing vehicle will maintain sufficient distance from the pursuit vehicles so as to clearly indicate an absence of participation in the pursuit.

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 7 -**

## Torrance Police Department

TPD Policy Manual

TPD Policy Manual

---

*Vehicle Pursuits*

**Vehicle Pursuit** - An event involving one or more law enforcement officers attempting to apprehend a suspect, who is attempting to avoid arrest while operating a motor vehicle by using high-speed driving or other evasive tactics, such as driving off a highway, turning suddenly, or driving in a legal manner but willfully failing to yield to an officer's signal to stop.

### 307.4  OFFICER RESPONSIBILITIES

Vehicle pursuits shall only be conducted using authorized police department emergency vehicles that are equipped with and displaying emergency lighting and sirens as required by Vehicle Code § 21055. Officers are responsible for continuously driving with due regard and caution for the safety of all persons and property (Vehicle Code § 21056).

307.4.1  WHEN TO INITIATE A PURSUIT

Officers are authorized to initiate a pursuit under the following conditions:

- •  A known or suspected, serious felony has been committed

- (a)  "Serious Felony" as used in this section includes: attempted or actual murder, mayhem, serious or violent sex crimes, robbery, arson, kidnapping, carjacking, assault with a deadly weapon, burglary (including commercial burglary that results in significant loss or is determined to be part of a serial crime), and overtly terrorist acts.

- (b)  Pursuits of a vehicle wanted solely for Grand Theft Auto, or an embezzled vehicle are prohibited, unless the stolen or embezzled vehicle is wanted in connection with a serious felony, as described in section "a." above.

- (c)  Misdemeanor fleeing suspects, only in the following situations:

    1.  Where a police officer or other reliable witness has observed the suspect(s) displaying a firearm in a threatening manner, reasonably close in time to the initiation of the pursuit; or

    2.  Where there is reasonable suspicion to believe that the suspect is driving under the influence of alcohol and/or drugs, or is otherwise impaired, and the suspect's driving prior to the attempted stop is so reckless as to be a clear and present danger to other users of the highway, and the failure to apprehend the violator would likely present an imminent life-threatening danger to the public. If such impairment is suspected, and investigation as to the level of impairment shall be conducted at the termination of the pursuit if the suspect is apprehended.

- •  Examples of such reckless driving include, but are not limited to, collisions with other vehicles or objects, forcing other vehicles to take evasive action to avoid collision, failure to stop at controlled intersections without slowing, or driving on the wrong side of the highway. These conditions are to be articulated by the officer at the initiation of the pursuit, circumstances permitting.

Subject to the above limitations, factors that should be considered in deciding whether to initiate or continue a pursuit include:

- A.  The seriousness of the known or reasonably suspected crime and its relationship to community safety.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 8 -**

# Torrance Police Department

## TPD Policy Manual
### TPD Policy Manual

---

*Vehicle Pursuits*

---

B.    The importance of protecting the public and balancing the known or reasonably suspected offense and the apparent need for immediate capture against the risks to officers, innocent motorists, and others.

C.    The safety of the public in the area of the pursuit, including the type of area, time of day, the amount of vehicular and pedestrian traffic (e.g., school zones), and the speed of the pursuit relative to these factors.

D.    The pursuing officers' familiarity with the area of the pursuit, the quality of radio communications between the pursuing units and the public safety dispatcher, designated supervisor, and the driving capabilities of the pursuing officers under the conditions of the pursuit.

E.    Whether traffic, weather, and road conditions unreasonably increase the danger of the pursuit when weighed against the risk of the suspect's escape.

F.    Whether the identity of the suspect has been verified and whether there is comparatively minimal risk in allowing the suspect to be apprehended at a later time.

G.    The performance capabilities of the vehicles used in the pursuit in relation to the speeds and other conditions of the pursuit.

H.    Emergency lighting and siren limitations on unmarked police department vehicles that may reduce visibility of the vehicle, such as visor or dash-mounted lights, concealable or temporary emergency lighting equipment, and concealed or obstructed siren positioning.

I.    Suspect and officer vehicle speeds.

J.    Other persons in or on the pursued vehicle (e.g., passengers, co-offenders, hostages).

K.    Availability of other resources such as air support or vehicle locator or deactivation technology.

## 307.4.2   WHEN TO TERMINATE A PURSUIT

Pursuits should be terminated whenever the totality of objective circumstances known or which reasonably ought to be known to the officer or supervisor during the pursuit indicates that the present risks of continuing the pursuit reasonably appear to outweigh the risks resulting from the suspect's escape.

The factors listed in this policy on when to initiate a pursuit will apply equally to the decision to terminate a pursuit. Officers and supervisors must objectively and continuously weigh the seriousness of the offense against the potential danger to innocent motorists, themselves, and the public when electing to continue a pursuit.

In addition to the factors that govern when to initiate a pursuit, other factors should be considered in deciding whether to terminate a pursuit, including:

(a)    The distance between the pursuing vehicle and the fleeing vehicle is so great that further pursuit would be futile or require the pursuit to continue for an unreasonable time and/or distance.

(b)    The pursued vehicle's location is no longer definitely known.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 9 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

---

*Vehicle Pursuits*

---

    (c)    The pursuing vehicle sustains damage or a mechanical failure that renders it unsafe to drive.

    (d)    The pursuing vehicle's emergency lighting equipment or siren becomes partially or completely inoperable.

    (e)    The presence of hazards to uninvolved bystanders or motorists.

    (f)    The danger that the continued pursuit poses to the public, the officers, or the suspect, balanced against the risk of allowing the suspect to remain at large.

    (g)    The identity of the suspect is known and it does not reasonably appear that the need for immediate capture outweighs the risks associated with continuing the pursuit.

### 307.4.3  SPEED LIMITS
The speed of a pursuit is a factor that should be evaluated on a continuing basis by the officer and supervisor. Evaluation of vehicle speeds should take into consideration public safety, officer safety, and the safety of the occupants of the fleeing vehicle.

Should high vehicle speeds be reached during a pursuit, officers and supervisors should also consider these factors when determining the reasonableness of the speed of the pursuit:

    (a)    Pursuit speeds have become unreasonably unsafe for the surrounding conditions.

    (b)    Pursuit speeds have exceeded the driving ability of the officer.

    (c)    Pursuit speeds are beyond the capabilities of the pursuit vehicle thus making its operation unsafe.

### 307.5  PURSUIT UNITS
When involved in a pursuit, unmarked police department emergency vehicles should be replaced by marked emergency vehicles whenever practicable.

Vehicle pursuits should be limited to three vehicles; however, the number of units involved may vary with the circumstances.

An officer or supervisor may request additional units to join a pursuit if, after assessing the factors outlined above, it reasonably appears that the number of officers involved may be insufficient to safely arrest the suspects. All other officers should stay out of the pursuit, but should remain alert to its progress and location. Any officer who drops out of a pursuit may then, if necessary, proceed to the termination point at legal speeds, following the appropriate rules of the road.

### 307.5.1  MOTORCYCLE OFFICERS
When involved in a pursuit, police department motorcycles should be replaced by marked four-wheel emergency vehicles as soon as practicable.

### 307.5.2  VEHICLES WITHOUT EMERGENCY EQUIPMENT
Officers operating vehicles not equipped with red light and siren are prohibited from initiating or joining in any pursuit.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**
**- 10 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

*Vehicle Pursuits*

## 307.5.3  PRIMARY UNIT RESPONSIBILITIES

The initial pursuing unit will be designated as the primary pursuit unit and will be responsible for the conduct of the pursuit unless the officer is unable to remain reasonably close to the suspect's vehicle. The primary responsibility of the officer initiating the pursuit is the apprehension of the suspect(s) without unreasonable danger to any person.

The primary unit should notify the public safety dispatcher that a vehicle pursuit has been initiated, and as soon as practicable provide information including but not limited to:

(a)  The location, direction of travel, and estimated speed of the suspect's vehicle.

(b)  The description of the suspect's vehicle including license plate number, if known.

(c)  The reason for the pursuit.

(d)  Known or suspected weapons. Threat of force, violence, injuries, hostages, or other unusual hazards.

(e)  The suspected number of occupants and identity or description.

(f)  The weather, road, and traffic conditions.

(g)  The need for any additional resources or equipment.

(h)  The identity of other law enforcement agencies involved in the pursuit.

Until relieved by a secondary unit, the officer in the primary unit is responsible for the broadcasting of the progress of the pursuit. Unless circumstances reasonably indicate otherwise, the primary pursuing officer should, as soon as practicable, relinquish the responsibility of broadcasting the progress of the pursuit to a secondary unit or air support joining the pursuit to minimize distractions and allow the primary pursuing officer to concentrate foremost on safe pursuit tactics.

## 307.5.4  SECONDARY UNIT RESPONSIBILITIES

The second officer in the pursuit will be designated as the secondary unit and is responsible for:

(a)  The officer in the secondary unit should immediately notify the dispatcher of entry into the pursuit as soon as reasonably practicable.

(b)  Remaining a safe distance behind the primary unit unless directed or requested to assume the role of primary pursuit vehicle or if the primary pursuit vehicle is unable to continue the pursuit.

(c)  Broadcasting the progress, updating known or critical information, and providing changes in the pursuit, unless the situation indicates otherwise.

(d)  Identifying the need for additional resources or equipment as appropriate.

(e)  Serving as backup to the primary pursuing officer once the suspect has been stopped.

## 307.5.5  PURSUIT DRIVING

The decision to use specific driving tactics requires assessment and consideration of the same factors the officer considered when determining whether to initiate and/or terminate a pursuit.

The following are tactics for units involved in the pursuit:

**EXHIBIT 2**
**- 11 -**

# Torrance Police Department

### TPD Policy Manual
TPD Policy Manual

---

*Vehicle Pursuits*

    (a)    Officers, considering their driving skills and vehicle performance capabilities, will space themselves from other involved vehicles such that they are able to see and avoid hazards or react safely to maneuvers by the fleeing vehicle.

    (b)    Because intersections can present increased risks, the following tactics should be considered:

        1.    Available units not directly involved in the pursuit may proceed safely to controlled intersections ahead of the pursuit in an effort to warn cross traffic.

        2.    Pursuing units should exercise due regard and caution when proceeding through controlled intersections.

    (c)    As a general rule, officers should not pursue a vehicle driving left of center (wrong way) against traffic. In the event that the pursued vehicle does so, the following tactics should be considered:

        1.    Request assistance from available air support.

        2.    Maintain visual contact with the pursued vehicle by paralleling it on the correct side of the roadway.

        3.    Request other units to observe exits available to the suspects.

    (d)    Notify the California Highway Patrol (CHP) and/or other law enforcement agency if it appears that the pursuit may enter its jurisdiction.

    (e)    Officers involved in a pursuit should not attempt to pass other units unless the situation indicates otherwise or they are requested to do so by the primary unit and with a clear understanding of the maneuver process between the involved units.

## 307.5.6  AIR SUPPORT ASSISTANCE
Coordination of the pursuit shall not be relinquished to the air unit unless the pursing unit or a supervisor directs that this action be taken. Once the air unit has established visual contact with the pursued vehicle, the air unit may assume control over the pursuit, if requested. The primary and secondary ground units, or involved supervisor, will maintain operational control but should consider whether the participation of air support warrants the continued close proximity and/or involvement of ground units in the pursuit.

The air unit should coordinate the activities of resources on the ground, report progress of the pursuit and provide officers and supervisors with details of upcoming traffic congestion, road hazards, or other pertinent information to evaluate whether to continue the pursuit. If ground units are not within visual contact of the pursued vehicle and the air support unit determines that it is unsafe to continue the pursuit, the air support unit should recommend terminating the pursuit.

## 307.5.7  UNITS NOT INVOLVED IN THE PURSUIT
There should be no paralleling of the pursuit route. Officers are authorized to use emergency equipment at intersections along the pursuit path to clear intersections of vehicular and pedestrian traffic to protect the public. Officers should remain in their assigned area and should not become involved with the pursuit unless directed otherwise by a supervisor.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**
**- 12 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

---

*Vehicle Pursuits*

---

The primary and secondary units should be the only units operating under emergency conditions (red light and siren) unless other units are assigned to the pursuit.

**307.6   WHEN PURSUIT INTERVENTION IS AUTHORIZED**

Whenever practicable, an officer shall seek approval from a supervisor before employing any intervention to stop the pursued vehicle. In deciding whether to use intervention tactics, officers/ supervisors should balance the risks of allowing the pursuit to continue with the potential risks and hazards to the public arising from the use of each tactic, the officers, and persons in or on the pursued vehicle to determine which, if any, intervention tactic may be reasonable. Using a vehicle to make intentional contact with a suspect vehicle during a pursuit, is a use of force and may be a deadly use of force. The use of a vehicle as a force option is governed by Policy 300 (Use of Force).

307.6.1   USE OF FIREARMS

An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others. Nothing in this section shall be construed to prohibit any officer from using a firearm to stop a suspect from using a vehicle as a deadly weapon.

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle (see the Use of Force Policy).

307.6.2   INTERVENTION STANDARDS

Any intervention tactic, depending upon the conditions and circumstances under which it is used, may present dangers to the officers, the public, or anyone in or on the vehicle being pursued. Certain applications of intervention tactics may be construed to be a use of force, including deadly force, and subject to the policies guiding such use. Officers should consider these facts and requirements prior to deciding how, when, where, and if an intervention tactic should be employed.

    (a)   Blocking should only be used after giving consideration to the following:

        1.   The technique should only be used by officers who have received training in the technique.

        2.   The need to immediately stop the suspect vehicle or prevent it from leaving reasonably appears to outweigh the risks of injury or death to occupants of the suspect vehicle, officers, or other members of the public.

        3.   It reasonably appears the technique will contain or prevent the pursuit.

    (b)   The PIT should only be used after giving consideration to the following:

        1.   The technique should only be used by officers who have received training in the technique, including speed restrictions.

        2.   Supervisory approval should be obtained before using the technique.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 13 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

---

*Vehicle Pursuits*

---

  3. The need to immediately stop the suspect vehicle reasonably appears to outweigh the risks of injury or death to occupants of the suspect vehicle, officers, or other members of the public.

  4. It reasonably appears the technique will terminate or prevent the pursuit.

 (c) Vehicle Intervention on a fleeing vehicle should only be done after giving consideration to the following:

  1. Supervisory approval should be obtained before using the technique.

  2. The need to immediately stop the suspect vehicle reasonably appears to substantially outweigh the risks of injury or death to occupants of the suspect vehicle, officers, or other members of the public.

  3. It reasonably appears the technique will terminate or prevent the pursuit.

  4. Vehicle Intervention should be used only under circumstances when deadly force would be authorized.

  5. Vehicle Intervention may be used when all other reasonable alternatives have been exhausted or reasonably appear ineffective.

 (d) Roadblocks should only be used after considering the following:

  1. Roadblocks should only be used by officers who have received training in their use.

  2. Supervisory approval should be obtained before using the technique.

  3. The need to immediately stop the suspect vehicle reasonably appears to substantially outweigh the risks of injury or death to occupants of the suspect vehicle, officers, or other members of the public.

  4. It reasonably appears the technique will terminate or prevent the pursuit. Roadblocks may be used only under circumstances when deadly force would be authorized.

  5. Roadblocks may be used when all other reasonable alternatives have been exhausted or reasonably appear ineffective.

## 307.6.3  CAPTURE OF SUSPECTS
Proper self-discipline and sound professional judgment are the keys to the successful conclusion of a pursuit and apprehension of evading suspects. Officers shall use only that amount of force which reasonably appears necessary under the circumstances to accomplish a legitimate law enforcement purpose.

Unless relieved by a supervisor, the primary pursuing officer should coordinate efforts to apprehend the suspects following the pursuit. Officers should consider safety of the public and the involved officers when formulating plans for setting up perimeters or for containing and capturing the suspects. The designated supervisor shall respond immediately to the termination point of the pursuit and is responsible for controlling police actions at the scene and ensuring adherence to Department policy.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 14 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

*Vehicle Pursuits*

### 307.7   SUPERVISORY CONTROL AND RESPONSIBILITIES

Available supervisory and management control will be exercised over all vehicle pursuits involving officers from this department.

The field supervisor of the officer initiating the pursuit, or if unavailable, the nearest field supervisor will be responsible for:

(a)   Immediately notifying involved units and the public safety dispatcher of supervisory presence and ascertaining all reasonably available information to continuously assess the situation and risk factors associated with the pursuit.

(b)   Engaging in the pursuit, when appropriate, to provide on-scene supervision.

(c)   Exercising management and control of the pursuit even if not engaged in it.

(d)   Ensuring that no more than the required number of units are involved in the pursuit under the guidelines set forth in this policy.

(e)   Directing that the pursuit be terminated if, in the supervisor's judgment, it is unreasonable to continue the pursuit under the guidelines of this policy.

(f)   Ensuring that assistance from air support, canines, or additional resources is requested, if available and appropriate.

(g)   Ensuring that the proper radio channel is being used.

(h)   Ensuring that the Watch Commander is notified of the pursuit as soon as practicable.

(i)   Ensuring the notification and/or coordination of outside agencies if the pursuit either leaves or is likely to leave the jurisdiction of this department.

(j)   Controlling and managing Torrance Police Department units when a pursuit enters another jurisdiction.

(k)   Preparing a post-pursuit review and documentation of the pursuit (Administrative Review - TPD 705).

　　1.   Supervisors should initiate follow up or additional review when appropriate.

### 307.7.1   WATCH COMMANDER RESPONSIBILITIES

Upon becoming aware that a pursuit has been initiated, the Watch Commander should monitor and continually assess the situation and ensure the pursuit is conducted within the guidelines and requirements of this policy. Once notified, the Watch Commander has the final responsibility for the coordination, control, and termination of a vehicle pursuit and shall be in overall command.

The Watch Commander shall review all pertinent reports for content and will complete their review and then forward the TPD 705 with the supporting documents to the Patrol Coordinator.

### 307.7.2   DIVISION COMMANDER RESPONSIBILITY

After the Sergeant completes their review of the pursuit on the Administrative Review form (TPD 705), the TPD 705 and associated documents shall be forwarded to the affected Division Commander for review. The Division Commander will complete their review and then forward the TPD 705 with the supporting documents to the Patrol Coordinator.

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 15 -**

# Torrance Police Department
## TPD Policy Manual
TPD Policy Manual

*Vehicle Pursuits*

**307.8  COMMUNICATIONS**

If the pursuit is confined within the City limits, radio communications will be conducted on the primary channel unless instructed otherwise by a supervisor or public safety dispatcher. If the pursuit leaves the jurisdiction of this department or such is imminent, involved units should, whenever available, switch radio communications to a tactical or emergency channel most accessible by participating agencies and units.

307.8.1  COMMUNICATIONS RESPONSIBILITIES

Upon notification or becoming aware that a pursuit has been initiated, the public safety dispatcher is responsible for:

    (a)    Clearing the radio channel of non-emergency traffic.

    (b)    Coordinating pursuit communications of the involved units and personnel.

    (c)    Broadcasting pursuit updates as well as other pertinent information as necessary.

    (d)    Ensuring that a field supervisor is notified of the pursuit.

    (e)    Notifying and coordinating with other involved or affected agencies as practicable.

    (f)    Notifying the Watch Commander as soon as practicable.

    (g)    Assigning an incident number and logging all pursuit activities.

307.8.2  LOSS OF PURSUED VEHICLE

When the pursued vehicle is lost, the primary unit should broadcast pertinent information to assist other units in locating suspects. The primary unit or supervisor will be responsible for coordinating any further search for either the pursued vehicle or suspects fleeing on foot.

**307.8  REPORTING REQUIREMENTS**

All appropriate reports should be completed to comply with applicable laws, policies, and procedures.

    (a)    The primary officer should complete appropriate crime/arrest reports, to include:

        1.    Date and time of pursuit

        2.    Initial reason and circumstances surrounding the pursuit

        3.    Length of pursuit including the starting and termination points

        4.    Involved units and officers

        5.    Alleged offenses

        6.    Whether a suspect was apprehended, as well as the means and methods used

        7.    Any use of force that occurred during the vehicle pursuit

            (a)    Any use of force by a member should be documented in the appropriate report (See the Use of Force Policy)

        8.    Any Injuries and/or medical treatment

        9.    Any property or equipment damage

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 16 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

*Vehicle Pursuits*

> 10.    Name of supervisor at scene or who handled the incident

(b)    The designated Sergeant shall ensure that an Allied Agency Vehicle Pursuit Report (CHP 187A) is filed with the CHP not later than 30 days following the pursuit (Vehicle Code § 14602.1). The designated Sergeant shall forward the report to the Watch Commander for review and distribution.

(c)    After first obtaining the available information, a designated supervisor shall promptly complete an Administrative Review form (TPD 705), and submit it to their Division Commander. See attachment: TPD 705 Administrative Review Form.pdf

(d)    The designated supervisor shall ensure the Administrative Review form (TPD 705) is completed if intervention occurs and/or force is used to take the suspect into custody. Intervention is a use of force and should not be documented on a Traffic Collision Report (TPD 554).

(e)    Any unintentional collisions involving police units shall be reported on the appropriate Traffic Collision Report and investigated by CHP if there are any serious injuries.

## 307.8.1  SUPERVISOR REPORT RESPONSIBILITIES
The Division Commander shall review each pursuit by any personnel within their command to ensure compliance with this policy and to address any training issues. The original Administrative Review form (TPD 705) and related reports shall be forwarded to the Patrol Coordinator for statistical purposes.

The employee's Bureau Commander shall review all of the documentation related to the pursuit and determine if the incident was within policy and tactically sound.

The Deputy Chief of Police or the Chief of Police designee shall make the final disposition in the case and return their findings to the Personnel Division for appropriate notification of findings to the concerned personnel.

## 307.8.2  REGULAR AND PERIODIC PURSUIT TRAINING
The Professional Standards Division Commander shall make available to all officers initial and supplementary Police Officer Standard Training (POST) training on pursuits required by Penal Code § 13519.8, Vehicle Code § 17004.7(d), and 11 CCR 1081, and no less than annual training addressing:

(a)    This policy.

(b)    The importance of vehicle safety and protecting the public.

(c)    The need to balance the known offense and the need for immediate capture against the risks to officers and others.

## 307.8.3  POLICY REVIEW
Officers of this department shall certify in writing that they have received, read, and understand this policy initially, upon any amendments, and whenever training on this policy is provided. The POST attestation form, or an equivalent form, may be used to document compliance with this requirement and should be retained in the member's training file.

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**
**- 17 -**

# Torrance Police Department

## TPD Policy Manual
### TPD Policy Manual

---

*Vehicle Pursuits*

---

**307.9  INTER-JURISDICTIONAL CONSIDERATIONS**

When a pursuit enters another agency's jurisdiction, the primary officer or supervisor, taking into consideration distance traveled, unfamiliarity with the area and other pertinent facts, should determine whether to request the other agency to assume the pursuit. Unless entry into another jurisdiction is expected to be brief, it is generally recommended that the primary officer or supervisor ensure that notification is provided to each outside jurisdiction into which the pursuit is reasonably expected to enter, regardless of whether such jurisdiction is expected to assist.

307.9.1  ASSUMPTION OF PURSUIT BY ANOTHER AGENCY

Officers will relinquish control of the pursuit when another agency has assumed the pursuit, unless the continued assistance of the Torrance Police Department is requested by the agency assuming the pursuit. Upon relinquishing control of the pursuit, the involved officers may proceed, with supervisory approval, to the termination point of the pursuit to assist in the investigation. The supervisor should coordinate such assistance with the assuming agency and obtain any information that is necessary for any reports. Notification of a pursuit in progress should not be construed as a request to join the pursuit. Requests to or from another agency to assume a pursuit should be specific.

307.9.2  PURSUITS EXTENDING INTO THIS JURISDICTION

The agency that initiates a pursuit is responsible for conducting the pursuit. Units from this department should not join a pursuit unless specifically requested to do so by the pursuing agency and with approval from a supervisor. The exception to this is when a single unit from the initiating agency is in pursuit. Under this circumstance, a supervisor may authorize units from this department to join the pursuit until sufficient units from the initiating agency join the pursuit or until additional information is provided allowing withdrawal of the pursuit.

When a request is made for this department to assist or take over a pursuit that has entered the jurisdiction of Torrance Police Department, in addition to all the factors set forth for consideration in section 307.4.1 and 307.4.2,the supervisor should consider:

    (a)   The public's safety within this jurisdiction.

    (b)   The safety of the pursuing officers.

    (c)   Whether the circumstances are serious enough to continue the pursuit.

    (d)   Whether there is adequate staffing to continue the pursuit.

    (e)   The ability to maintain the pursuit.

As soon as practicable, a supervisor or the Watch Commander should review a request for assistance from another agency. The Watch Commander or supervisor, after considering the above factors, may decline to assist in, or assume the other agency's pursuit.

Assistance to a pursuing allied agency by officers of this department will terminate at the City limits provided that the pursuing officers have sufficient assistance from other sources. Ongoing participation from this department may continue only until sufficient assistance is present.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 18 -**

# Torrance Police Department

## TPD Policy Manual
TPD Policy Manual

---

*Vehicle Pursuits*

---

In the event that a pursuit from another agency terminates within this jurisdiction, officers should provide appropriate assistance to officers from the allied agency including but not limited to scene control, coordination and completion of supplemental reports, and any other reasonable assistance requested or needed.

---

Copyright Lexipol, LLC 2023/10/24, All Rights Reserved.
Published with permission by Torrance Police Department

**EXHIBIT 2**

**- 19 -**

# PROOF OF SERVICE

***Salazar v. City of Torrance, et al.***
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On January 9, 2026, I served true copies of the following document(s) described as **DECLARATION OF SERGEANT MICHAEL GUELL IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lyarvis@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2026, at Irvine, California.

_____
Linda Yarvis

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT

**SERVICE LIST**
***Salazar v. City of Torrance, et al.***
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br><br>*Attorneys for Plaintiff Maria Salazar* | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com<br><br>amonguia@galipolaw.com,<br>coopermayne@recap.email<br>hlee@galipolaw.com,<br>msincich@galipolaw.com<br>rvalentine@galipolaw.com<br>sanderson@galipolaw.com<br>slaurel@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff Maria Salazar* | Christian@Cardonafirm.com |
| Richard T. Copeland | rtc@conflict-solution.com |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MICHAEL GUELL ISO DEFS'
MOTION FOR SUMMARY JUDGMENT