Mark J. Austin (SBN 208880)
maustin@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363  Fax: 949.863.3350

Attorneys for Defendant
CITY OF TORRANCE and RYAN CADIZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>  Defendants. | Case No. 2:24-CV-07692-DMG-JC<br><br>Judge: Hon. Dolly M. Gee<br>Dept.: 8C<br><br>**DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF REQUEST TO RE-OPEN DISCOVERY TO ALLOW DEPOSITION OF PLAINTIFF**<br><br>**[CD Local Rule 7-18]**<br><br>**[Filed concurrently with Declaration of Mark J. Austin]**<br><br>**Hearing:**<br>Date: February 20, 2026<br>Time: 9:30 a.m.<br>Dept.: 8C |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

# NOTICE OF MOTION FOR RECONSIDERATION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, on **February 20, 2026, at 9:30 a.m.**, or as soon thereafter as the matter may be heard in Courtroom 8C of the above-entitled Court, located at 350 West First St., Suite 4311, Los Angeles, California, Defendants City of Torrance ("City") and Ryan Cadiz ("Cadiz," and collectively with City, "Defendants") will, and hereby do, move this Court for reconsideration of its Order of December 31, 2025 (Dkt. 41) ("Order"), partially denying Defendants' *ex parte* application to re-open discovery. Defendants will seek reconsideration, based on additional facts, of the limited issue of whether Defendants may depose Plaintiff Maria Salazar ("Plaintiff"), for the purpose of gaining additional information regarding her claimed injuries.

This Motion is made pursuant to Central District Local Rule 7-18, on the grounds that there are additional facts, which were not presented or considered in conjunction with the initial *ex parte* application, that bear on the issue of the delay in Defendants' efforts to depose Plaintiff. (Declaration of Mark J. Austin in Support of Motion for Reconsideration ("Austin Decl."), ¶¶ 5-7.)

In particular, lead counsel on this case, Mark J. Austin, had a serious medical issue arise during this case, including (1) a post-surgery-related infection of his cervical spine that first arose in November of 2024, resulting in a second spinal surgery (after the initial spinal surgery that resulted in the infection), and a significant impact to his ability to work on his cases, and (2) a re-emergence of this infection in late April of 2025, which resulted in a diagnosis of sepsis, significant hospitalization, and an additional spinal surgery in late April and early May of 2025. (*Id.* at ¶¶ 5 (a)-(e).) This medical issue impacted Mr. Austin's ability to pursue discovery on this case (and other cases he was handling) for multiple months. (*Id.* at ¶ 6.) Were it not for this issue, discovery would have been pursued sooner, and the issue with Plaintiff's medical records and delay in taking her deposition would

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

2

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

likely not have arisen. (*Id.*) Although Mr. Austin acknowledges that this issue could have been raised in Defendants' initial *ex parte* application seeking to re-open discovery, Mr. Austin was initially reluctant to make his medical history a matter of public record, and asks the Court to consider this additional factor now. (*Id.* at ¶ 7.)

In addition, Mr. Austin notes that he deliberately did not file the *ex parte* application during the week of Christmas, 2025 (December 22 – December 26), and delayed to the following week (after the discovery cut-off on December 23rd), out of courtesy to opposing counsel and the Court for the holiday week, and to avoid any appearance of attempting to "sandbag" opposing counsel during that week, when many people take time off. (*Id.* at ¶ 8.)

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Mark J. Austin, this Court's file, and such further evidence, both oral and documentary, as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel required by Central District Local Rule 7-3, which took place on January 5, 2026, in a telephone conversation between counsel for Defendants (Mark J. Austin) and counsel for Plaintiff (Cooper Mayne). (Austin Decl., ¶ 9.)

Respectfully submitted,

Dated: January 14, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Mark J. Austin
Mark J. Austin
Attorneys for Defendants
CITY OF TORRANCE and RYAN CADIZ

3

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 29, 2025, Defendants City of Torrance and Ryan Cadiz (collectively, "Defendants") filed an *ex parte* application (Dkt. 38) seeking to re-open non-expert discovery to allow Defendants to depose Plaintiff Maria Salazar ("Plantiff"), and to continue various other dates, including the trial date and related deadlines. That *ex parte* application was filed after counsel for Defendants, Mark J. Austin, had (1) asked Plaintiff's counsel if they would be willing to stipulate to continue these dates, and/or to at least allow the deposition of Plaintiff after the discovery cut-off, which was declined, and (2) offered various dates before the discovery cut-off to depose Plaintiff after the most recent date (December 16th) had been cancelled due to the unforeseeable nationwide outage of the defense firm's document-management system, which was also declined. (Declaration of Mark J. Austin in Support of Motion for Reconsideration ("Austin Decl."), ¶ 3; Declaration of Mark J. Austin in Support of *Ex Parte* Application, ¶¶ 3-16 [Dkt. 38-1].)

On December 31, 2025, this Court issued an order (Dkt. 43) granting Defendants' request to extend certain dates (namely, the motion cut-off date, motion hearing date, and expert-disclosure deadlines), but denying Defendants' request to re-open discovery. In explaining its rationale for the denial, the Court stated that Defendants' counsel had unduly delayed in seeking this relief. (*Id.* at 2-3.)

In the present Motion, Defendants respectfully request that the Court reconsider its denial of the request to re-open discovery, on the limited issue of whether Defendants can depose Plaintiff, based on additional facts—namely, a medical issue suffered by Defendants' lead counsel during this case (Mr. Austin), which was the main cause of Defendants' delay in pursuing discovery. (Austin Decl., ¶¶ 5-7.) Although Defendants acknowledge that this issue could have been raised previously, Mr. Austin initially chose not to do so in order to avoid having his personal medical issues become a matter of public record. (*Id.* at ¶ 7.) Nevertheless,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

1  Mr. Austin believes this is an important fact that should allow for reconsideration of
2  this narrow issue. (*Id.* at ¶ 6.) In addition, Mr. Austin notes that he deliberately did
3  not file the *ex parte* application during the week of Christmas, 2025 (December 22 –
4  December 26), and delayed to the following week (unfortunately after the discovery
5  cut off on December 23rd), out of courtesy to opposing counsel and the Court for the
6  holiday week, and to avoid any appearance of attempting to "sandbag" opposing
7  counsel during that week. (*Id.* at ¶ 8.)

8        Counsel for Defendants appreciates the Court's attention to this matter, and is
9  willing to provide any additional information the Court may request to allow for the
10 requested continuance.  Defendants further note that they have a pending motion for
11 summary judgment in this case that is set for February 6, 2026 (Dkt. 45), which
12 could render the present Motion moot.

13 **II.     ADDITIONAL FACTS**

14       In its initial *ex parte* application filed on December 29, 2025 (Dkt. 38), and
15 the accompanying declaration of attorney Mark J. Austin (Dkt. 38-1), Defendants
16 explained the background regarding its failure to depose Plaintiff before the
17 discovery cut-off, including (1) the significant delay in receiving all of Plaintiff's
18 medical records (in part caused by Plaintiff's objections to those subpoenas), and (2)
19 the unforeseen outage of the NetDocuments document-management system utilized
20 by counsel for Defendants on the day before the last-scheduled deposition date
21 (December 16th). (*See* Declaration of Mark J. Austin in Support of *Ex Parte*
22 Application, ¶¶ 3-16 [Dkt. 38-1].)

23       However, left out of that history were additional facts that Mr. Austin was
24 initially reluctant to rely upon, but that bear heavily upon the reason for the initial
25 delay in pursuing discovery in this case. (Austin Decl., ¶¶ 5-7.) Mr. Austin was
26 reluctant to inform the Court of these facts previously because doing so would make
27 his medical history a matter of public record. (*Id.* at ¶¶ 5-6.) Nevertheless, the
28 following history, which involves a significant medical issue suffered by Mr. Austin

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

during this case, caused much of the delay in pursuing discovery. (*Id.*) That history consists of the following:

- In March of 2024, Mr. Austin suffered a cervical-spine injury consisting of double-herniated discs, which caused significant pain and necessitated surgery. As a result, Mr. Austin underwent double-disc-replacement surgery on April 22, 2024. (*Id.* at ¶ 5(a).)

- In November of 2024, Mr. Austin's doctors discovered that the site of the surgery had become infected with multiple bacteria internally, which was causing the disc-replacement to fail, his spine to erode, and other complications. (*Id.* at ¶ 5(b).) As a result, on November 25, 2024, Mr. Austin underwent a second spinal surgery, which involved (a) cleaning out the infection, (b) doing a full disc fusion of the area, and (c) doing a bone graft of the portions of the spine that had eroded. (*Id.*)

- Following this second surgery, Mr. Austin was on intravenous antibiotics (administered via a semi-permanent "picc-line") for six weeks, and oral anti-biotics for several weeks thereafter. (*Id.* at ¶ 5(c).)

- On Saturday, April 26, 2025, Mr. Austin was sent by his local doctor to the emergency room with a high-fever and fatigue. At that time, it was discovered that (a) the spinal infection had returned despite the antibiotics, (b) he had developed *sepsis*, as the infection had spread to his blood stream, and (c) a large abscess had developed at the site of the surgery. (*Id.* at ¶ 5(d).) As a result, on Sunday, April 27, 2026, Mr. Austin underwent a third spinal surgery, which involved (i) cleaning out the infected area and (ii) removing as much of the previously-installed "hardware" as possible, such as the spinal screws and the fusion "cage," leaving only the artificial discs. (*Id.*)

- Following this third surgery, Mr. Austin was hospitalized for several days to recover from the sepsis, and underwent an additional 12 weeks of intravenous antibiotics (via another "picc line"). Since that time, he has been on oral

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

6

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

antibiotics, and will remain on then through at least the anniversary of the third surgery in April of 2026. (*Id.* at ¶ 5(e).)

The above history—particularly the infections and second and third surgeries—significantly interfered with Mr. Austin's ability to address his active cases, including his ability to conduct and/or oversee discovery in this case. (*Id.* at ¶ 6.) Were it not for this issue, Mr. Austin has no doubt that he would have initiated discovery in this case sooner and would have secured the deposition of Plaintiff well before the discovery cut-off. (*Id.*) Therefore, Mr. Austin asks that the Court consider this issue in reconsidering Defendants' request to re-open discovery to allow the deposition of Plaintiff to proceed. (*Id.*)

Although Mr. Austin acknowledges that this issue could have been raised in Defendants' initial *ex parte* application seeking to re-open discovery, Mr. Austin was initially reluctant to make his medical history a matter of public record, and asks the Court to consider this additional factor now. (*Id.* at ¶ 7.)

In addition, Mr. Austin notes that he deliberately did not file the *ex parte* application during the week of Christmas, 2025 (December 22 – December 26), and delayed to the following week (unfortunately after the discovery cut-off of December 23rd), out of courtesy to opposing counsel for the holiday week, and to avoid any appearance of attempting to "sandbag" opposing counsel during that week, when many people do not work. (*Id.* at ¶ 8.)

### III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 16, subdivision (b)(4), permits a district court to modify a scheduling order upon a showing of good cause. Similarly, Central District Local Rule 16-2 likewise provides that dates set by a court may be modified where good cause is shown. District courts also possess inherent authority to manage their dockets and control the timing of proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In addition, Central District Local Rule 7-18 permits a court to reconsider a

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

7

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

1  previous Order based on (a) a material difference in fact or law from that presented
2  to the Court that, in the exercise of reasonable diligence, could not have been known
3  to the party moving for reconsideration at the time the Order was entered, or (b) the
4  emergence of new material facts or a change of law occurring after the Order was
5  entered, or (c) a manifest showing of a failure to consider material facts presented to
6  the Court before the Order was entered.

7  Here, Defendants' request that the Court reconsider only a single narrow issue
8  from its Order of December 31st (Doc. 43)—specifically, that Defendants be
9  permitted to depose Plaintiff, so they can explore the extent of Plaintiff's alleged
10 injuries through the current day, based on her medical records from the time of the
11 incident. In relation to that issue, Defendants ask the Court to consider the additional
12 facts presented in this Motion relating to the medical issues of Mr. Austin during the
13 pendency of this case, which contributed significantly to the delay in pursuing
14 discovery. (Austin Decl., ¶¶ 5-7.) Although Defendants acknowledge that these facts
15 existed at the time of the initial *ex parte* application, Defendants nevertheless
16 respectfully request that they be considered now, as Mr. Austin was understandably
17 reluctant to make these facts a matter of public record if it could be avoided. (*Id.*)
18 Defendants submit that this concerns over disclosure of personal medical issues
19 constitutes a reasonable basis for not disclosing these facts in the initial application.

## IV. CONCLUSION

21 For the reasons set forth above, Defendants respectfully request that they be
22 permitted to depose Plaintiff, and that discovery in this case be re-opened for that
23 narrow purpose.
24 \ \ \
25 \ \ \
26 \ \ \
27 \ \ \
28 \ \ \

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

8

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

1  Respectfully submitted,

2  Dated: January 14, 2026                     BURKE, WILLIAMS & SORENSEN, LLP

5                                              By:      /s/ Mark J. Austin
                                                    Mark J. Austin
6                                                   Attorneys for Defendants
7                                                   CITY OF TORRANCE and RYAN
                                                    CADIZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9                    Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF
REQUEST TO ALLOW DEPO. OF PLAINTIFF

# PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On January 14, 2026, I served true copies of the following document(s) described as **DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF REQUEST TO RE-OPEN DISCOVERY TO ALLOW DEPOSITION OF PLAINTIFF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address bantle@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2026, at Irvine, California.

/s/ Bernadette C. Antle
Bernadette C. Antle

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

1

Case No. 2:24-CV-07692-DMG-JC
DEFS' MOT. FOR RECONSIDERATION OF REQUEST TO ALLOW DEPO. OF PLAINTIFF

**SERVICE LIST**
**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br><br>*Attorneys for Plaintiff Maria Salazar* | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com<br><br>amonguia@galipolaw.com,<br>coopermayne@recap.email<br>hlee@galipolaw.com,<br>msincich@galipolaw.com<br>rvalentine@galipolaw.com<br>sanderson@galipolaw.com<br>slaurel@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff Maria Salazar* | Christian@Cardonafirm.com |
| Richard T. Copeland | rtc@conflict-solution.com |