Mark J. Austin (SBN 208880)
maustin@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363  Fax: 949.863.3350

Attorneys for Defendants
CITY OF TORRANCE and RYAN CADIZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA SALAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TORRANCE, RYAN CADIZ, AND JOHN ESCARENO JR.,<br><br>　　　　Defendants. | Case No. 2:24-CV-07692-DMG-JC<br><br>Judge: Hon. Dolly M. Gee<br>Dept.: 8C<br><br>**DECLARATION OF MARK J. AUSTIN IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR RECONSIDERATION**<br><br>**[CD Local Rule 7-18]**<br><br>**[Filed concurrently with Motion for Reconsideration]**<br><br>**Hearing:**<br>Date: February 20, 2026<br>Time: 9:30 a.m.<br>Dept.: 8C |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION

## DECLARATION OF MARK J. AUSTIN

I, Mark J. Austin, declare as follows:

1.  I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants City of Torrance and Ryan Cadiz ("Defendants") in this matter. I am an attorney in good standing with all courts in the State of California. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently thereto under oath. I make this declaration in support of Defendants' accompanying Motion for Reconsideration of Request to Re-Open Discovery to Allow Deposition of Plaintiff.

2.  On December 29, 2025, Defendants filed an *ex parte* application (Dkt. 38) seeking to re-open non-expert discovery to allow Defendants to depose Plaintiff Maria Salazar ("Plaintiff"), and to continue various other dates, including the trial date and related deadlines. In that application, and the accompanying declaration of myself in support of it (Dkt. 38-1), I explained the background regarding Defendants' failure to depose Plaintiff before the discovery cut-off, including, among other issues, (1) the significant delay in receiving all of Plaintiff's medical records (in part caused by Plaintiff's objections to those subpoenas), and (2) the unforeseen outage of the NetDocuments document-management system utilized by counsel for Defendants on the day before the last-scheduled deposition date (December 16th). (*See* Declaration of Mark J. Austin in Support of *Ex Parte* Application, ¶¶ 3-16 [Dkt. 38-1].)

3.  As further shown in those prior filings (Dkt. 38 and 38-1), that initial application was filed after I had (1) asked Plaintiff's counsel if they would be willing to stipulate to continue these dates, and/or to at least allow the deposition of Plaintiff after the discovery cut-off, which was declined, and (2) offered various dates before the discovery cut-off to depose Plaintiff after the most recent date (December 16th) had been cancelled due to the unforeseeable nationwide outage of the defense firm's document-management system, which was also declined. (*Id.*)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

2

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION

4. On December 31, 2025, this Court issued an order (Dkt. 43) granting Defendants' request to extend certain dates (namely, the motion cut-off date, motion hearing date, and expert-disclosure deadlines), but denying Defendants' request to re-open discovery. In explaining its rationale for the denial, the Court stated the Defendants' counsel had unduly delayed in seeking this relief. (*Id.* at 2-3.)

5. Left out of the history provided with the initial application were additional facts that I was initially reluctant to rely upon, but that bear heavily upon the reason for my office's initial delay in pursuing discovery in this case. The reason I was reluctant to inform the Court of these facts previously was because doing so would make his medical history a matter of public record. Nevertheless, the following history, which involves a significant medical issue that I suffered during this case, caused much of the delay in pursuing discovery. That history consists of the following:

   a. In March of 2024, I suffered a cervical-spine injury consisting of double-herniated discs, which caused significant pain and necessitated surgery. As a result, I underwent double-disc-replacement surgery on April 22, 2024.

   b. In November of 2024, my doctors discovered that the site of the surgery had become infected with multiple bacteria internally, which was causing the disc-replacement to fail, my spine to erode, and other complications, such as a return of my original symptoms. As a result, on November 25, 2024, I underwent a second spinal surgery, which involved (a) cleaning out the infection, (b) doing a full disc fusion of the area, and (c) doing a bone graft of the portions of my spine that had eroded.

   c. Following this second surgery, I was on intravenous antibiotics (administered via a semi-permanent "picc-line" in my arm) for six weeks, and oral anti-biotics for several weeks thereafter.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

3

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION

    d. On Saturday, April 26, 2025, I was sent by my local "walk in" doctor to the emergency room with a high-fever and fatigue. At that time, it was discovered that (a) my spinal infection had returned despite the antibiotics, (b) I had developed sepsis, as the infection had spread to my blood stream, and (c) a large abscess had developed in my neck at the site of the surgery. As a result, on Sunday, April 27, 2026, I underwent a third spinal surgery, which involved (i) cleaning out the infected area and (ii) removing as much of the previously-installed "hardware" as possible, such as the spinal screws and the fusion "cage," leaving only the artificial discs.

    e. Following this third surgery, I was hospitalized for several days to recover from the sepsis, and underwent an additional 12 weeks of intravenous antibiotics (via another "picc line"). Since that time, I have been on oral antibiotics, and will remain on then through at least the anniversary of the third surgery in April of 2026.

6. The above history—particularly the infections and second and third surgeries—significantly interfered with my ability to address my active cases, including my ability to conduct and/or oversee discovery in this case. Were it not for this issue, I have no doubt that I would have initiated discovery in this case sooner and would have secured the deposition of Plaintiff well before the discovery cut-off. Therefore, I ask that the Court consider this issue in reconsidering Defendants' request to re-open discovery to allow the deposition of Plaintiff to proceed.

7. Although I acknowledge that this issue could have been raised in Defendants' initial *ex parte* application seeking to re-open discovery, I was initially reluctant to make his medical history a matter of public record, and I ask the Court to consider this additional factor now.

8. In addition, I wish to note that I deliberately did not file the *ex parte* application during the week of Christmas, 2025 (December 22 – December 26), and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION

delayed to the following week (unfortunately after the discovery cut-off on December 23rd) out of courtesy to opposing counsel and the Court for the holiday week, and to avoid any appearance of attempting to "sandbag" opposing counsel during that week, when many people take time off.

9. Pursuant to Local Rule 7-3, I discussed this planned Motion for Reconsideration, and the basis for the Motion, with Plaintiff's counsel, Cooper Mayne, on January 5, 2026, in a telephone conversation with him.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on this 14th day of January, 2026, at Irvine, California.

_____
Mark J. Austin

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

5

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION

# PROOF OF SERVICE

**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On January 14, 2026, I served true copies of the following document(s) described as **DECLARATION OF MARK J. AUSTIN IN SUPPORT OF DEFENDANTS CITY OF TORRANCE AND RYAN CADIZ'S MOTION FOR RECONSIDERATION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address bantle@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2026, at Irvine, California.

/s/ Bernadette C. Antle
Bernadette C. Antle

**SERVICE LIST**
**Salazar v. City of Torrance, et al.**
**Case No. 2:24-cv-07692-GW-JC**

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br><br>*Attorneys for Plaintiff Maria Salazar* | dalekgalipo@yahoo.com<br>ldeleon@galipolaw.com<br>cmayne@galipolaw.com<br>dgilbert@galipolaw.com<br><br>amonguia@galipolaw.com,<br>coopermayne@recap.email<br>hlee@galipolaw.com,<br>msincich@galipolaw.com<br>rvalentine@galipolaw.com<br>sanderson@galipolaw.com<br>slaurel@galipolaw.com |
| Christian Cardona<br>CARDONA LAW FIRM APC<br><br>*Attorneys for Plaintiff Maria Salazar* | Christian@Cardonafirm.com |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

7

Case No. 2:24-CV-07692-DMG-JC
DECL. OF MARK J. AUSTIN ISO DEFS'
MOTION FOR RECONSIDERATION