1 | **LAW OFFICES OF DALE K. GALIPO**
2 | Dale K. Galipo (SBN 144074)
  | dalekgalipo@yahoo.com
3 | Cooper Alison-Mayne (SBN 343169)
  | cmayne@galipolaw.com
4 | 21800 Burbank Boulevard, Suite 310
  | Woodland Hills, CA 91367
5 | Phone: (818) 347-3333
6 | *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SALAZAR,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY OF TORRANCE; RYAN CADIZ; JOHN ESCARENO JR.,<br><br>              Defendants. | Case No.: 2:24-CV-07692-DMG-JC<br>Judge Gee<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br><br>Date:   February 6, 2026<br>Time:  2:00 p.m.<br>Crtrm: 8C |

1

## **PLAINTIFFS' STATEMENT ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56-2 and this Court's Standing Order, Plaintiff respectfully submits her Statement of Genuine Disputes of Material Fact. Defendants include a section of legal arguments that appear to be a copy of their memorandum of points and authorities. Plaintiff's response to these arguments is in her opposition brief and is not repeated here.

| Defendants' Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| 1. At the time of the subject incident, the City maintained a vehicular pursuit policy (the "Pursuit Policy") (Exhibit 2 herewith), the terms of which comply with the requirements of Vehicle Code section 17004.7.<br><br>*Supporting Evidence:*<br>• Exh. 2<br>• Guell Decl. ¶¶ 3-6, 8-9 | Undisputed. |
| 2. The City provides annual training on the Pursuit Policy, including on PIT maneuvers, to all officers of the Torrance Police Department ("TPD"). The TPD's annual training on the policy includes training on every section and topic in the Pursuit Policy, as well as all subjects required by California Vehicle Code section 17004.7(c), and California Penal Code section 13519.8(b).<br><br>*Supporting Evidence:*<br>• Guell Decl. ¶ 5<br>• Cadiz Decl. ¶¶ 16-17<br>• Exh. 3 | Disputed.<br><br>Neither declarant establishes a foundation for how they would know what training "all officers" receive. Officer Cadiz can only speak to the training he personally received, not what training was provided to every other officer in the department. (Cadiz Decl. ¶ 17.) Guell does not state that he administers the training program, maintains training records, or otherwise has access to information about every officer's training. (Guell Decl. ¶ 5.) Likewise, while Guell asserts that "every officer" is required to certify in writing that they received and understood the Pursuit Policy, he does |

| Defendants' Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| | not claim to have reviewed such certifications or to have any basis for knowing whether all officers actually completed them. |
| 3. At the conclusion of training on the Pursuit Policy, every officer of the TPD is required to certify in writing that they have received, read, and understand the Pursuit Policy.<br><br>*Supporting Evidence:*<br>• Guell Decl. ¶ 5<br>• Cadiz Decl. ¶ 17<br>• Exh. 3 | Undisputed but irrelevant. Vehicle Code § 17004.7 requires the City to demonstrate substantial compliance with the statute's requirements—meaning the City must show that officers actually complete the required written certifications, not merely that a policy exists requiring them to do so. Defendants have offered insufficient evidence that TPD officers actually sign these certifications and no evidence of what percentage of officers have done so. A policy requiring compliance is not evidence of compliance. Accordingly, this fact is irrelevant to the central inquiry of whether the City's compliance necessary for immunity under § 17004.7.<br><br>To the extent that Defendants are asserting that the certifications have been signed by all officers they have not established foundation for such a claim, for the reasons described above. |
| 4. At the time of the subject incident, Cadiz was acting as an officer and employee of the City of Torrance, as part of the Torrance Police Department. | Undisputed. |



LAW OFFICES OF
**DALE K. GALIPO**
CIVIL RIGHTS ATTORNEYS

3

| Defendants' Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| *Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 2-13<br>• Exh. 1<br>• FAC ¶¶ 4, 11-12 [Dkt. 1-2] | |
| 5. During the time of the subject incident, Cadiz was operating an authorized emergency vehicle, in the line of duty, in the immediate pursuit of an actual or suspected violator of the law, and Plaintiff alleges that her injuries resulted from this pursuit.<br><br>*Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 2-13<br>• Exh. 1<br>• FAC ¶¶ 11-16 [Dkt. 1-2]<br>• Defs' RJN, Exhs. 4-6 | Disputed in part.<br><br>Plaintiff alleges that her injuries resulted from Cadiz's decision to ram the suspect's vehicle. |
| 6. Plaintiff has failed to identify a statutory basis for liability against the City in any of her state-law claims.<br><br>*Supporting Evidence:*<br>• FAC pp. 5-10 [Dkt. 1-2] | Disputed. This is not a "fact"—it is a legal conclusion and argument that has no place in a Statement of Undisputed Facts. Whether a complaint adequately states a statutory basis for liability is a legal question, not a material fact subject to the summary judgment procedure under Rule 56. Defendants are improperly attempting to insert legal argument into their factual statement.<br><br>Plaintiff has identified Vehicle Code section 17001 as the statutory basis for liability against the City. |
| 7. Cadiz's actions that are the subject of Plaintiff's claim were (i) directed solely at Defendant Escareno's | Disputed. |

LAW OFFICES OF<br>DALE K. GALIPO<br>CIVIL RIGHTS ATTORNEYS



LAW OFFICES OF
**DALE K. GALIPO**
CIVIL RIGHTS ATTORNEYS

| Defendants' Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| vehicle, and (ii) solely intended to stop that vehicle, and any impact to Plaintiff was incidental and not intended.<br><br>*Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 3-14<br>• Exh. 1 | A reasonable jury could find that Cadiz saw Plaintiff before he decided to ram Escareno's vehicle and proceeded anyway with knowledge that she would be harmed. Cadiz was looking at the marked crosswalk the entire time from when he got up to the curb to the time of the collision (PAMF 30), Plaintiff was first visible in the crosswalk nine seconds before the collision (PAMF 34), Plaintiff was clearly visible from six seconds before the collision through the moment of impact (PAMF 31), and Cadiz did not decide to ram Escareno's vehicle until approximately five seconds before the collision (PAMF 21). Cadiz admitted in his initial statement that he saw Plaintiff "as he closed the distance with the vehicle" (PAMF 32). And he acknowledged the obvious risk to pedestrians. PAMF (33) |
| 8. Plaintiff was not a suspect in the pursuit and was not the intended object of any force applied by Cadiz.<br><br>*Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 13-14<br>• Exh. 1 | Disputed.<br><br>See response to SUF 7. |
| 9. Cadiz's actions that are the subject of Plaintiff's claim were in no way intended by Cadiz to harm Plaintiff.<br><br>*Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 3-14<br>• Exh. 1 | Disputed.<br><br>See response to SUF 7. |
| 10. Cadiz's conduct did not "shock the conscience"; the TPD determined | Disputed in part. |

| Defendants' Alleged Undisputed Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|
| that Cadiz's conduct in executing the PIT maneuver was reasonable and within TPD's Pursuit Policy.<br><br>*Supporting Evidence:*<br>• Cadiz Decl. ¶¶ 3-14, 19-21<br>• Exh. 1<br>• Guell Decl. ¶¶ 7-9<br>• Exh. 2 | Whether or not Cadiz's conduct shocks the conscience is not a fact, it is a legal conclusion.<br><br>Plaintiff does not dispute that TPD determined that Cadiz's conduct in executing the PIT maneuver was reasonable and within TPD's Pursuit Policy. But this fact is not material, as explained in Plaintiff's brief. |

Dated: January 16, 2026      **LAW OFFICES OF DALE K. GALIPO**

By:    /s/    *Cooper Alison-Mayne*

         Dale K. Galipo
         Cooper Alison-Mayne

         *Attorneys for Plaintiff*



LAW OFFICES OF
**DALE K. GALIPO**
CIVIL RIGHTS ATTORNEYS